FILED
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
12:23 pm, Oct 22, 2021
**JEFFREY P. COLWELL, CLERK**

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-

cv-03139 ALLSTATE

INSURANCE COMPANY,

        Plaintiff,

v.

JOHN CRUZ,

        Defendant.

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant John Cruz ("Cruz"), by and through himself, self counsel and pursuant to Federal Rule of Civil Procedure 33, hereby propounds his First Set of Interrogatories to Plaintiff Allstate Insurance Company ("Allstate").

## INSTRUCTIONS

In answering these interrogatories, the following instructions shall apply:

- Plaintiff shall answer each interrogatory separately and fully in writing and under oath. In answering these interrogatories, Plaintiff must furnish all requested information, including hearsay, not subject to a valid instruction, that is known by, possessed by, or available to Plaintiff or any of their attorneys, consultants, representatives, agents, employees, and all others acting on their behalf.

- If Plaintiff is unable to fully answer any of these interrogatories, Plaintiff must answer them to the fullest extent possible, specifying the reason(s) for Plaintiff's inability to answer the

remainder and stating whatever information, knowledge, of belief that Plaintiff has concerning the answerable portion.

- If Plaintiff objects to any interrogatories as calling for information beyond the scope of discovery, Plaintiff must, nevertheless, answer the interrogatory or subpart to the extent that it is not objectionable.

- If Plaintiff objects to any interrogatories as calling for work product or information protected by the attorney-client privilege, Plaintiff should, in addition to the grounds for their objection:

    - State the nature of the claim of privilege;

    - State all facts relied upon in support of the claim of privilege or related thereto;

    - Identify and describe the subject matter of all documents related of the claim of privilege;

    - Provide a description of each document withheld sufficient to validated the privilege claimed, including the date of each document, its author, and all claimed recipients; and

    - the the extent not privileged, describe the subject matter of the document.

- For each interrogatory and subpart of each interrogatory, if the information furnished in Plaintiff's answer is not within his personal knowledge, identify each person for whom the information is a matter of personal knowledge, if known.

- John Cruz hereby requests that Plaintiff supplement their answers to these interrogatories in the event that, prior to final deposition in this matter, additional responsive information comes to the attention of, or becomes available to, Plaintiff, their attorneys, consultants, representatives, agents, or any other person acting on their behalf.

## **DEFINITIONS**

The following terms shall have the meanings indicated:

- "Documents" means or refers to all written, electronically stored (e.g., emails), or graphic matter of any kind or description, however produced or reproduced, whether deleted, erased, destroyed, draft or final, original or reproduction, and all tangible things, specifically including but not limited to writings, emails, drawings, graphs, charts, photographs, phone records, data compilations, letter, correspondences, memoranda, notes, memoranda of conversations, transcripts, desk calendars, appointment books, diaries, logs, telephone messages, notebooks, postcards, summaries or paraphrases of any of the foregoing or material similar to any of the foregoing, however denominated, which are in the possession, custody, or control of Plaintiff, or to which they can obtain access, interpreting the foregoing as broadly as intended under Rules 33 and 34 of the Federal Rules of Civil Procedure.

- "Identify" or "identity" as used herein with reference to a document, shall mean to state its title or other form of identification, its date, its author and, if different, its signer or signers, their addresses, the persons to whom it was directed (including "cc" and "bcc" recipents), the type of document (e.g., letter, memorandum, chart) and its principal topics. If such document is no longer in your possession or custody or subject to your control, state what disposition (if any) was made of it, and identify all persons having current possession, custody, or control. In the alternative, production of documents responsive to the interrogatories shall constitute sufficient identification of such document.

- "Identify" or "identity" as used herein with reference to an individual shall mean to set forth his or her name, home address, home telephone number, whether employed, and if so, the name, and telephone number of his or her employer.

- "Identify" or "identity" as used herein with reference to a corporation or other non-human entity shall mean to set forth its name, principal place of business, business address, and business telephone number.

- "Identify" or "identity" as used herein with reference to communication shall mean to identify the form of communication (e.g., telephone conversation, in-person conversation, written correspondence, facsimile), the person or entities who took part in the communication, the date, time, and place of the communication, and any other persons present during the communication.

- "Related to" or "relating to" means consisting of, referring to, pertaining to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

- "Communication or contacts" refers to any transfer of information, ideas, opinions, or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including but not limited to, electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file.

- "Person" shall mean and include a natural person, individual, partnership, firm, labor organization, corporation, government body, or any kind of business or legal entity, its agents, or employees.

- "And" as well as "or" shall be construed either disjunctively or conjunctively necessary to bring within the scope of these interrogatories any documents or other information that might otherwise be construed to be outside their scope.

- When used in these interrogatories, the terms "you," "your," "Allstate," or "Plaintiff" shall mean Plaintiff Allstate Insurance Company, their representatives, agents, employees,

predecessors, assignee's, successors, and attorneys.

- When used in these interrogatories, the terms "Cruz" or "Defendant" shall mean John Cruz, its officers, directors, employees, representatives, agents, predecessors, assignees, subsidiaries, affiliates, successors, and unless privileged, its attorneys.

- When used in these interrogatories, the term "EA Agreement" means the contract entered into between Allstate and Cruz on or about April 1, 2010, titled "Allstate R3001S Exclusive Agency Agreement."

- When used in these interrogatories, the term "Book of Business" shall mean the economic interest that each Allstate agent possessed or possesses in the book of business that is and or was maintained by each Allstate agent under their EA agreements with Allstate.

- When used in these interrogatories, the term "Complaint" means the lawsuit Allstate filed against Cruz in the United States District Court for the District of Colorado, case number 1:20-cv-03139, titled *Allstate Insurance Company v. John Cruz*.

## INTERROGATORIES

### INTERROGATORY NO.1:

Identify all persons with knowledge of the allegations set forth in the Complaint.

### ANSWER:

### INTERROGATORY NO.2:

Identify all persons with whom Allstate has communicated with since April 10, 2010 about the purchase of insurance products or services and referred to brokers, outside brokers/agents, include in your answer (a) the dates of any such communications; (b) the identity of the person(s) with who you

communicated: (c) the form of the communication (i.e., phone, in-person , email, social media, etc.): (d) whether the person was an Allstate Agent, Customer, or a Outside broker. (e) whether the person became a customer of your insurance company or a customer of  another insurance broker, outside broker/agent. (f) all documents relating to such communications between Rocky Mountain Insurance Specialist and Allstate Insurance Agents, Allstate Customers (g)  all documents relating to such communications between Tim Van Zee and all Allstate Insurance Agents, Allstate Customers. (h) all documents relating to such communications between DC Mountain Insurance and all Allstate Agents, Allstate customers. (I) all documents relating to such communications between Steve Longnecker and all Allstate Agents, Allstate Customers (j)  all documents relating to such communications between DC Insurers and all Allstate Agents, Allstate Customers.

**ANSWER:**


**INTERROGATORY NO.3:**

Identify all documents used to communicate between Allstate Agents, Allstate customers to or from Outside Brokers/Agents. All documents relating to communications between Allstate Agents, Allstate Customers and outside Brokers/Agents: Catherine Davis, Davis Financial, Brendon Ericson, Kerry Liles, Kara Hucke, Jodi Lynch, Bob silk, Liz Hogan, Steve Longnecker, and Tim VanZee.

**ANSWER:**


**INTERROGATORY NO.4:**

Identify all Allstate information, documents, and/or communications in your custody, possession, or control of Allstate Agents, custody, possession and all communications with Outside Brokers/Agents.

**ANSWER:**

6

**INTERROGATORY NO.5:**

Identify all phone numbers, fax numbers, and emails addressed between all Allstate Agents, Allstate Customers to or from Outside Brokers/Agents. If you identify a device that is no longer in your possession, identify whose possession the devise is in now.

**ANSWER:**


**INTERROGATORY NO.6:**

Identify Allstate Customers solicited through Allstate, Allstate Agents, Allstate Customers and referred to Outside Brokers/Agents for the past 10 years including referrals to DC Insurers, Rocky Mountain Insurance Specialists, Steve Longnecker, and Tim VanZee.

**ANSWER:**

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03139 ALLSTATE

INSURANCE COMPANY,

      Plaintiff,

   v.

JOHN CRUZ,

     Defendant.

### DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

Defendant John Cruz ("Cruz"), by and through himself, self counsel and pursuant to Federal Rule of Civil Procedure 34, hereby requests that Plaintiff Allstate Insurance Company ("Allstate") produce each of the documents defined and described below for inspection and copying at 408 Widgeon Drive, Longmont CO 80503.

### INSTRUCTIONS

In answering these requests, the following instructions shall apply:

- Plaintiff shall answer each request separately and fully in writing and under oath. In answering these requests, Plaintiff must furnish all requested information, including hearsay, not subject to a valid instruction, that is known by, possessed by, or available to Plaintiff or any of their attorneys, consultants, representatives, agents, employees, and all others acting on his behalf.

- If Plaintiff is unable to fully answer any of these requests, Plaintiff must answer them to the fullest extent possible, specifying the reason(s) for Defendant's inability to answer the remainder and stating whatever information, knowledge, or belief that Plaintiff has concerning

the answer portion.

- If Plaintiff objects to any requests as calling for information that is beyond the scope of discovery, Plaintiff must, nevertheless, answer the request or subpart to the extent that it is not objectionable.

- If Plaintiff objects to any requests as calling for work product or information protected by the attorney-client privilege, Plaintiff should, in addition to the grounds for his objection:

  - State the nature of the claim of privilege;

  - State all facts relied upon in support of the claim of privilege or related thereto;

  - Identify and describe the subject matter of all documents related of the claim of privilege;

  - Provide a description of each document withheld sufficient to validated the privilege claimed, including the date of each document, its author, and all claimed recipients; and

  - the the extent not privileged, describe the subject matter of the document.

- For each request and subpart of each request, if the information furnished in Plaintiff's answer is not within their personal knowledge, identify each person for whom the information is a matter of personal knowledge, if known.

- Allstate hereby requests that Plaintiff supplement their answers to these requests in the event that, prior to final disposition in this matter, additional responsive information comes to the attention of, or becomes available to, Plaintiff, their attorneys, consultants, representatives, agents, or any other person acting on their behalf.

## **DEFINITIONS**

The following terms shall have the meanings indicated:

- "Documents" means or refers to all written, electronically stored (e.g., emails), or graphic

matter of any kind or description, however produced or reproduced, whether deleted, erased, destroyed, draft or final, original or reproduction, and all tangible things, specifically including but not limited to writings, emails, drawings, graphs, charts, photographs, phone records, data compilations, letter, correspondences, memoranda, notes, memoranda of conversations, transcripts, desk calendars, appointment books, diaries, logs, telephone messages, notebooks, postcards, summaries or paraphrases of any of the foregoing or material similar to any of the foregoing, however denominated, which are in the possession, custody, or control of Plaintiff, or to which they can obtain access, interpreting the foregoing as broadly as intended under Rules 33 and 34 of the Federal Rules of Civil Procedure.

- "Identify" or "identity" as used herein with reference to a document, shall mean to state its title or other form of identification, its date, its author and, if different, its signer or signers, their addresses, the persons to whom it was directed (including "cc" and "bcc" recipents), the type of document (e.g., letter, memorandum, chart) and its principal topics. If such document is no longer in your possession or custody or subject to your control, state what disposition (if any) was made of it, and identify all persons having current possession, custody, or control. In the alternative, production of documents responsive to the requests shall constitute sufficient identification of such document.

- "Identify" or "identity" as used herein with reference to an individual shall mean to set forth his or her name, home address, home telephone number, whether employed, and if so, the name, and telephone number of his or her employer.

- "Identify" or "identity" as used herein with reference to communication shall mean to identify the form of communication (e.g., telephone conversation, in-person conversation, written correspondence, facsimile), the person or entities who took part in the communication, the date,

time, and place of the communication, and any other persons present during the communication.

- "Related to" or "relating to" means consisting of, referring to, pertaining to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

- "Communication or contacts" refers to any transfer of information, ideas, opinions, or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including but not limited to, electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file.

- "Person" shall mean and include a natural person, individual, partnership, firm, labor organization, corporation, government body, or any kind of business or legal entity, its agents, or employees.

- "And" as well as "or" shall be construed either disjunctively or conjunctively necessary to bring within the scope of these requests any documents or other information that might otherwise be construed to be outside their scope.

- When used in these requests, the terms  the terms "you," "your," "Allstate," or "Plaintiff" shall mean Plaintiff Allstate Insurance Company, their representatives, agents, employees, predecessors, assignees, successors, and attorneys.

- When used in these requests,  the term "EA Agreement" means the contract entered into between Allstate and Cruz on or about April 1, 2010, titled "Allstate R3001S Exclusive Agency Agreement."

- When used in these requests, the term "Book of Business" shall mean the economic interest that each Allstate agent possessed or possesses in the book of business that is and or was maintained

by each Allstate agent under their EA agreements with Allstate.

• When used in these requests, the term "Complaint" means the lawsuit Allstate filed against Cruz in the United States District Court for the District of Colorado, case number 1:20-cv-03139, titled *Allstate Insurance Company v. John Cruz*.

## REQUESTS

**REQUEST NO. 1:**

All documents used or referred to in preparing or in support of your answers to John Cruz's First Set of Interrogatories.

**RESPONSE:**

**REQUEST NO. 2:**

All documents and communications identified in your Answers to John Cruz's Interrogatories to Plaintiff.

**RESPONSE:**

**REQUEST NO. 3:**

All documents and communications identified between Allstate Agents, Allstate customers, and Outside Brokers/Agents in your possession, custody, or control regarding specified Allstate Agents and Brokers in Interrogatories NO.3.

**RESPONSE:**

**REQUEST NO. 4:**

All documents and communication with or relating to any Allstate Agents and Allstate customers communicating with Outside Brokers/Agents.

**RESPONSE:**

**REQUEST NO. 5:**

      All documents and communications of Allstate Agents that have outside Broker/Agent relations along with all phone numbers, fax numbers, and emails in your possession, custody, or control.

**RESPONSE:**


**REQUEST NO. 6:**

      All documents and communications between Allstate, Allstate Agents, and Allstate Customers to or from Steve Longnecker and/or DC Insurers and Tim VanZee and/or Rocky Mountain Insurance Specialists.

**RESPONSE:**



DATED:                                         Respectfully submitted,

                                 */j/ John Edward Cruz*
                                 John Edward Cruz
                                 **Self Counsel  for Defendant John Cruz**

13