AO 88B (Rev 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
2:53 pm, Jan 12, 2022
JEFFREY P. COLWELL, CLERK

| ATTSTATE INSURANCE COMPNAY | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:20-cv-03139-DDD |
| JOHN CRUZ | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Rebecca Martens c/o Martens Insurance Agency LLC
     201 Terry Street # 1 A
     Longmont, CO 80501

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Rebecca Martens c/o Martens Insurance Agency LLC<br>201 Terry Street # 1 A<br>Longmont, CO 80501 | Date and Time:<br>01/12/2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/12/21

CLERK OF COURT

_____          OR          John Cruz Self Counsel
Signature of Clerk or Deputy                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* John Cruz Self Counsel, who issues or requests this subpoena, are:

John Cruz Self Counsel, 408 Widgeon drive, Longmont, Co 80503 (303) 570-8925 jcruz369@gmail.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**John Cruz Self Counsel**

John Cruz
408 Widgeon Drive
Longmont, Co 80503
P 303-570-8925

jcruz369@gmail.com

**VIA PERSONAL SERVICE**
Rebecca Martens c/o Martens Insurance Agency LLC
201 Terry Street # 1A
Longmont, CO 80501

**Re:   Subpoena for Documents**
**Allstate Insurance Company v. John Cruz**
**United States District Court for the District of Colorado, Case No. 20-cv-3139**

Dear Custodian of Records:

I represent Self Counsel Defendant John Cruz in the above-referenced case pending in the United States District Court for the District of Colorado. Enclosed is a subpoena to produce documents, which we are serving upon Rebecca Martens c/o Martens Insurance Agency LLC

The response date for the subpoena is January 28, 2022. In lieu of in-person production or mailing, and to the extent practicable, please feel free to email your response to the undersigned at jcruz369@gmail.com. If you have any questions, please do not hesitate to contact me at the above number.

Thank you.

Sincerely,

John Cruz

Enclosure

TO: Rebecca Martens c/o Martens Insurance Agency
LLC 201 Terry Street # 1 A
Longmont, CO 80501

**YOU ARE HEREBY NOTIFIED** that, pursuant to the attached subpoena issued under Rules 30 and 45 of the Federal Rules of Civil Procedure, John Cruz, Defendant the above-captioned matter, seeks production of documents responsive to the requests outlined in the attached subpoena and rider (Schedule A), returnable to John Cruz, 408 Widgeon Drive, Longmont, CO 80503. on or by **January 28, 2022,** at 5:00 p.m. **(MT)**. In lieu of appearing to produce the requested documents, you may transmit the same via mail to John Cruz, 408 Widgeon Drive, Longmont, CO 80503 or via email to jcruz369@gmail.com.

DATED: January 12, 2022

John Cruz
By: /s/ john Cruz

*John Cruz Self Counsel for Defendant john Cruz*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on January 12, 2022, he caused a true and correct copy of the foregoing Notice of Subpoena for Documents to be served via process server on the following:

Rebecca Martens c/o Martens
Insurance Agency LLC
201 Terry Street # 1 A
Longmont, CO 80501

/s/ John Cruz
John Cruz

## **SCHEDULE A — RIDER TO SUBPOENA FOR DOCUMENTS**

REQUESTS FOR DOCUMENTS

1. Identify any relationships you have or had with any and all outside brokers/agents, from April 2010 to present.

2. Identify all persons with whom you and all under your control has communicated with since April 10, 2010 about the purchase of insurance products or services and referred to brokers, outside brokers/agents, include in your answer (a) the dates of any such communications; (b) the identity of the person(s) with who you communicated: (c) the form of the communication (i.e., phone, in-person, email, social media, etc.): (d) whether the person was an Allstate Agent, Customer, or a Outside broker. (e) whether the person became a customer of your insurance company or a customer of another insurance broker, outside broker/agent. (f) all documents relating to such communications between, Outside Brokers/Agents, and all Allstate Insurance Agents, Allstate Customers (g) all documents relating to such communications between all outside brokers/Agents, and all Allstate Insurance Agents, Allstate Customers.

3. Identify all emails to and from allstate.com used to communicate between all Allstate Agents, Allstate customers to or from other Outside Brokers/Agents. All emails to and from allstate.com relating to communications between all Allstate Agents, staff employed by you. all Allstate Customers personal information transfered to and from outside Brokers/Agents.

4. All phone numbers, fax numbers, and emails addressed between all Allstate Agents, staff, Allstate Customers to or from Outside Brokers/Agents. If you identify a device that is no longer in your possession, identify whose possession the devise is in now.

5. Identify Allstate Customers solicited through Allstate, Allstate Agents, Allstate Customers and referred to Outside Brokers/Agents for the past 10 years including referrals to and from, outside brokering, and/or and employee, agent, representative, employed by you. All documents to include customer approvals to transfer personal information to outside brokers/agents. All approvals from Allstate to transfer person customer information to outside brokers/agents.

6. All income received from outside brokers/agents. Income to include, 1099 Misc income, W2's, Gift Cards, Cash, etc.

## DEFINITIONS

1. "Documents" means or refers to all written, electronically stored (e.g., e-mails) or graphic matter of any kind or description however produced or reproduced, whether deleted, erased, destroyed, draft or final, original or reproductions, and all tangible things, specifically including but not limited to: writings, e-mails, drawings, graphs, charts, photographs, phone records, data compilations, letters, correspondence, memoranda, notes,

memoranda of conversations, transcripts, desk calendars, appointment books, diaries, logs, telephone messages, notebooks, post cards, summaries or paraphrases of any of the foregoing or material similar to any of the foregoing, however denominated, which are in your possession, custody, or control or to which you can obtain access, interpreting the foregoing as broadly as intended under Rules 33 and 34 of the Federal Rules of Civil Procedure.

2. "Communication" means any oral, written or electronic transmission of information, facts, opinion, belief, idea, inquiry or statement, including, but not limited to, any letter, correspondence, electronic mail message, note, memorandum, conversation, meeting, 2 discussion, telephone call, facsimile, telegram, telecopy, telex, seminar, conference, audio or visual presentation or message.

3. "Identify," or "identity," as used herein with reference to a document, shall mean to state its title or other form of identification, its date, its author and, if different, its signer or signers, their addresses, the persons to whom it was directed (including "cc" and "bcc" recipients), the type of document (e.g., letter, memorandum, chart), and its

principal topics. If such document is no longer in your possession or custody or subject to your control, state what disposition (if any) was made of it, and identify all persons having current possession, custody, or control. In the alternative, production of documents responsive to the Requests shall constitute sufficient identification of such document.

4. "Identify," or "identity," as used herein with reference to an individual shall mean to set forth his or her name, home address, home telephone number,

whether employed, and if so, the name, address, and telephone number of his or her employer.

5. "Identify" or "identity," as used herein with reference to a corporation or other non-human entity shall mean to set forth its name, principal place of business, business address and business telephone number.

6. "Identify" or "identity," as used herein with reference to a communication, shall mean to identify the form of communication (e.g., telephone conversation, in-person conversation, written correspondence, facsimile), the persons or entities who took part in the communication, the date, time and place of the communication, and any other persons present during the communication.

7. "Related to" or "relating to" means consisting of, referring to, pertaining to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically or factually connected with the matter discussed.

8. "Person" shall mean and include a natural person, individual, partnership, firm, organization, corporation, governmental body, or any kind of business or legal entity, its agents or employees.

9. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any documents or other information which might otherwise be construed to be outside their scope.

**INSTRUCTIONS**

1. If you cannot respond to this request in full after exercising due diligence to secure the documents requested, so state and respond to the extent possible, specifying your inability to provide the documents, stating whatever information or knowledge you have concerning the documents, and detailing what you did in attempting to secure the documents.

2. Except where otherwise stated, if the requested documents are known by to exist but are not in your, your agents' and/or your attorneys' possession, it is requested that you so indicate or produce such documents to show the name of the person or entity who has custody of the documents.

3. If you object to a request on the grounds of privilege or work product, provide documents (or portions thereof) with such non-privileged information as is responsive, identify the nature of the information withheld as privileged and specify the basis for your claim of privilege.

4. With respect to any document maintained or stored electronically, please harvest and produce the document in a manner that maintains the integrity and readability of all data, including metadata. Unless otherwise noted, all electronically stored information should be produced in a native format on compact discs, DVD discs, or zip drives in the original electronic file format of the document, with all relevant metadata retained.

5. Each request is deemed to be continuing. If you obtain other information and/or documents which would add to the documents you produced, then you are directed to provide such information and/or produce such additional or different documents upon your discovery or receipt of such information and/or documents.