**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-03139-DDD-MEH

ALLSTATE INSURANCE COMPANY,

        Plaintiff,

  v.

JOHN CRUZ,

        Defendant.

---

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES**

---

Plaintiff Allstate Insurance Company ("Allstate"), by and through its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 37, respectfully requests that this Court enter an order compelling Defendant John Cruz ("Cruz") to respond to the discovery requests served upon him by Allstate and to award Allstate its attorneys' fees and costs. In support of its motion, Allstate states as follows:

**CONFERRAL CERTIFICATION**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7.1, the undersigned certifies that Allstate has made a good-faith effort to confer with Cruz on the issues raised in this motion. Allstate's conferral efforts are detailed below.

**INTRODUCTION**

Despite Allstate's meet-and-confer efforts—including multiple correspondences, telephone calls, and receptiveness to discuss compromises—Cruz has completely failed to substantively respond to Allstate's recent discovery requests.  Importantly, there can be little

dispute that the requests Allstate seeks response on are narrowly tailored and well within the scope of Rule 26 and that Cruz provides no valid basis for failing to respond. With its attempts to confer exhausted, Allstate is left with no choice but to seek judicial intervention. Allstate, accordingly, requests an order compelling Cruz to fully respond to the discovery requests outlined in this motion and furnish all responsive documents and awarding Allstate its fees and costs incurred in filing this motion.

## **RELEVANT BACKGROUND**

### I.    **Relevant Facts**

This action arises from Cruz's breaches of the obligations he owed Allstate under the parties' R3001S Exclusive Agency Agreement ("EA Agreement") and his misappropriation of Allstate trade secrets. (*See* Compl., Dkt. No. 1.) On or about April 1, 2010, Cruz executed the EA Agreement, permitting him to sell Allstate insurance products and services and to receive commissions therefor. (*Id.* ¶ 1.)

Relevantly, Cruz promised under the EA Agreement not to use for his benefit or disclose Allstate confidential information—expressly including policyholder information—and to return all Allstate confidential information when his relationship with Allstate terminated. (*Id.* ¶¶ 31-32.) Cruz further agreed that, upon termination of the EA Agreement, he would not "act or represent [himself] in any way as an agent or representative of [Allstate]" and would immediately desist from using Allstate service marks and trade names. (*Id.* ¶ 34.) Cruz also agreed, upon termination, to transfer to Allstate all telephone numbers used by him in connection with his Agency. (*Id.* ¶ 33.) Finally, the EA Agreement prohibited Cruz, for a period of one year following its termination, from soliciting customers that he serviced for Allstate while an Allstate

Exclusive Agent and/or customers whose identities he discovered through access to Allstate confidential information. (*Id.* ¶ 36.)

Cruz's EA Agreement terminated on August 26, 2020 after an internal Allstate investigation revealed that Cruz was selling competing insurance on behalf of Colorado Premier Insurance (CPI) while also operating his Exclusive Agency. (*See id.* ¶ 27.) Despite his obligations to Allstate, Cruz—without authorization—failed to return Allstate confidential information and property to Allstate. (*Id.* ¶¶ 45-46.) Further, Cruz continued to use Allstate signs and service marks, refused to transfer the Allstate telephone number, and continued to hold himself out as an Allstate agent. (*Id.* ¶¶ 46-52.)

Critically, as well, Cruz solicited Allstate customers during the one-year restrictive period and used Allstate confidential information and property to solicit Allstate customers on behalf of CPI. (*Id.* ¶¶ 55-56.) Cruz's violative conduct began soon after the termination of his EA Agreement. On September 30, 2020, Cruz sent a mass email to Allstate customers informing them that he was "in the process of transitioning to working as an insurance agent with [his] family's insurance brokerage called Colorado Premier Insurance." (*Id.* ¶ 56.) Cruz advised the Allstate customers that he would "continue being an insurance agent with a broader range of services and multiple insurance companies" and that he "looked forward to talking to [the Allstate customers] soon." (*Id.* ¶ 57.) Additionally, by retaining the Allstate telephone number, Cruz was able to intercept calls from Allstate customers who were looking to speak with Allstate and then solicit the customers to leave Allstate for Cruz's competitive insurance business. (*Id.* ¶ 60.)

As a result of Cruz's solicitation efforts, Allstate customers formerly serviced by Cruz canceled their Allstate policies at alarming rates. In January and February 2021, on average, three Allstate customers per day canceled their policies with Allstate. (Decl. of Catherine Davis, attached as Pl.'s Exhibit 1, ¶ 7.) Several of these Allstate customers advised that they moved their business to Cruz or were in contact with Cruz. (*Id.* ¶ 8.)

On October 20, 2020, Allstate filed its Verified Complaint for Injunctive and Other Relief against Cruz. (Dkt. No. 1.) On February 5, 2021, Cruz filed his counterclaims against Allstate, asserting causes of action for breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, defamation, and discrimination in violation of 42 U.S.C. § 1981. (Dkt. No. 40.)

## II.    Present Discovery Issues and Conferral Efforts

On January 5, 2022, Allstate served its Fourth Set of Requests for Production ("RFP") to Cruz. (*See* Allstate's 4th RFP, attached as Pl.'s Exhibit 2.) On January 12, 2022, Allstate served its Fifth Set of RFP and Second Set of Interrogatories to Cruz. (*See* Allstate's 5th RFP, attached as Pl.'s Exhibit 3; Allstate's 2d Interrogatories, attached as Pl.'s Exhibit 4.) Cruz served his initial responses to Allstate's Fourth Set of RFP on February 4, 2022, and served his initial responses to Allstate's Fifth Set of RFP and Second Set of Interrogatories on February 12, 2022. (*See* Cruz's Updated Responses to 4th RFP, attached as Pl.'s Exhibit 5; Cruz's Updated Responses to 5th RFP, attached as Pl.'s Exhibit 6; Cruz's Updated Responses to 2d Interrogatories, attached as Pl.'s Exhibit 7.[1])

---

[1] Cruz's "updated" responses to discovery contain his initial objections and responses.

Cruz's initial discovery responses did not contain any substantive information, and Cruz did not produce any documents. Instead, the responses consist of boilerplate and inapplicable objections, equivocal responses, and unsupported claims to protection from disclosure. On February 10, 2022, and February 16, 2022, Allstate sent letters to Cruz itemizing the deficiencies in his discovery responses and requesting that Cruz provide amended responses. (*See* Feb. 10, 2022 & Feb. 16, 2022 letters, attached jointly as Pl.'s Exhibit 8.)

Cruz did not provide amended responses. Accordingly, on March 1, 2022, counsel for Allstate and Cruz held a meet-and-confer telephone call to discuss the issues raised in Allstate's deficiency letters. During the call, Cruz stood on his objections and refused to amend his responses or, in some cases, agreed to produce certain documents or information by March 15, 2022. (*See* Apr. 19, 2022 meet-and-confer summary letter, attached as Pl.'s Exhibit 9.)

Despite his assurances, Cruz did not provide information or documents by the agreed-to date of March 15, 2022. As such, during the parties' status conference with the Court on March 30, 2022, Allstate requested leave of Court to file a motion to compel. The Court directed the parties to confer once more on the issues but granted "leave to the Plaintiff to file the motion if still not satisfied with Defendant's responses." (Dkt. No. 159.)

In accordance with the Court's order, Allstate arranged another meet-and-confer call with Cruz, which was held on April 15, 2022. In addition to requesting amended responses, Allstate advised Cruz that, if he maintained that he had no documents responsive to a request for production, he must unambiguously state the same in responses. (*See* Ex. 9.) During the call, Cruz either stood on his objections or agreed to serve amended responses within seven days. (*Id.*)

On April 22, 2022, Cruz served "updated" responses to Allstate's Fourth Set of RFP, Fifth Set of RFP, and Second Set of Interrogatories. (*See* Exs. 5, 6 & 7.) As with his initial responses, Cruz's updated responses were unaccompanied by documents, include no substantive information, are vague as to whether Cruz has or does not have responsive documents, and contain boilerplate and/or inapplicable objections.

## LAW AND ARGUMENT

A motion to compel is proper when a party fails to provide complete responses to interrogatories or requests for production. Fed. R. Civ. P. 37(a)(3)-(4). Parties may obtain discovery on any matter not privileged and relevant to any claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Relevant evidence is defined as having "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Information within the scope of discovery expressed in Rule 26 "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Courts construe these discovery rules liberally. *See Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 523-24 (D. Colo. 2003) ("[T]he discovery procedures in the Federal Rules of Civil Procedure[] seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information.")

On a motion to compel, "once the low burden of relevance is established," the burden shifts to "the party opposing the discovery request[s]." *Fox v. Morreale Hotels, LLC*, No. 10-cv-3135, 2011 WL 2894066, at *2 (D. Colo. July 20, 2011) (internal quotation marks omitted). To satisfy this burden, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal rules, how each request

for production or interrogatory is objectionable." *Farmland Partners Inc. v. Fortunae*, No. 18-cv-2351, 2020 WL 12575073, at *2 (D. Colo. May 18, 2020).

Here, despite Allstate's good-faith efforts to resolve discovery issues and attempts to compromise, Cruz has failed to sufficiently respond to Allstate's interrogatories and production requests, and an order compelling Cruz's full and complete responses is warranted.

**I.      Cruz Should Be Compelled to Adequately Respond to Allstate's Requests for Production.**

Cruz has failed to adequately respond to Allstate's Fourth and Fifth Sets of RFPs. Allstate addresses each of the at-issue requests in turn.

**A.      Allstate's Fourth Set of Requests for Production of Documents to Cruz**

*Request No. 1*

Allstate's Request No. 1 to Cruz seeks the following:

All Allstate customer lists, Allstate customer email lists, Allstate customer contact information, Allstate customer policy (including renewal) information, or any other Allstate documents or information in [Cruz's] possession, custody, or control.

(Ex. 2 at No. 1.)

Over objections, Cruz stated in his updated responses, "Mr. Cruz's office was reviewed and all Allstate confidential information was taken during termination on August 26, 2020 as stated by Allstate's own representatives."[2] (Ex. 5 at No. 1.)

During meet-and-confer calls, Cruz represented that he had no documents responsive to Request No. 1. (*See* Ex. 9.) Counsel for Allstate has repeatedly advised Cruz that—to the extent he has no responsive documents—he must unequivocally state the same in a written response.

---

[2] Pursuant to D.C. Colo. L. Civ. R. 37.1, Cruz's responses to Allstate's written discovery requests are set forth in exhibits to this motion.

Cruz's assertion that "Allstate confidential information was taken" does not sufficiently respond to Request No. 1. The request is not limited to production of "Allstate confidential information," and Cruz's assertion that unidentified documents "were taken" is vague and non-responsive. *See Duhall v. Lennar Fam. of Builders*, No. 07-cv-40, 2008 WL 4457874, at *3 (D. Colo. Oct. 1, 2008) (granting motion to compel where nonmovant's discovery responses were evasive). Nor is the request limited to the production of Allstate information that was presently in Cruz's office on August 26, 2020. Cruz's response makes it entirely unclear whether he is in possession of other Allstate documents or information, electronically or otherwise.

Further, to the extent documents are being withheld on the basis of an objection, Cruz has not stated the same, as required by Federal Rule of Civil Procedure 34(b)(2)(C). Presently, Allstate is left to speculate whether or not Cruz has responsive documents and, if so, whether those documents are being withheld pursuant to an objection. Allstate, therefore, requests that Cruz be compelled to properly respond to Request No. 1 by (a) producing all responsive, non-privileged documents and/or itemizing those documents being withheld on the basis of an objection or (b) providing an unambiguous response that he has no documents responsive to Request No. 1.

***Request No. 3***

Allstate's Request No. 3 to Cruz seeks the following:

> All communications, including but not limited to text messages, emails, and social media (e.g., LinkedIn) messages, between [Cruz] and any Allstate customer who [Cruz] worked with or serviced as an Allstate Exclusive Agent related to the sale of insurance products from August 26, 2020 to August 26, 2021.

(Ex. 2 at No. 3.)

In his initial responses, Cruz confirmed that he **has** "communicated with Allstate customers who have contacted him after learning he was no longer their agent." (Ex. 5 at No. 3.) Despite his acknowledgement that he has communicated with Allstate customers "about the general topic" of purchasing insurance, Cruz has produced no documents responsive to Request No. 3. (*Id.*) Instead, Cruz has taken the position that he has no obligation to produce responsive documents if the Allstate customers contacted him. (*Id.*; *see also* Ex. 9.) Cruz likewise refused to produce documents (which he impliedly concedes exist) on the basis that "a client is not an Allstate customer if they are reaching out to have discussions with Mr. Cruz of their own accord." (Ex. 5 at No. 3.)

Cruz's objections are without merit. First, Cruz's communications with Allstate customers regarding the sale of insurance products during the one-year restrictive period are relevant to Allstate's claims—and discoverable—irrespective of whether the Allstate customer purportedly reached-out to Cruz. Such communications, even if initiated by Allstate customers, clearly have a tendency to make Allstate's claims of Cruz's improper use of Allstate confidential information, solicitation, and unfair diversion of business more probable than without the evidence. *See* Fed. R. Evid. 401; *see also EchoStar Satellite, LLC v. Splash Media Partners, L.P.*, No. 07-cv-2611, 2009 WL 1328226, at *4 (D. Colo. May 11, 2009) ("[A] request for discovery should be allowed if there is any possibility that the information sought may be relevant to the claim or defense of a party."). This is especially true in light of Allstate's evidence that following termination of his EA Agreement and during the restricted non-solicitation period, Cruz sent a mass email to Allstate customers informing them about his competing business and encouraging them to contact him and providing them with his contact

information. Thus, even if the Allstate customers Cruz spoke with initiated contact with him, if it was a result the email, that is still a solicited customer. Accordingly, Allstate is entitled to discovery on those communications and should not have to take Cruz's word that (1) the customer initiated the contact or (2) it was not a solicitation.

Second, Cruz's position that "a client is not an Allstate customer" if he or she contacts Cruz is groundless. While Cruz's objection on this point remains somewhat unclear, insofar as he suggests otherwise, Allstate's Request No. 3 does not seek the production of communications Cruz has had with *any* prospective customer or member of the consuming public. Rather, Request No. 3 asks for the production of communications Cruz has had with an "Allstate customer," which is specifically defined in Allstate's discovery requests as "any person who was serviced by [Cruz] or the Allstate Exclusive Agency operated by [Cruz] at the time [Cruz's] EA Agreement terminated or about whom [Cruz] possessed confidential information as a result of [his] operation of an Allstate Exclusive Agency." (Ex. 2.) Allstate's Request No. 3, limited to communications with individuals coming within this definition for the one-year restrictive period, is both relevant to Allstate's breach of contract and trade-secret misappropriation claims and is sufficiently particularized. Cruz's objections should be overruled, and he should be compelled to produce all responsive documents.

***Request No. 4***

Allstate's Request No. 4 to Cruz seeks the following:

All communications, including but not limited to text messages, emails, and social media (e.g., LinkedIn) messages between any employee of [Cruz's] or anyone acting on [his] behalf and any Allstate customer who [Cruz] worked with or serviced as an Allstate Exclusive Agent related to the sale of insurance products form August 26, 2020 to August 26, 2021.

(Ex. 2 at No. 4.)

Cruz produced no documents in response to Request No. 4 and, in his updated responses, only stated, "Mr. Cruz does not have any employees or anyone acting on his behalf. This question is irrelevant." (Ex. 5 at No. 4.) Cruz's sole basis for objecting to this Request—that he has no employees—is belied by the record. Specifically, Cruz produced the February 18, 2021 declaration of Jessica Cruz, and the February 25, 2021 declaration of Tricia Hicks, in which both attest that they worked for Cruz at his former Allstate Exclusive Agency and that they now work for or with CPI, the brokerage company that Cruz informed Allstate customers he was "transitioning to." (Decl. of Jessica Cruz, attached as Pl.'s Exhibit 10, ¶¶ 2-4, 13; Decl. of Tricia Hicks, attached as Pl.'s Exhibit 11, ¶¶ 5, 12.) What is more, both declarants state that they have communicated with "persons who are or were Allstate insureds" since the termination of Cruz's EA Agreement. (Ex. 10 ¶ 14; Ex. 11 ¶ 13.)

As with Request No. 3, Request No. 4 is carefully tailored in scope to seek discoverable and probative evidence, specifically evidence reflecting Cruz's employees' communications with Allstate customers during the restrictive period. And, given that Cruz's own submissions in this case show that he did—and perhaps still does—have persons working on his behalf for the sale of insurance products, Cruz's only objection to Request No. 4 holds no water, and he should be compelled to produce the communication in his possession.

### Request No. 7

Allstate's Request No. 7 to Cruz seeks the following:

All postings (physical or electronic), flyers and communications, including but not limited to, text messages, emails, and social media (e.g., LinkedIn) messages related to [Cruz's] counterclaims in this lawsuit.

(<u>Ex. 2</u> at No. 7.)

Cruz produced no documents responsive to Request No. 7 and stated in written responses, "Mr. Cruz does not have the ability to monitor all social media platforms and review everything that is posted on the world wide web making this request overly broad and over burdensome." (<u>Ex. 5</u> at No. 7.) Cruz's argument as to purported burden is a nonstarter. Allstate is not asking Cruz to "monitor" and "review" all postings on the Internet and then collect and disclose those coming within the ambit of Request No. 7. Consistent with the Federal Rules— and as communicated to Cruz during the parties' meet-and-confer calls—Allstate is only seeking those responsive documents within Cruz's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

As the party resisting discovery, Cruz bears the burden of showing why Request No. 7 is objectionable, and it is well-established that this burden "cannot be sustained merely by asserting boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Farmland Partners*, 2020 WL 12575073, at *2 (internal quotation marks omitted); *accord Lehman Bros. Holdings Inc. v. Universal Am. Mortgage Co.*, 300 F.R.D. 678, 683 (D. Colo. 2014). Request No. 7 is reasonably tailored in that it seeks specific categories of documents, in Cruz's possession, related to his counterclaims. Other than asserting conclusory and unsupported claims as to over breadth and burden, Cruz has not explained why Request No. 7 is objectionable.

Notably, Cruz does not, and cannot, argue that request No. 7 is not relevant as it relates directly to statements Cruz has made publicly or to others about his counterclaims. Indeed, Allstate has received notice of some of these communications and flyers through third parties.

(*See* flyer attached as <u>Pl.'s Exhibit 12</u>.) Allstate, however, does not know the extent of Cruz's activities or communications in this regard and is entitled to discovery directly from Cruz.

Additionally, Cruz had more than ample opportunity during the parties' now months-long dialogue and multiple meet-and-confer calls to convey any concerns as to the scope of the request and work with Allstate to either clarify the request or come to an agreement as to a modified scope. *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 561 (D. Colo. 2014) (noting that compliance with the Federal Rules "requires cooperation by [parties] to identify and fulfill legitimate discovery needs"). Cruz, however, did not do so, and his blanket objections at this juncture are insufficient.

**B.      Allstate's Fifth Set of Requests for Production of Documents to Cruz**

***Request No. 2***

Allstate's Request No. 2 to Cruz seeks the following:

> All documents that [Cruz] received pursuant to subpoena in this case and subsequently sent to any third party, including but not limited to government agencies.

(<u>Ex. 3</u> at No. 2.)

Cruz produced no documents in response to Request No. 2 and, in his responses, only stated, "Objection. Title 18, code 4. Misprision of a felony." (<u>Ex 6</u> at No. 2.) Cruz's purported objection is misguided at best. Preliminarily, it is unclear how or why Cruz believes that 18 U.S.C. § 4 relieves him of his duty to "meaningfully participate in discovery." *Keller v. U.S. Dep't of Veteran Affairs*, No. 08-cv-761, 2008 WL 4716893, at *1 (D. Colo. Oct. 22, 2018). Cruz has "the obligation to explain and support [his] objections," and mere citation to the U.S. Code, with nothing more, plainly does not satisfy this obligation. *Witt*, 307 F.R.D. at 561.

In any event, a reading of 18 U.S.C. § 4 makes clear that it is not a valid objection. The statute provides that a person "having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same" to authorities, shall be subject to a fine and/or imprisonment. 18 U.S.C. § 4. Nothing in the statute speaks to protecting documents from discovery in a civil case or affording parties responding to discovery any claim of privilege. If anything, the statute imposes on persons an affirmative duty to "make known" information, not to withhold it, as Cruz has done.

Further, during discovery conferences, this Court has already ordered Cruz to produce all documents he has received pursuant to subpoena, which would include those coming within the scope of Request No. 2. While Cruz has produced some documents responsive to this Request, it is unclear whether he has produced all documents and responses he received to the subpoenas he issued, and statements made during the meet and confer calls suggest that he is withholding certain productions. Cruz has not shown—and cannot show—that his objection to Request No. 2 is a viable objection, and his failure to respond and produce all responsive documents is in contravention of this Court's orders.

**Request Nos. 3 & 4**

Allstate's Request No. 3 to Cruz seeks the following:

All communications between [Cruz] and any third party discussing any of the claims asserted by Allstate in this case.

(Ex. 3 at No. 3.)

Allstate's Request No. 4 to Cruz seeks the following:

All communications between [Cruz] and any third party discussing any of the counterclaims asserted by [Cruz] in this case.

(*Id.* at No. 4.)

14

Cruz produced no documents in response to either Request No. 3 or 4 and, in written responses stated, "Mr. Cruz has every right to discuss with any attorney his options and the law regarding this case."[3] (Ex. 6 at No. 4.) As a threshold matter, while he refuses to produce responsive documents, Cruz does not cogently state under what basis he is objecting to Request Nos. 3 or 4, or even that he is objecting at all. Under the Rules, Cruz is required to make objections "with specificity" and respond and produce documents "to the extent [the] discovery request is not objectionable." *Witt*, 307 F.R.D. at 561. Although Allstate does not dispute Cruz's entitlement to seek counsel, a vague reference to the "right to discuss with any attorney" does not constitute a proper objection. Cruz's refusal to respond should be overruled on this ground alone.

Inasmuch as Cruz's responses can be construed as an objection on the basis of attorney-client privilege, this too is unavailing. Cruz is proceeding *pro se* in this matter and has not been represented by counsel in this case since approximately June 2021, well before Allstate's Fifth Set of RFPs were even served. (*See* Dkt. No. 87.) Because the attorney-client privilege only protects from disclosure communications made "during the existence of an attorney-client relationship," Cruz's attempts—as a *pro se* party—to invoke the attorney-client privilege are ineffective. *CGC Holding Co. v. Hutchens*, No. 11-cv-1012, 2016 WL 233551, at *5 (D. Colo. Jan. 20, 2016); *see also Carbajal v. St. Anthony Cent. Hosp.*, No. 12-cv-2257, 2014 WL 2459713, at *2 (D. Colo. June 2, 2013) (holding that *pro se* litigant's assertion of attorney-client privilege "fail[ed] as a matter of law").

---

[3] While Cruz makes reference in his responses to the Bendelow Law Office, no attorneys associated with that firm have entered an appearance in this case or contacted Allstate's counsel, and Cruz does not state that he has engaged the firm.

Even assuming Cruz has a defensible reason for asserting the attorney-client privilege, his responses to Request Nos. 3 and 4 are still inadequate. If Cruz is withholding communications based on the attorney-client privilege, he is Rule-bound to provide Allstate a privilege log describing the nature of the communications sufficient to "enable [Allstate] to assess the claim of privilege." Fed. R. Civ. P. 26(b)(5)(A). Cruz has produced no privilege log. Importantly, as well, Cruz has not identified and produced responsive, ***non-privileged*** communications coming within the scope of Request Nos. 3 and 4. These requests are both narrowly tailored and highly relevant, seeking only those communications Cruz has had about Allstate's claims or his counterclaims in this litigation. Cruz has not satisfied his burden of establishing why these requests are objectionable, and an order compelling his responses is warranted.

## II.  Cruz Should Be Compelled to Fully and Completely Answer Allstate's Interrogatories.

Cruz's answers to Allstate's Second Set of Interrogatories contain only conclusory objections and do not answer the questions posed. Specifically, Allstate's Interrogatory Nos. 1, 2, and 3 ask Cruz to identify "all persons with whom [he] ha[s] communicated about Allstate's claims against [him]" (No. 1); "all persons with whom [he] ha[s] communicated about [his] counterclaims against Allstate" (No. 2); and "all persons with whom [he] ha[s] communicated about any documents [he] ha[s] collected via subpoena in this case and/or any purported illegal or unethical activity [he] understand[s] those documents to show" (No. 3). (Ex. 4.) Each interrogatory asks Cruz to include in his answer the following:

> (a) the dates of any such communications; (b) the identity of the person(s) with whom [Cruz] communicated; the form of communication (e.g., phone, in-person,

email, text message); and (d) the identity of all documents relating to such communications.

(*Id.*)

Cruz did not answer any part of Interrogatory Nos. 1, 2, or 3. Instead, Cruz objected to each interrogatory as "overly broad" and "over burdensome" and stated, "This request provides no scope and the amount of time and expense upon Mr. Cruz to identify all, if any documents of relevance to the Plaintiff is too burdensome to the Defendant." (Ex. 7.)

Cruz should be compelled to provide complete and verified answers to Interrogatory Nos. 1, 2, and 3. *See* Fed. R. Civ. P. 33(b)(3). Again, Cruz's boilerplate objections to the interrogatories as being "overly broad" and "over burdensome" are insufficient and unacceptable under the Federal Rules. "Grounds for objecting to interrogatories must be articulated with particularity," and Cruz's blanket objections decidedly do not meet this standard. *Basulto v. Exact Staff, Inc.*, No. 15-cv-1566, 2016 WL 1077358, at *4 (D. Colo. Mar. 18, 2016).

Cruz's objection as to proportionality fares no better. Communications Cruz has had about Allstate's claims, his counterclaims, and the documents he has collected through subpoena—along with the identity of those with whom he communicated—are highly relevant to this matter, including for purposes of identifying persons with knowledge and potential fact witnesses. Cruz has not even attempted to explain, and certainly has not established, how the alleged burden of answering Interrogatory Nos. 1, 2, and 3 outweighs the benefit of the requested information. *See* Fed. R. Civ. P. 26(b); *see also Gopher Excavation, Inc. v. N. Am. Pipe Corp.*, No. 17-cv-1021, 2017 WL 7355300, at *7 (D. Colo. Dec. 15, 2017) ("A conclusory assertion of undue burden does not suffice; the party resisting discovery must supply sufficient details of what the task would entail."). Moreover, to the extent Cruz wanted to refer to Bates numbers in

his documents production rather than describe the documents in response to the interrogatories, that would be acceptable to Allstate. However, as noted above, Cruz has refused to produce these documents which would be responsive to Request Nos. 3 and 4.

Additionally, while Cruz *now* takes issue with the breadth and alleged burden of Interrogatory Nos. 1, 2, and 3, he has never previously conveyed this to Allstate. Indeed, Cruz did not raise objections as to over breadth and undue burden in his initial answers and instead only objected on the basis of "[a]ttorney client privilege" and "Title 18, code 4 Misprision of Felony." (Ex. 7); *see Witt*, 307 F.R.D. at 569 (rejecting objections that "were never raised in [party's] initial discovery responses"). Cruz also did not raise these objections during the parties' two meet-and-confer calls. In fact, on both calls, Cruz agreed to ***amend his answers***, not assert new objections. (*See* Ex. 9.) Interposing new objections only ***after*** the parties have met in an effort to resolve the discovery disputes defeats the purpose of the conferral process and runs afoul of the spirit of the Rules. In addition to being boilerplate objections, Cruz's newly asserted, last-minute objections should be overruled as untimely.  Because these interrogatories are narrow and directly related to Allstate's claims and defenses for purposes of identifying relevant witnesses and key documents, Cruz should be compelled to withdraw his objections and provide complete responses.

### III.   Cruz Should Be Ordered to Pay Allstate's Fees and Costs In Connection with the Instant Motion.

Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, or if the nonmovant complies after the motion is filed, the court, after giving the nonmovant an opportunity to be heard, "***must*** . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Allstate is entitled to its attorney's fees and costs in connection with this motion. By its express terms, the Rule requires the Court to award fees and costs, excepting only certain circumstances not applicable here.

Further, during the March 30, 2022 status conference, this Court specifically cautioned Cruz that he would be required to pay Allstate's attorney's fees if it was successful in bringing a motion to compel. Despite this caution, and another opportunity thereafter to rectify the issues in his discovery responses, Cruz again failed to comply with his discovery obligations. Allstate has now had two meet-and-confer calls with Cruz and many written exchanges, has invited Cruz to propose compromises to its discovery requests, has attempted to work through discovery issues through the Court's discovery conferences, and has given Cruz more than adequate time to respond. *See Duhall*, 2008 WL 4457874, at *4 (awarding Rule 37 fees and costs where party "attempted in good faith to obtain the discovery" prior to filing motion to compel). Cruz, however, has still provided Allstate with effectively no substantive information or documents responsive to its discovery requests. On this record, an award of attorney's fees and costs is appropriate.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Allstate respectfully requests that this Court enter an order compelling Cruz to fully and adequately respond the interrogatories and requests for production propounded by Allstate, awarding Allstate the attorney's fees and costs incurred in bringing this motion, and for any other relief this Court deems just and equitable.

DATED:  May 3, 2022              Respectfully submitted,

                                ALLSTATE INSURANCE COMPANY

                                By: /s/ *Kristine Argentine*
                                Kristine Argentine
                                Bessie Fakhri
                                SEYFARTH SHAW LLP
                                233 South Wacker Drive, Suite 8000
                                Chicago, IL 60606-6448
                                Tel:  (312) 460-5000
                                Fax: (312) 460-7000
                                kargentine@seyfarth.com
                                bfakhri@seyfarth.com

                                ***Attorneys for Plaintiff Allstate Insurance Company***

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on May 3, 2022, she caused a true and correct copy of the foregoing Plaintiff's Motion to Compel Defendant's Discovery Responses to be served via Federal Express and email on the following:

John Cruz
408 Widgeon Drive
Longmont, CO 80503
jcruz369@gmail.com

/s/ *Kristine Argentine*
Kristine Argentine