**Plaintiff's Exhibit 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03139

ALLSTATE INSURANCE COMPANY,

       Plaintiff,

v.

JOHN CRUZ,

       Defendant.

## PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Plaintiff/Counter-Defendant Allstate Insurance Company ("Allstate") by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 34, hereby requests that Defendant/Counter-Plaintiff John Cruz ("Cruz" or "Defendant") produce, within thirty (30) days of service hereof, each of the documents defined and described below, at the law office of Seyfarth Shaw LLP, 233 South Wacker Drive, Suite 8000, Chicago, IL 60606, Attention: Bessie Fakhri or, via email, to bfakhri@seyfarth.com.

## INSTRUCTIONS

In answering these requests, the following instructions shall apply:

1. Defendant shall answer each request separately and fully in writing and under oath. In answering these requests, Defendant must furnish all requested information, including hearsay, not subject to a valid instruction, that is known by, possessed by, or available to Defendant or any of his attorneys, consultants, representatives, agents, employees, and all others acting on his behalf.

78465599v.1

2. If Defendant is unable to fully answer any of these requests, Defendant must answer them to the fullest extent possible, specifying the reason(s) for Defendant's inability to answer the remainder and stating whatever information, knowledge, or belief that Defendant has concerning the answerable portion.

3. If Defendant objects to any requests as calling for information that is beyond the scope of discovery, Defendant must, nevertheless, answer the request or subpart to the extent that it is not objectionable.

4. If Defendant objects to any requests as calling for work product or information protected by the attorney-client privilege, Defendant should, in addition to the grounds for his objection:

   a. State the nature of the claim of privilege;

   b. State all facts relied upon in support of the claim of privilege or related thereto;

   c. Identify and describe the subject matter of all documents related to the claim of privilege;

   d. Provide a description of each document withheld sufficient to validated the privilege claimed, including the date of each document, its author, and all claimed recipients; and

   e. To the extent not privileged, describe the subject matter of the document.

5. For each request and subpart of each request, if the information furnished in Defendant's answer is not within his personal knowledge, identify each person for whom the information is a matter of personal knowledge, if known.

6. Allstate hereby requests that Defendant supplement his answers to these requests in the event that, prior to final disposition in this matter, additional responsive information comes to the attention of, or becomes available to, Defendant, his attorneys, consultants, representatives,

78465599v.1

agents, or any other person acting on his behalf.

## **DEFINITIONS**

The following terms shall have the meanings indicated:

1.	"Documents" means or refers to all written, electronically stored (e.g., emails), or graphic matter of any kind or description, however produced or reproduced, whether deleted, erased, destroyed, draft or final, original or reproduction, and all tangible things, specifically including but not limited to writings, emails, drawings, graphs, charts, photographs, phone records, data compilations, letters, correspondences, memoranda, notes, memoranda of conversations, transcripts, desk calendars, appointment books, diaries, logs, telephone messages, notebooks, post cards, summaries or paraphrases of any of the foregoing or material similar to any of the foregoing, however denominated, which are in the possession, custody, or control of Defendant, or to which he can obtain access, interpreting the foregoing as broadly as intended under Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.	"Identify" or "identity," as used herein with reference to a document, shall mean to state its title or other form of identification, its date, its author and, if different, its signer or signers, their addresses, the persons to whom it was directed (including "cc" and "bcc" recipients), the type of document (e.g., letter, memorandum, chart), and its principal topics.  If such document is no longer in your possession or custody or subject to your control, state what disposition (if any) was made of it, and identify all persons having current possession, custody, or control.  In the alternative, production of documents responsive to the requests shall constitute sufficient identification of such document.

3.	"Identify" or "identity" as used herein with reference to an individual shall mean to

set forth his or her name, home address, home telephone number, whether employed, and if so, the name, address, and telephone number of his or her employer.

4. "Identify" or "identity" as used herein with reference to a corporation or other non-human entity shall mean to set forth its name, principal place of business, business address, and business telephone number.

5. "Identify" or "identity" as used herein with reference to communication shall mean to identify the form of communication (e.g., telephone conversation, in-person conversation, written correspondence, facsimile), the person or entities who took part in the communication, the date, time, and place of the communication, and any other persons present during the communication.

6. "Related to" or "relating to" means consisting of, referring to, pertaining to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

7. "Communication or contacts" refers to any transfer of information, ideas, opinions, or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including but not limited to, electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file.

8. "Person" shall mean and include a natural person, individual, partnership, firm, labor organization, corporation, government body, or any kind of business or legal entity, its agents, or employees.

9. "And" as well as "or" shall be construed either disjunctively or conjunctively

necessary to bring within the scope of these requests any documents or other information that might otherwise be construed to be outside their scope.

10. When used in these requests, the terms "you," "your," "Cruz," or "Defendant" shall mean Defendant John Cruz, his representatives, agents, employees, predecessors, assignees, successors, and attorneys.

11. When used in these requests, the terms "Allstate" or "Plaintiff" shall mean Plaintiff Allstate Insurance Company, its officers, directors, employees, representatives, agents, predecessors, assignees, subsidiaries, affiliates, successors, and unless privileged, its attorneys.

12. When used in these requests, the term "EA Agreement" means the contract entered into between Cruz and Allstate on or about April 1, 2010, titled "Allstate R3001S Exclusive Agency Agreement."

13. When used in these requests, the term "Allstate customer" shall mean any person who was serviced by you or the Allstate Exclusive Agency operated by you at the time your EA Agreement terminated or about whom you possessed confidential information as a result of your operation of an Allstate Exclusive Agency.

14. When used in these requests, the term "Book of Business" shall mean the economic interest that Cruz possessed in the book of business that was serviced and maintained by Cruz under the EA Agreement.

15. When used in these requests, the term "Complaint" means the lawsuit Allstate filed against Cruz in the United States District Court for the District of Colorado, case number 1:20-cv-03139, titled *Allstate Insurance Company v. John Cruz*.

## REQUESTS

**REQUEST NO. 1:**

All Allstate customer lists, Allstate customer email lists, Allstate customer contact information, Allstate customer policy (including renewal) information, or any other Allstate documents or information in your possession, custody, or control.

**RESPONSE:**

**REQUEST NO. 2:**

All mailers, promotional emails or text messages, advertisements, or any other marketing materials sent by you or on your behalf related to the sale of insurance products to any Allstate customer who you worked with or serviced as an Allstate Exclusive Agent from August 26, 2020 to August 26, 2021.

**RESPONSE:**

**REQUEST NO. 3:**

All communications, including but not limited to text messages, emails, and social media (e.g., LinkedIn) messages, with between you and any Allstate customer who you worked with or serviced as an Allstate Exclusive Agent related to the sale of insurance products from August 26, 2020 to August 26, 2021.

**RESPONSE:**

**REQUEST NO. 4:**

All communications, including but not limited to text messages, emails, and social media (e.g., LinkedIn) messages, between any employee of yours or anyone acting on your behalf and any Allstate customer who you worked with or serviced as an Allstate Exclusive Agent related to the sale of insurance products from August 26, 2020 to August 26, 2021.

**RESPONSE:**

**REQUEST NO. 5:**

All communications, including but not limited to text messages, emails, and social media

6

(e.g., LinkedIn) messages between you and any Allstate customer who you worked with or serviced as an Allstate Exclusive Agent related to Catherine Davis or any other Exclusive Agent servicing the customer's account since August 26, 2021.

**RESPONSE:**

**REQUEST NO. 6:**

All communications, including but not limited to text messages, emails, and social media (e.g., LinkedIn) messages, between you and any third party related to the purchase of your economic interest in your book of business after August 26, 2020.

**RESPONSE:**

**REQUEST NO. 7:**

All postings (physical or electronic), flyers and communications, including but not limited to, text messages, emails, and social media (e.g., LinkedIn) messages related to your counterclaims in this lawsuit.

**RESPONSE:**

DATED:  January 5,  2022        ALLSTATE INSURANCE COMPANY

By: /s/ *Kristine R. Argentine*
Kristine R. Argentine
Besma Fakhri
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Tel:  (312) 460-5000
Fax: (312) 460-7000
kargentine@seyfarth.com
bfakhri@seyfarth.com

***Counsel for Plaintiff Allstate Insurance Company***

7

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on January 5, 2022, she caused a true and correct copy of the foregoing Plaintiff's Fourth Set of Requests for Production to Defendant to be served via U.S. mail and email upon the following:

John Cruz
408 Widgeon Drive
Longmont, CO 80503
jcruz369@gmail.com

/s/ *Besma Fakhri*
Besma Fakhri

78465599v.1