# Plaintiff's Exhibit 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03139-DDD-MEH

ALLSTATE INSURANCE COMPANY,

        Plaintiff,

  v.

JOHN CRUZ,

        Defendant.

## PLAINTIFF ALLSTATE INSURANCE COMPANY'S SECOND SET OF INTERROGATORIES TO DEFENDANT JOHN CRUZ

Plaintiff Allstate Insurance Company ("Allstate"), by and through its attorneys and pursuant to Federal Rule of Civil Procedure 33, hereby propounds its Second Set of Interrogatories to Defendant John Cruz ("Defendant" or "Cruz") and requests that Defendant respond within thirty (30) days of receipt of these Interrogatories:

### INSTRUCTIONS

In answering these interrogatories, the following instructions shall apply:

1. Defendant shall answer each interrogatory separately and fully in writing and under oath. In answering these interrogatories, Defendant must furnish all requested information, including hearsay, not subject to a valid instruction, that is known by, possessed by, or available to Defendant or any of his attorneys, consultants, representatives, agents, employees, and all others acting on his behalf.

2. If Defendant is unable to answer fully any of these interrogatories, Defendant must answer them to the fullest extent possible, specifying the reason(s) for Defendant's inability

to answer the remainder, and stating whatever information, knowledge, or belief that Defendant has concerning the unanswerable portion.

3. If Defendant objects to any interrogatories as calling for information that is beyond the scope of discovery, Defendant must, nevertheless, answer the interrogatory or subpart to the extent that it is not objectionable.

4. If Defendant objects to any interrogatories as calling for work product or information protected by the attorney-client privilege, Defendant should, in addition to stating the grounds for his objection:

    a. State the nature of the claim of privilege;

    b. State all facts relied upon in support of the claim of privilege or related thereto;

    c. Identify and describe the subject matter of all documents related to the claim of privilege;

    d. Identify all persons having knowledge of any facts related to the claim of privilege;

    e. Provide a description of each document withheld sufficient to validate the privilege claimed, including the date of each document, its author and all recipients; and

    f. To the extent not privileged, describe the subject matter of the document.

5. For each interrogatory and subpart of each interrogatory, if the information furnished in Defendant's answer is not within his personal knowledge, identify each person for whom the information is a matter of personal knowledge, if known.

6. Allstate hereby requests that Defendant supplement his answers to these interrogatories in the event that, prior to final disposition in this matter, additional responsive information comes to the attention of, or becomes available to, Defendant, his attorneys, consultants, representatives, agents, or any other person acting on his behalf.

## **DEFINITIONS**

The following terms shall have the meanings indicated:

1.  "Documents" means or refers to all written, electronically stored (e.g., e-mails) or graphic matter of any kind or description however produced or reproduced, whether deleted, erased, destroyed, draft or final, original or reproductions, and all tangible things, specifically including but not limited to: writings, e-mails, drawings, graphs, charts, photographs, phone records, data compilations, letters, correspondence, memoranda, notes, memoranda of conversations, transcripts, desk calendars, appointment books, diaries, logs, telephone messages, notebooks, post cards, summaries or paraphrases of any of the foregoing or material similar to any of the foregoing, however denominated, which are in the possession, custody, or control of Defendant, or to which he can obtain access, interpreting the foregoing as broadly as intended under Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.  "Identify," or "identity," as used herein with reference to a document, shall mean to state its title or other form of identification, its date, its author and, if different, its signer or signers, their addresses, the persons to whom it was directed (including "cc" and "bcc" recipients), the type of document (e.g., letter, memorandum, chart, etc.), and its principal topics. If such document is no longer in your possession or custody or subject to your control, state what disposition (if any) was made of it, and identify all persons having current possession, custody, or control. In the alternative, production of documents responsive to the interrogatories shall constitute sufficient identification of such document.

3.  "Identify," or "identity," as used herein with reference to an individual shall mean to set forth his or her name, home address, home telephone number, whether employed, and if so, the name, address, and telephone number of his or her employer.

3

4. "Identify" or "identity," as used herein with reference to a corporation or other non-human entity shall mean to set forth its name, principal place of business, business address and business telephone number.

5. "Identify" or "identity," as used herein with reference to a communication, shall mean to identify the form of communication (e.g., telephone conversation, in-person conversation, written correspondence, facsimile, etc.), the persons or entities who took part in the communication, the date, time and place of the communication, and any other persons present during the communication.

6. "Related to" or "relating to" means consisting of, referring to, pertaining to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically or factually connected with the matter discussed.

7. "Communication or contacts" refers to any transfer of information, ideas, opinions or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including, but not limited to, electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file.

8. "Person" shall mean and include a natural person, individual, partnership, firm, labor organization, corporation, governmental body, or any kind of business or legal entity, its agents or employees.

9. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any documents or other information which might otherwise be construed to be outside their scope.

10. When used in these Interrogatories, the term "you" or "your" or "Cruz" or "Defendant" shall mean Defendant John Cruz, his representatives, agents, employees, predecessors, assignees, successors, and attorneys.

11. When used in these Interrogatories, the term "Allstate" or "Plaintiff" shall mean Allstate Insurance Company, its officers, directors, employees, representatives, agents, predecessors, assignees, subsidiaries, affiliates, successors, and unless privileged, its attorneys.

12. When used in these Interrogatories, the term "EA Agreement" means the contract entered into between Cruz and Allstate on or about April 1, 2010, titled "Allstate R3001C Exclusive Agency Agreement."

13. When used in these Interrogatories, the term "Allstate customer" shall mean any person who Cruz formerly serviced an Allstate Exclusive Agent, or about whom Cruz possessed confidential information as a result of his relationship with Allstate.

14. When used in these Interrogatories, the term "Complaint" means the lawsuit Allstate filed against Cruz in the United States District Court for the District of Colorado, case number 1:20-cv-03139, titled *Allstate Insurance Company v. John Cruz*.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons with whom you have communicated about Allstate's claims against you in this case, including in your answer (a) the dates of any such communications; (b) the identity of the person(s) with whom you communicated; (c) the form of communication (e.g., phone, in-person, email, text message); and (d) the identity of all documents relating to such communications.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify all persons with whom you have communicated about your counterclaims against Allstate in this case, including in your answer (a) the dates of any such communications; (b) the identity of the person(s) with whom you communicated; (c) the form of communication (e.g., phone, in-person, email, text message); and (d) the identity of all documents relating to such communications.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify all persons with whom you have communicated about any documents you have collected via subpoena in this case and/or any purported illegal or unethical activity you understand those documents to show, including in your answer (a) the dates of any such communications; (b) the identity of the person(s) with whom you communicated; (c) the form of communication (e.g., phone, in-person, email, text message); and (d) the identity of all documents relating to such communications.

**ANSWER:**


DATED:  January 12, 2022			ALLSTATE INSURANCE COMPANY


						By: /s/ *Kristine R. Argentine*
						Kristine R. Argentine
						Besma Fakhri
						SEYFARTH SHAW LLP
						233 South Wacker Drive, Suite 8000
						Chicago, IL 60606-6448
						Tel:  (312) 460-5000
						Fax: (312) 460-7000
						kargentine@seyfarth.com
						bfakhri@seyfarth.com

						*Counsel for Plaintiff Allstate Insurance Company*

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, states that on January 12, 2022, she caused a true and correct copy of the foregoing Plaintiff's Second Set of Interrogatories to be served via U.S. mail and email upon the following:

John Cruz<br>
408 Widgeon Drive<br>
Longmont, CO 80503<br>
jcruz369@gmail.com

/s/ *Besma Fakhri*
Besma Fakhri