# Plaintiff's Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 20-cv-03139

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

v.

JOHN CRUZ,

    Defendant.

**UPDATED RESPONSE TO DEFENDANT JOHN CRUZ'S RESPONSES TO PLAINTIFF'S FOURTH SET OF REQUESTS**

    Defendant John Cruz, by and through his prior attorney's and self-counsel and pursuant to Federal Rule of Civil Procedure 34, hereby submits his Objections and Responses to Plaintiff Allstate Insurance Company's fourth Requests for Production.

**PRELIMINARY STATEMENT**

    The following General Objections are incorporated into the following individual Responses to the extent that Allstate understands the specific Request seeks documents or information within the scope of a specific General Objection. John Cruz intends for the General Objections to apply, regardless of whether they are specifically referenced in the Response to the Request. In addition, a reference to a particular General Objection in Response to an individual Request is not intended to imply that responsive information or documents within the scope of the General Objection necessarily exist.

    Further, John Cruz is continuing his investigation of the facts and law relating to this case, and thus, has not completed his discovery or preparation for trial at this time. Therefore, John Cruz's Responses, and the information set forth herein, are being provided without prejudice to John Cruz's right to supplement or amend his Responses, and John Cruz specifically reserves that right to

supplement his Responses as documents or information becomes available to him.

**REQUEST NO. 1:**

All Allstate customer lists, Allstate customer email lists, Allstate customer contact information, Allstate customer policy (including renewal) information, or any other Allstate documents or information in your possession, custody, or control.

**RESPONSE:**

Objection in that this request is overly broad, and too vague. Without waiving his objection, Mr. Cruz has no Allstate documents, lists, or material in his possession other than what has been disclosed or produced in this lawsuit, which includes his contract with Allstate, and written letters sent to him by Allstate. Mr. Cruz has some general information that he has mentally retained, or which are mental impressions about how Allstate conducts business, how Allstate has treated him, some information of what Allstate is telling insured and customers, some information of what Allstate has told various regulators about him. The information of what Allstate did or may have told regulators comes from written communications he has received from regulators.

**UPDATED RESPONSE NO. 1:**

Objection in that this Request is repetitive and discussed with prior attorney. Subject to and without waiving his objections, Mr. Cruz's office was reviewed and all Allstate confidential information was taken during termination on August 26, 2020 as stated by Allstate's own representatives.

**REQUEST NO. 2:**

All mailers, promotional emails or text messages, advertisements, or any other marketing materials sent by you or on your behalf related to the sale of insurance products to any Allstate customers who you worked with or serviced as an Allstate Exclusive Agent from August 26, 2020 to August 26, 2021.

**RESPONSE:**

Mr. Cruz's access to any Allstate systems was terminated along with his termination on August 26, 2020. This includes Mr. Cruz's ability to access any of his old customers emails, contact information, policy information, etc. Therefore, Mr. Cruz had no way of contacting any prior clients/insureds and no information exists to be identified as marketing materials. Any contact made by prior clients/insureds has been initiated by them to Mr. Cruz.

**UPDATED RESPONSE NO. 2:**

Along with Mr. Cruz's terminated access to Allstate's systems, there are no documents to show marketing materials communicated to any Allstate customer. Mr. Cruz would have no way of contacting an Allstate customer after Allstate representatives terminated Mr. Cruz along with his system access on August 26, 2020.

**REQUEST NO. 3:**

All communications, including but not limited to text messages, emails, and social media (e.g., LinkedIn) messages, with between you and any Allstate customer who you worked with or serviced as an Allstate Exclusive Agent related to the sale of insurance products from August 26, 2020 to August 26, 2021.

**RESPONSE:**

Objection in that this request is overly broad, too vague and unduly burdensome and is a blockbuster request. Without waiving these objections, Mr. Cruz responds as follows: Mr. Cruz has not kept any list or records of persons whom he has communicated with since August 26, 2020 concerning purchasing insurance products or services. He likely had such communications with family members, relatives and some friends about the general topic. He has only communicated with Allstate customers who have contacted him after learning he was no longer their agent. He has not actively contacted Allstate customers regarding the purchase of insurance products or services. If a former client/insured communicates with him regarding being dissatisfied with Allstate, Mr. Cruz may have made a referral to agents at other companies to assist his former client/insured in locating new insurance. Mr. Cruz has not kept records regarding the dates of contact or names of Allstate customers he has communicated with.

**UPDATED RESPONSE NO. 3:**

Subject to and without waiving his objections, Mr. Cruz would have no contact with an Allstate customer as a client is not an Allstate customer if they are reaching out to have discussions with Mr. Cruz of their own accord. Allstate does not own its customers and individuals have any right to discuss anything they wish with whomever they choose to do so with.

**REQUEST NO. 4:**

All communications, including but not limited to text messages, emails, and social media (e.g., LinkedIn) messages, between any employee of yours or anyone acting on your behalf and any Allstate customer who you worked with or serviced as an Allstate Exclusive Agent related to the sale of insurance products from August 26,2020 to August 26, 2021.

**RESPONSE:**

Mr. Cruz does not have any employees or anyone acting on his behalf. This question is irrelevant.

**UPDATED RESPONSE NO. 4:**

Mr. Cruz stands on his prior response.

**REQUEST NO. 5:**

All communications, including but not limited to text messages, emails, and social media (e.g., LinkedIn) messages between you and any Allstate customer who you worked with or serviced as an Allstate Exclusive Agent related to Catherine Davis or any other Exclusive Agent servicing the

customer's account since August 26, 2021.

**RESPONSE:**

Objection in that this request is overly broad, too vague, and beyond the scope of the case. Mr. Cruz's communications over a year after his termination with Allstate hold no relevance to the claims made by Allstate or the scope of this case.

**UPDATED RESPONSE NO. 5:**

Please see updated response to Request No. 3 regarding individuals contacting Mr. Cruz.

**REQUEST NO. 6:**

All communications, including but not limited to text messages, emails, and social media (e.g., LinkedIn) messages, between you and any third party related to the purchase of your economic interest in your book of business after August 26, 2020.

**RESPONSE:**

Objection. This question is overly broad and answered by previous attorney. Without waiving his objection, Mr. Cruz would like to remind Allstate that they refused to provide Mr. Cruz any financial or quantitative information regarding his book of business. Mr. Cruz was unable to promote or sell his book of business due to Allstate's refusal.

**REQUEST NO. 7:**

All postings (physical or electronic), flyers and communications, including but not limited to, text messages, emails, and social media (e.g., LinkedIn) messages related to your counterclaims in this lawsuit.

**RESPONSE:**

Objection in that this request is overly broad, too vague, and beyond the scope of the case.

**UPDATED RESPONSE NO. 7:**

Subject to and without waiving his objections, Mr. Cruz does not have the ability to monitor all social media platforms and review everything that is posted on the world wide web making this request overly broad and over burdensome.

DATED: April 22, 2022

        Respectfully submitted,

        */s/ John Edward Cruz*
        John Edward Cruz
        **Self Counsel  for Defendant John Cruz**