# Plaintiff's Exhibit 8

**Seyfarth Shaw LLP**
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
T (312) 460-5000
F (312) 460-7000

bfakhri@seyfarth.com
T (312) 460-5256

www.seyfarth.com

February 10, 2022

**VIA EMAIL**

John Cruz
408 Widgeon Drive
Longmont, CO 80503
jcruz369@gmail.com

Re:   **Allstate Insurance Company v. John Cruz**
       **U.S. District Court for the District of Colorado, Case No. 20-3139**

Dear Mr. Cruz:

We are in receipt of your responses to Allstate Insurance Company's ("Allstate") Fourth Set of Requests for Production of Documents to you. Upon review, we believe that your responses are inadequate or incomplete, and this letter is sent in a good-faith attempt to resolve the discovery issues addressed below.

**Request No. 1**

Allstate's Request No. 1 asks you to produce all Allstate customer lists, customer email lists, customer contact information, customer policy (including renewal) information, or any other Allstate documents in your possession, custody, or control. You objected to this request as over broad and vague and, over these objections, stated that you have no "Allstate documents, lists, or material" other than what has been disclosed previously in this litigation. This response does not adequately answer the request posed. Request No. 1 specifically requests all Allstate *customer* information (including contact information/lists) you may have, not just "Allstate documents." The request captures, and requires the production of, Allstate customer information you have that is in electronic form or hard-copy form or in any other medium. Allstate requests that you supplement your response to Request No. 1, producing all Allstate customer information you may possess. Further, to the extent any responsive documents are being withheld on the basis of your objections, pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), you must state that you are withholding documents.

**Request No. 2**

Allstate's Request No. 2 seeks all marketing materials related to the sale of insurance sent by you or your behalf from August 26, 2020 to August 26, 2021 to any Allstate customers you serviced as an Allstate Exclusive Agent. In response, you evasively stated that your "access to any Allstate systems was terminated" and that you "had no way of contacting any prior clients/insureds." This response does not fully and unequivocally answer the request. Allstate requests that you supplement your response and produce all responsive marketing materials or amend your response to unambiguously, and without qualification, state that you have no documents responsive to Request No. 2, if that is the case.

**Request No. 3**

Allstate's Request No. 3 asks for all communications (including text messages, emails, and social media messages), from August 26, 2020 to August 26, 2021, between you and any Allstate customers you serviced as an Allstate Exclusive Agent related to the sale of insurance products. Over objections, you responded that you *have* "communicated with Allstate customers who have contacted [you] after learning [you] were no longer an agent" and suggest that these communications related to insurance sales or the customers' alleged "dissatisfaction" with Allstate, yet you do not produce any of these communications. These communications are responsive to Request No. 3, regardless of whether the Allstate customer reached out to you. Allstate is entitled to all communications with Allstate customers responsive to Request No. 3, even if such communications were initiated by the Allstate customer. Allstate requests that you supplement your response to Request No. 3 accordingly.

**Request No. 4**

Allstate's Request No. 4 asks for all communications (including text messages, emails, and social media messages), from August 26, 2020 to August 26, 2021, between any employee of yours or anyone acting on your behalf and any Allstate customer you serviced as an Allstate Exclusive Agent related to the sale of insurance products. In response, you stated that you "do not have any employees or anyone acting on your behalf," and you did not produce any documents. Investigation and discovery has revealed, however, that you owned or operated Colorado Premiere Insurance during this timeframe (and may continue to do so). Accordingly, Allstate requests that you supplement your response to Request No. 4, producing all responsive communications sent or received by any employee of Colorado Premiere Insurance, including but not limited to Denise Cruz, Jessica Cruz, and Tricia Hicks.

**Request No. 5**

Allstate's Request No. 5 seeks all communications (including text messages, emails, and social media messages) since August 26, 2021 between you and any Allstate customer you serviced as an Allstate Exclusive Agent related to Catherine Davis or any other Allstate Exclusive Agent servicing that customer's account. You objected to Request No. 5, and

refused to produced documents, stating that "communications over a year after [your] termination with Allstate hold no relevance" to this case. Contrary to your objections, Allstate is entitled to discover the communications you had with former Allstate customers within this reasonable timeframe. *See Cunningham v. Standard Fire Ins. Co.*, No. 07-2538, 2008 WL 2668301, at *1 (D. Colo. July 1, 2008) ("Relevancy is broadly construed, and a request for discovery should be considered if there is any possibility that the information sought may be relevant to the claim or defense of any party."). Your counterclaims and defenses in this case have put Ms. Davis and other Allstate Exclusive Agents at issue, and Allstate is entitled to investigate and discover your communications with respect to these Agents. Further, your Exclusive Agency Agreement contains post-termination obligations that extend beyond one year. As such, Allstate requests that you supplement your response to Request No. 5, withdrawing your objections and producing all documents responsive to the request.

### Request No. 6

Allstate's Request No. 6 asks for all communications (including text messages, emails, and social media messages) since August 26, 2020 between you and any third party related to the purchase of your economic interest in the Allstate book of business you serviced. You did not produce documents in response to this request and, over objections, stated, "Mr. Cruz would like to remind Allstate that they refused to provide Mr. Cruz any financial or quantitative information regarding his book of business." This statement is argumentative and does respond to the request posed. In your counterclaims, you allege that Allstate "substantially impaired [your] ability to sell [your] economic interest for a fair market value or price." (¶ 37.) Allstate is, therefore, entitled to discovery concerning the efforts you made to market and sell your economic interest. The documents sought by Request No. 6 are highly relevant to the issues in this case. Allstate requests that you supplement your response to Request No. 6, withdrawing your objections and producing all non-privileged documents responsive to the request.

### Request No. 7

Allstate's Request No. 7 seeks all postings, flyers, and communications related to your counterclaims. You objected to this request as overly broad, vague, and "beyond the scope of the case." As made clear by its plain language, however, Request No. 7 is directly related to your claims against Allstate and is clearly not beyond the scope of this case. Further, as the party resisting discovery, you have the burden of substantiating your objections, which you have not done. *See Lehman Bros. Holdings Inc. v. Universal Am. Mortgage Co.*, 300 F.R.D. 678, 683 (D. Colo. 2014). Instead, you have only stated boilerplate objections, with no further information or foundation, which is insufficient. *Id.* Accordingly, Allstate requests that you withdraw your objections to Request No. 7 and produce all non-privileged documents responsive to this request.

John Cruz<br>
February 10, 2022<br>
Page 4

  We request that you provide supplemental or amended responses to the above-outlined requests within seven (7) days of this letter or promptly arrange a call with us to discuss the foregoing and, hopefully, resolve the issues raised. If you do not timely supplement and amend your responses or meet-and-confer with us via telephone, Allstate will seek Court intervention and request that the Court compel your production of responsive documents.

  Thank you for your attention to this matter.

          Sincerely,

          SEYFARTH SHAW LLP

          /s/ *Bessie Fakhri*<br>
          Bessie Fakhri

**Seyfarth Shaw LLP**

233 South Wacker Drive

Suite 8000

Chicago, Illinois  60606-6448

**T** (312) 460-5000

**F** (312) 460-7000

bfakhri@seyfarth.com

T (312) 460-5256

www.seyfarth.com

February 16, 2022

**VIA EMAIL**

John Cruz
408 Widgeon Drive
Longmont, CO 80503
jcruz369@gmail.com

Re:  **Allstate Insurance Company v. John Cruz**
     **U.S. District Court for the District of Colorado, Case No. 20-3139**

Dear Mr. Cruz:

We have reviewed your responses to Allstate Insurance Company's ("Allstate") Fifth Set of Requests for Production of Documents and Second Set (incorrectly labeled in your responses as Allstate's "Fifth Set") of Interrogatories to you. We believe that your responses are inadequate or incomplete, and this letter is sent in a good-faith attempt to resolve the discovery issues addressed below.

**Allstate's Fifth Set of Requests for Production of Documents**

Request No. 1

Allstate's Request No. 1 seeks all communications with any third party, including government agency, relating to or sending documents you have received pursuant to any subpoena issued by you in this case. Over objections, you stated that you are putting Allstate "on notice" that you are "preparing all documents, statements, reporting to [sic] all law enforcement agencies." While somewhat unclear, this response suggests that you *are* in possession of documents responsive to Request to. 1. You do not, however, produce any such documents. Allstate requests that you provide all documents responsive to Request No. 1 within fourteen (14) days of this letter. If you are withholding responsive documents on the basis of your objections, pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), you must so state.

Request No. 2

Allstate's Request No. 2 asks for all documents you received pursuant to subpoena in this case and subsequently sent to any third party, including any government agency. You

John Cruz<br>
February 16, 2022<br>
Page 2

produced no documents in response to this request and instead purported to object on the grounds of "Title 18, code 4. Misprision of a felony." This is not a valid objection and does not relieve you of your duty to "meaningfully participate in discovery." *Keller v. U.S. Dep't of Veteran Affairs*, No. 08-761, 2008 WL 4716893, at *1 (D. Colo. Oct. 22, 2018). Further, the Court has already ordered you to produce all documents you have received pursuant to subpoena, which would include those coming within the scope of Request No. 2. To this end, you have yet to confirm that you have provided Allstate (via FTP site) with all electronic files that you have received via third-party subpoenas. To date, we have only received files maintained by Ivan Gerrity and/or Advantage Service Insurance. You also have not provided an estimation of the volume of documents you have in hard copy to allow Allstate to copy the documents through a vendor.

Your objections to Request No. 2 are unfounded, and your refusal to produce documents is in contravention of the Court's directives. As such, Allstate requests that you withdraw your objections and produce all documents responsive to Request No. 2 within fourteen (14) days of this letter. If the documents are in hard copy, promptly advise us of the volume of those documents so that we may arrange copying through a vendor.

Request Nos. 3 & 4

Allstate's Request Nos. 3 and 4 ask for all communications between you and any third party discussing the claims asserted by Allstate in this case (No. 3) or the claims asserted by you in this case (No. 4). You produced no documents in response to these requests and instead objected to the requests as overly burdensome, over broad, and vague You also objected on the grounds of the attorney-client privilege, stating that you are "in discussion with multiple attorneys & whistle blower complaint attorneys." These objections are ineffective. First, Allstate's requests are narrowly tailored and facially relevant, seeking only those (non-privileged) communications you have had about Allstate's claims or your counterclaims in this litigation. Your blanket, unsubstantiated objections as to burden, over breadth, and vagueness are insufficient. *See Lehman Bros. Holdings Inc. v. Universal Am. Mortgage Co.*, 300 F.R.D. 678, 683 (D. Colo. 2014). Second, the attorney-client privilege only protects from disclosure communications made after an attorney-client relationship has been established and "during the existence of an attorney-client relationship." *CGC Holding Co. v. Hutchens*, No. 11-1012, 2016 WL 233551, at *5 (D. Colo. Jan. 20, 2016); *Carbajal v. St. Anthony Central Hosp.*, No. 12-2257, 2014 WL 2459713, at *2 (D. Colo. June 2, 2014) (pro se litigant's assertion of attorney-client privilege "fail[ed] as a matter of law"). Third, to the extent that you are withholding any communications that you maintain are privileged, the Federal Rules require you to notify Allstate of the same and provide a privilege log in which you must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable [Allstate] to assess the claim" of privilege. Fed. R. Civ. P. 26(b)(5)(A).

John Cruz
February 16, 2022
Page 3

Your objections to Request Nos. 3 and 4 are misplaced or ring hollow. In fact, we have received certain information from third parties confirming that you have discussed Allstate's claims against you and/or your counterclaims against Allstate with non-attorneys. These communications are not privileged and are responsive to Requests Nos. 3 and 4. Accordingly, Allstate requests that you produce all non-privileged documents, recordings, text messages, etc. responsive to Request Nos. 3 and 4 within fourteen (14) days of this letter and, if appropriate, provide a privilege log detailing all privileged communications you are withholding from production.

**Allstate's Second Set of Interrogatories**

Interrogatory Nos. 1, 2 & 3

Allstate's Interrogatory Nos. 1, 2, and 3 ask you to identify all persons with whom you have communicated about Allstate's claims against you (No. 1), your counterclaims against Allstate (No. 2), or any documents you have collected via subpoena and/or any purported illegal or unethical activity you understand those documents to show (No. 3). Over objections on the grounds of attorney-client privilege, you answered each of these interrogatories by stating only that you "will work with the law and government agencies according to Title 18, code 4 Misprision of Felony." This statement does not adequately answer Interrogatory Nos. 1, 2, and 3. These interrogatories expressly ask you to identify, for each responsive communication, (a) the date of communication, (b) the identities of the persons with whom you communicated, (c) the form of communication, and (d) the identity of all documents relating to the communication.

Your answers suggest that you have communicated with government agencies relating to the topics outlined in Interrogatory Nos. 1, 2, and 3, yet you do not completely answer the interrogatories posed. You have an obligation to fully answer Allstate's interrogatories, including by providing all information requested. *See* Fed. R. Civ. P. 33(b)(3) (requiring that interrogatories "be answered separately and *fully* under oath") (emphasis added). Allstate also reminds you of your duty to timely supplement your answers to these interrogatories in the event you have future communications that are responsive to Interrogatory Nos. 1, 2, and 3. *See* Fed. R. Civ. P. 26(e). Finally, as stated above, to the extent you are withholding the production of documents or the identity of communications on a claim of attorney-client privilege, you must provide a privilege log sufficiently describing the documents and/or communications withheld. *See* Fed. R. Civ. P. 26(b)(5)(A).

Allstate requests that you supplement your answers, and fully respond, to Interrogatory Nos. 1, 2, and 3 within fourteen (14) days of this letter.

Please provide supplemental or amended responses to the above-outlined discovery items, consistent with the requests in this letter. Alternatively, please promptly arrange a call with us to discuss the foregoing and, hopefully, resolve the issues raised. If you do not timely

John Cruz<br>
February 16, 2022<br>
Page 4

supplement and amend your responses or meet-and-confer with us via telephone, Allstate will seek Court intervention and request that the Court compel the production of responsive documents and complete interrogatory answers.

Thank you for your attention to this matter.

Sincerely,

SEYFARTH SHAW LLP

/s/ *Bessie Fakhri*
Bessie Fakhri