# Plaintiff's Exhibit 9



**Seyfarth Shaw LLP**
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
**T** (312) 460-5000
**F** (312) 460-7000

bfakhri@seyfarth.com
T (312) 460-5256

www.seyfarth.com

April 19, 2022

**VIA EMAIL**

John Cruz
408 Widgeon Drive
Longmont, CO 80503
jcruz369@gmail.com

**Re: Allstate Insurance Company v. John Cruz**
**U.S. District Court for the District of Colorado, Case No. 20-3139**

Dear Mr. Cruz:

Thank you for speaking with us via telephone on April 15, 2022 to discuss your objections and responses to Allstate's Fourth and Fifth Sets of Requests for Production of Documents and Second Set of Interrogatories to you. Please find below a summary of what we discussed during our call.

**Allstate's Fourth Set of Requests for Production of Documents**

Request Nos. 1 & 2

Allstate's Request No. 1 asks you to produce all Allstate customer lists, customer email lists, customer contact information, customer policy (including renewal) information, or any other Allstate documents in your possession, custody, or control. In your written responses, you objected to this request as over broad and vague and, over these objections, stated that you have no "Allstate documents, lists, or material" other than what has been disclosed previously in this litigation.

Allstate's Request No. 2 seeks all marketing materials related to the sale of insurance sent by you or your behalf from August 26, 2020 to August 26, 2021 to any Allstate customers you serviced as an Allstate Exclusive Agent. In your written responses, you stated that your "access to any Allstate systems was terminated" and that you "had no way of contacting any prior clients/insureds."

During our prior meet-and-confer call, on March 1, 2022, you stated that you have no documents responsive to Request Nos. 1 and 2, and we requested that you update your responses to clarify the same. You failed to do so. On our April 15th call, you similarly






indicated that you have no documents responsive to Request Nos. 1 and 2. You agreed to provide written, verified responses to Request Nos. 1 and 2—stating that you have no responsive documents, to the extent that is the case—within seven (7) days of our call, or by April 22, 2022.

Request Nos. 3 & 4

Allstate's Request No. 3 asks for all communications (including text messages, emails, and social media messages), from August 26, 2020 to August 26, 2021, between you and any Allstate customers you serviced as an Allstate Exclusive Agent related to the sale of insurance products. In your written responses, over objections, you stated that you have "communicated with Allstate customers who have contacted [you] after learning [you] were no longer an agent" and suggest that these communications related to insurance sales or the customers' alleged "dissatisfaction" with Allstate, yet you do not produce any of these communications.

Allstate's Request No. 4 asks for all communications (including text messages, emails, and social media messages), from August 26, 2020 to August 26, 2021, between any employee of yours or anyone acting on your behalf and any Allstate customer you serviced as an Allstate Exclusive Agent related to the sale of insurance products. In your written responses, you stated that you "do not have any employees or anyone acting on your behalf," and you did not produce any documents.

During our March 1st call, we restated our position that your communications with Allstate customers during the restricted period are responsive to Request No. 3, regardless of whether the Allstate customer reached-out to you. We maintained that this request is relevant and falls within the scope of discovery, as it is broadly construed by the Federal Rules. We also stated, with respect to Request No. 4, that investigation and discovery in this case has revealed that you ***did*** (and perhaps still do) have employees or others working on your behalf with respect to your work at Colorado Premier Insurance, namely Jessica Cruz, Denise Cruz, and Tricia Hicks. You responded that you believe you have no obligation to produce communications responsive to Request Nos. 3 and 4, and you refused to produce communications coming within the scope of the requests. During our April 15th call, you likewise stated you were standing on your objections and would not produce documents responsive to Request Nos. 3 and 4.

Request No. 5

Allstate's Request No. 5 seeks all communications (including text messages, emails, and social media messages) since August 26, 2021 between you and any Allstate customer you serviced as an Allstate Exclusive Agent related to Catherine Davis or any other Allstate





Exclusive Agent servicing that customer's account. In your written responses, you objected to Request No. 5, and refused to produced documents, stating that "communications over a year after [your] termination with Allstate hold no relevance" to this case.

During our March 1st call, you agreed to produce documents responsive to Request No. 5 within fourteen (14) days, or by March 15, 2022. You did not do so. On our April 15th call, you stated that you have no documents responsive to Request No. 5. You agreed to provide a written, verified response to Request No. 5 within seven (7) days of our call, or by April 22, 2022.

<u>Request No. 7</u>

Allstate's Request No. 7 seeks all postings, flyers, and communications related to your counterclaims. In your written responses, you objected to this request as overly broad, vague, and "beyond the scope of the case" and produced no documents.

During our March 1st call, you agreed to produce documents responsive to Request No. 7 within fourteen (14) days, or by March 15, 2022. You failed to do so. During our April 15th call, you represented to us that you did not post any flyers or other communications related to the allegations in your counterclaims. You further agreed to amend your written response and provide documents responsive to Request No. 7—to the extent they exist—within seven (7) days of our call, or by April 22, 2022.

**<u>Allstate's Fifth Set of Requests for Production of Documents</u>**

<u>Request No. 2</u>

Allstate's Request No. 2 asks for all documents you received pursuant to subpoena in this case and subsequently sent to any third party, including any government agency. You produced no documents in response to this request.

During our March 1st call, we reminded you that the Court has already ordered you to produce all documents you have received pursuant to subpoena, which would include those coming within the scope of Request No. 2. You agreed to produce documents responsive to Request No. 2 within fourteen (14) days, or by March 15, 2022. You failed to do so. During our April 15th call, you stated that you have not received documents responsive from any of the government agencies you subpoenaed but have received documents responsive to other subpoenas you issued. We noted that we have received certain documents from Ivan Gerrity but it was not clear we received other documents you have collected. We reminded you that you need to produce all responses to subpoenas, even if the response from the subpoenaed party is to say that it has no documents. You agreed to amend your written response and provide documents responsive to Request No. 2, to the extent they exist, within seven (7)






days of our call, or by April 22, 2022. As part of your written response, please also confirm which subpoenaed parties you have received responses from and which subpoenas have not yet been answered.

Request Nos. 3 & 4

Allstate's Request Nos. 3 and 4 ask for all communications between you and any third party discussing the claims asserted by Allstate in this case (No. 3) or the counterclaims asserted by you in this case (No. 4). You produced no documents in response to these requests and instead objected to the requests as overly burdensome, over broad, and vague, and on the grounds of attorney-client privilege.

During our March 1st call, we reminded you that the attorney-client privilege only protects from disclosure communications made after an attorney-client relationship has been established and that, to the extent you are withholding any communications that you maintain are privileged, you must produce a privilege log pursuant to the Federal Rules. You agreed to produce non-privileged documents responsive to Request Nos. 3 and 4 within fourteen (14) days, or by March 15, 2022, and to further respond with a privilege log. You did not do so. On our April 15th call, you agreed to amend your written response and provide documents responsive to Request No. 2, to the extent they exist, within seven (7) days of our call, or by April 22, 2022.

**Allstate's Second Set of Interrogatories**

Interrogatory Nos. 1, 2 & 3

Allstate's Interrogatory Nos. 1, 2, and 3 ask you to identify all persons with whom you have communicated about Allstate's claims against you (No. 1), your counterclaims against Allstate (No. 2), or any documents you have collected via subpoena and/or any purported illegal or unethical activity you understand those documents to show (No. 3). Over objections on the grounds of attorney-client privilege, you answered each of these interrogatories by stating only that you "will work with the law and government agencies according to Title 18, code 4 Misprision of Felony."

During our March 1st call, we reiterated our position that 18 U.S.C. § 4 is not a valid objection and not relieve you of your obligation to participate in discovery. You agreed to provide information responsive to Interrogatory Nos. 1, 2, and 3 within fourteen (14) days, or by March 15, 2022. You did not timely amend your responses. On our April 15th call, you agreed to provide amended answers to Interrogatory Nos. 1, 2, and 3 within seven (7) days, or by April 22, 2022.





We ask that you provide amended and/or supplemental responses consistent with the above time parameters. If you experience extenuating circumstances that prevent you from timely responding, we ask that you promptly communicate this to us. To the extent you do not provide timely responses, as you have assured, we will seek court relief, as appropriate, including a request for fees.

Finally, during our April 15th teleconference, we discussed Allstate's production of .pst files maintained by certain custodians. As we stated, Allstate has produced all non-privileged communications, including attachments, yielded by your search terms, for the ten (10) Allstate custodians identified by you. No non-privileged responsive documents have been withheld or redacted by Allstate.

If your recollection of what was discussed during our April 15, 2022 teleconference differs from that outlined above, please advise.

Allstate reserves all rights and remedies. Thank you.

Sincerely,

SEYFARTH SHAW LLP

/s/ *Bessie Fakhri*
Bessie Fakhri