FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:25 am, May 23, 2023
JEFFREY P. COLWELL, CLERK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03139-DDD-MEH

ALLSTATE INSURANCE COMPANY,

Plaintiff,

v.

JOHN CRUZ,

Defendant.

## DEFENDANT'S OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS IN MAGISTRATE'S SUMMARY JUDGMENT ORDER

Defendant John Cruz ("Cruz"), hereby submits his Objections to the Proposed Findings And Recommendations in the Summary Judgment Order entered by the Magistrate on April 17, 2023. In support of his motion, Cruz states as follows:

## LAW

Magistrate judges may hear dispositive motions in civil cases, such as motions for summary judgment, but only present recommend findings and conclusions for decision by a district judge. 28 U.S.C.S. § 636(b)(1)(A).

The Federal Rules of Civil Procedure include as a dispositive matter in civil cases "a pretrial matter dispositive of a claim or defense. Fed. R. Civ. P. 72(b)(1).

Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. 28 U.S.C.S. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

The district judge must make a "de novo determination" of the matter, but is not required to hear the matter anew. The district judge, on application, considers the record developed before the magistrate judge and makes his or her own determination on the basis of that record, without being bound by the findings and conclusions of the magistrate judge. The district judge may accept, reject, or modify the magistrate judge's findings, receive further evidence, or resubmit the matter to the magistrate judge. 28 U.S.C.S. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1).

A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The Haines rule applies to

2

all proceedings involving a pro se litigant, including . . . summary judgment proceedings." *Id.* at

n.3 (citations omitted).

On summary judgment, the court has no duty to search the record on behalf of a litigant

to find evidence supporting the litigant's summary judgment interests.  See *Cross v. Home Depot*,

390 F.3d 1283, 1290 (10th Cir. 2004) (explaining that, on a motion for summary judgment, "'it

is the responding party's burden to ensure that the factual dispute is portrayed with particularity,

without . . . depending on the trial court to conduct its own search of the record'" and the district

court has no obligation "to comb the record in order to make [the plaintiff's] arguments for him'

" (first quoting *Downes v. Beach*, 587 F.2d 469, 472 (10th Cir. 1978); then quoting *Mitchell v.*

*City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000)).

The Court may deem as admitted a party's statements of fact if not properly controverted.

The Tenth Circuit approves such treatment of uncontroverted factual assertions on summary

judgment.  See *Taylor v. Pepsi–Cola Co.*, 196 F.3d 1106, 1108 n.1 (10th Cir. 1999).

## ARGUMENT

1. On page 16 of the Magistrate's Findings and Recommendations, it states, "Admittedly,

   the [restrictive] covenant does not mention confidential information or trade secrets, nor

   is the restriction contained within any clause aimed at protecting trade secrets.  See

   Contract at IV, and XVIII. ECF 191-1 at 4-5, 9-10; *Colorado Accounting Machines, inc.*

   *v. Mergenthaler*, 44 Colo.App. 155, 609 P.2d 1125, 1126 (1980)." However, the

   magistrate then states, "...one purpose of the noncompetition provision was to protect

   trade secrets and confidential information." This conclusion by the magistrate goes

against the specific language of the restrictive covenant which the magistrate admits "does not contain any clause aimed at protecting trade secrets."

2.  The meaning of a contract is found by examination of the entire instrument and not by viewing clauses or phrases in isolation. *USF & G v. Budget Rent-A-Car*, 842 P.2d 208, 213 (Colo. 1992). Here, there is no statement or mention of "protecting trade secrets" in any clause of the restrictive covenant, or at all within the four corners of the document, and there is no ambiguity noted in any provision of the document. An ambiguity must appear in the four corners of the document before extrinsic evidence can be considered. See *Ad Two, Inc. v. City & Cty. of Denver*, 9 P.3d 373, 376–77 (Colo. 2000) ("Absent such ambiguity [in the terms of the agreement], we will not look beyond the four corners of the agreement to determine the meaning intended by the parties.").

3.  The Magistrate's Order dedicates two pages to determining whether Plaintiff's noncompetition covenant fits within the "trade secrets exception" of Colo. Rev. Stat § 8-2-113(2), even though Plaintiff did not make any trade secrets related argument or claim in its Motion for Summary Judgment. To paraphrase the court's language in *Cross v. Home Depot*, the Magistrate appears to be combing the record in order to make the plaintiff's arguments for him, which contravenes the intent of summary judgment, according to the *Cross v. Home Depot* decision. And, Plaintiff is not pro se, which makes the Magistrate's unsolicited trade secret analysis all the more concerning.

4.  C.R.S. § 8-2-113(2) does not provide an exception from the Colorado prohibition of non-compete agreements due to confidentiality concerns. Thus, the EA Agreement's non-compete provision is void as a matter of law under C.R.S. § 8-2-113(2) (2018).

5.  The Magistrate's Order also ignores Defendant's responses to Plaintiff's "undisputed facts" which specifically dispute most of Plaintiff's "undisputed facts," thus, rendering most of Plaintiff's facts disputed. The Magistrate states, in a footnote on page 2 of the Order, "…regarding the standard applicable to Defendant's responses to Plaintiff's undisputed facts. I have considered his responses and find the summary in Plaintiff's reply brief (ECF 210 at 2) to be an accurate accounting of the deficiencies of Defendant's responses under Fed. R. Civ. P. 56(c), the Court's Civil Practice Orders and Standards, and applicable case law." However, Defendant's responses specifically dispute Plaintiff's "undisputed facts" as follows:

*a.*  **Judge:** In April of 2010, Defendant purchased a book of business from Bill Kyle and signed the contract with plaintiff.

**Cruz:** On February 22, 2010, Defendant was notified by Bill Kyle that defendant's purchase of the Kyle Independent Agency was approved. "I [Kyle] spoke with Mary Ellen last week and she said you were qualified and approved for all 3 agencies, congratulations." **Exhibit: F**. Cruz has operated with this understanding and the tacit approval of Allstate for the last 13 years. He produced over $5M in revenue and was included in many trips, including one for increasing the business by 40%.

**Cruz:** On April 1, 2010, Defendant signed a contract with Plaintiff.

**Cruz:** On April 1, 2010, Defendant purchased an insurance business from William (Bill) Kyle, Kyle Insurance Group LLC. Which included Affordable American Insurance (AAI), which in turn included customers of many insurance products, with customers with many carriers.

5

**Exhibit A1, A2, A3, B**

**Exclusive Agent:** Exclusive agents in the insurance industry, or captive agents, are contracted to sell policies for a single insurance company.

**Independent Agent: Independent agents can sell the policies of many different companies.**

**Cruz:** Plaintiff allowed all Allstate representatives, Allstate Exclusive Agents to sell customer, Leads, Quotes, Personal information to anyone outside of Allstate and receive compensation, gift cards. Referring business outside of Allstate for insurance products with other carriers, **Plaintiff allowed Allstate Exclusive Agents to work as Independent Agents for over 15 years while under R3001 contract.** The Court misunderstood the difference between an Exclusive Agent and an Independent Agent, and it dominated the Court order. Cruz was never an Exclusive Agent. He was always an Independent Agent based on his approved purchase of business from William Kyle.

**See: Depositions:**

> **Jodi Lynch Testified:**
> Q      *Who authorized you at Allstate to refer business?*
> A      *I did. There was nothing –*
>
> Q      *Is it okay for you to refer business, receive gift cards for*
>          *that business, and not inform Allstate, or did Allstate know*
>          *about this?*
> A      *For 20- or $25?*
> Q      *Yes. 20-, $25 gift card.*
> A      *I don't think there's anything wrong with that.*
> **Lynch Dep.,** 46:5-7, 46:23-47:4.
>
>
> **Rebecca Martens Testified:**

6

> Q    *In your contract does it allow you to refer business for financial gain, direct or indirect?*
> A    *It does—*
>
> **Martens Dep., 46:8-13**
>
> **Exhibit Dino DiCarlo**
> Q    *And that contract allows you to share -- to refer business to outside entities -- outside people of Allstate?*
> A    *Yes.*
>
> **DiCarlo Dep., 16:6-9**

b.    **Judge:** William Kyle was an Allstate EA. Who sold his economic interest in the Allstate books of business he serviced to Cruz.

    **Cruz: Judge is incorrect:** William Kyle was not an Allstate EA, he was an Independent Agent.

    **Exhibit A1, A2, A3, B**

c.    **Judge:** Prior to terminating EA Agreement, Kyle did not work for an Independent Agency.

    **Cruz: Judge is incorrect.** Kyle Was an Independent Agent, as owner of Kyle Insurance Group LLC.

d.    **Judge:** Did not sell or service policies for any other carriers.

    **Cruz: Judge is incorrect.** William Kyle, Owner of Kyle Insurance Group LLC was filed with Colorado Department of State on October 8, 2009 as **Exhibit A1**

    William Kyle, Kyle Insurance Group LLC was an Independent Agent of AAI, since October 8, 2009, BBB. **Exhibit A2, A3, Exhibit B, Including Allstate.**

    William Kyle, Owner of Kyle Insurance Group LLC was an Independent Agent of AAI. He sold or serviced policies for many carriers, Including Allstate. **Exhibit B**

e.   **Judge:** Kyle did not work for any Independent Agency, did not sell or service any policies for any other carriers, and did not have any customers in Allstate books of Business that had policies with insurance carriers other than Allstate.

**Cruz: Judge is incorrect,** William Kyle was an Independent Agent of AAI. He sold or serviced many policies for many other carriers including Allstate, and had customers in books of Business that had many policies with many other carriers, including Allstate.

**Exhibit A2, A3, B**

> **Richard Poduska Testified:**
> Q.   *Bill Kyle was a person I bought my insurance agency from back in 2010, to your knowledge, was Allstate agents, Allstate representatives, allowed to own an Allstate agency and a brokerage?*
> A.   *Multiagency and a brokerage?*
> Q.   *Own an insurance agency with Allstate –*
> A.   *Uh-huh*
> Q.   *and own an insurance Independent Agency outside of Allstate?*
> A.   *To my knowledge, no that was having, again, financial interest in a competing, outside business activity was not authorized,*
> **Poduska Dep.,** 70:12-24

**Cruz:** Cruz purchased an insurance agency from William Kyle, Owner of Kyle Insurance Group LLC. AAI, Independent Agency. Purchase was Cruz's outside business approved by Plaintiff on April 1, 2010. Cruz did not purchase Allstate Trade secrets. Purchase was from 3rd party.

f.   **Judge:** Defendant operated his Exclusive Agency at 7510 US Highway 287 in Broomfield Colorado from approximately 2011 through the date of Agreement terminated on August 26 , 2020.

8

Cruz: **Judge is incorrect,** Defendant operated his Insurance Business at 7510 US Highway 287 in Broomfield Colorado from approximately 2011 through the date of on August 26 , 2020. Defendant also operated his approved outside businesses during this same period.

g.  **Judge:** While operating as an EA, Defendant also engaged in outside activities as an author.   Specifically, Defendant published two books entitled, "Whistleblower Bloodmoney" and :" World Banking World Fraud," Using Your Identity,"

Cruz: **Judge is incorrect,** While operating as an Insurance Agent since April 10, 2010, Defendant also engaged in approved outside activities as an author.  Plaintiff approved the insurance business purchased from William Kyle, Owner of Kyle Insurance Group LLC, an Independent Agent of AAI.

**Exhibit A1, A2, A3, B**

h.  **Judge:** Specifically, Defendant published two books entitled, "Whistleblower Bloodmoney" and :" World Banking World Fraud," Using Your Identity," both of which relate to his work for HSBC Bank and certain criminal activity Defendant claims to have uncovered.

Cruz: Defendant was a whistleblower against HSBC Bank.

**See:** United States District Court in the Eastern District of New York, JOHN CRUZ V. HSBC BANK.  Case No. CV-12-6088

**See:** UNITED STATES OF AMERICA, v. HSBC BANK USA, N.A. AND HSBC HOLDINGS PLC, Defendants.  12-CR-763

**Cruz**:   Criminal activity Defendant claims to have uncovered at Allstate Insurance Company was not reported to any Government Agency by Plaintiff.  Plaintiff terminated Defendant illegally.

Whistle-blower Protection.  Allstate Violated **The Sar banes Oxley Act of 2002 section 806.**. is a federal statute enacted in 2002 in order to promote accountability for public companies.  The statute contains a whistleblower protection clause stating that no officer, employee, contractor, sub-contractor, or agent may be fired or otherwise face retaliation for reporting unlawful conduct.   Allstate Insurance Company is a publicly traded Company.  Defendant is protected under **The Sar banes Oxley Act of 2002 section 806.**

**See: U.S. Code & 1343 Fraud by wire, radio, or television   Here, the timing of Defendant's termination has to be examined in relation to Defendant's complaints about illegal activity, namely the gift cards.**

### 940. 18 U.S.C. SECTION 1341-ELEMENTS OF MAIL FRAUD

The statute of limitations for mail fraud and wire fraud prosecutions is five years ( 18 U.S.C. § 3282), except for mail and wire fraud schemes that affect a financial institution, in which case the statute is ten years (18 U.S.C. § 3293).

### 941. 18 U.S.C. 1343-ELEMENTS OF WIRE FRAUD

The elements of wire fraud under Section 1343 directly parallel those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme.

**EC EX-14 3 dex14.htm CODE OF ETHICS:** E. Acceptance of Gifts, Fees and Entertainment from Customers and Suppliers

10

It is the policy of the Corporation to prohibit employees from seeking or accepting gratuities in connection with any company business and to permit employees to accept gifts or entertainment from customers or suppliers only under limited circumstances, as set forth below.

No employees, nor members of their immediate families, should seek or accept, directly or indirectly, anything of value in connection with any transaction or business of the company.  Any gift or inducement, no matter what its value, may be perceived as a bribe if the employee's actions are influenced by receipt of such.  Employees may accept gifts and entertainment of nominal value from customers and suppliers when it is clear the customer or supplier is not trying to influence the employee in connection with a transaction and when the gift or entertainment is unsolicited.  For purposes of this policy, "nominal value" shall mean not more than $25.

**Federal Law (18 U.S.C. Sec. 215)** makes it a crime for an officer, director, employee, agent, or attorney of the Corporation to accept or agree to receive gifts or fees from any person offered as influence or as a reward in connection with any business or transaction with the Corporation.   This may include both direct and indirect benefits, such as commissions, special discounts, free services, or other payments or concessions from attorneys, insurance and real estate agents, salesmen and the like, who may offer inducements for giving or referring business to them.

**IRS Publican 963 Gift Cards.  De Minimis Fringe Benefits.**

Cash or cash equivalent items provided by employers are never excluded from income. Gifts certificates that are redeemable for general merchandise or have an equivalent cash value are not de minima benefit and are taxable.

*i.*    **Judge:** In 2012, Defendant wife opened an Independent Insurance Agency, later known as Colorado Premier Insurance, which sold property and casualty products on behalf of other carriers in competition with Allstate.

**Cruz:** Dependent's wife opened an Independent Agent insurance business in Longmont Colorado.  20 miles from Defendant office.  It sold property and casualty products on behalf of other carriers in competition with defendants approved outside business.

> **Poduska testified:**
>
> Q.    *On the Secretary of State, it's just 4G Insurance.  There is no 4G Insurance – Allstate agency.  And this is her husband, Patrick Gonzales, who is 4G Insurance Brokers.  There is no  "Brokers" on the State website.  It's only 4G Insurance.*
>
> Q.    *(BY MR. CRUZ) My question is, was she allowed to be an Allstate agent and her husband to have his own brokerage outside of Allstate?*
>
> THE WITNESS:  *I mean, according to what was just there,* **yeah***.*
> **Poduaka Dep.,** 59:23 - 60:4, 61:21 – 62:1

*j.*    **Judge:** Pursuant to the terms of the contract, Defendant Could sell Plaintiff's insurance products as an Exclusive Agent and had access to confidential information.

**Cruz:  Judge is incorrect:** Pursuant to the terms of the Allstate contract, Defendant could sell insurance products as an Insurance Agent, as all Allstate Insurance Agents are approved by plaintiff to sell all information including names, address, ages of

policyholder of the company, to also include Social Security Numbers, premium amounts, amount of insurance, policyholder list and any policyholder information subject to any privacy laws: claim information, and certain information and materials identified by the company as confidential information considered a trade secret.   None of these items are so identified.

**See:  127 18 U.S.C. & 1831 Trade Secrets.**  Exhibit D **a.**  In order for Trade Secrets to remain secret the owner thereof has taken reasonable measures to keep such information secret: and **b.** the information derives independent economic value.  actual or potential, from not generally known to, and not being readily ascertainable through proper means by, the public.

**See** Depositions of: Lynch, 46:5-7, 46:23-47:4; **Martens, 46:8-13; DiCarlo,** 16:6-9

*k.*   **Judge:** The contract specified that all telephone numbers used in connection with business conducted pursuant to this contract are property of the Plaintiff.

**Cruz:** The contract has no agreement as to outside business phone numbers.  Plaintiff approved all outside businesses purchased from third parties.

*l.*   **Judge:** In limited circumstances, the contract **allowed Defendant to sell pre-approved insurance products from other carriers.**

**Cruz:** Defendant was approved to purchase insurance business from  William Kyle, Owner of Kyle Insurance Group LLC, an Independent Agent of AAI.

**Exhibit A1, A2, A3, B**

13

*m.* **Judge:** It states that Defendant could not  "either directly or indirectly, solicit sell, or service insurance of any kind for any other company, agent, or broker, without written approval of the plaintiff.

  **Cruz:** Defendant was approved to purchase insurance business from  William Kyle, Owner of Kyle Insurance Group LLC, an Independent Agent of AAI.

**Judge #13, allowed Defendant to sell pre-approved insurance products from other carriers per.**

**Exhibit A1, A2, A3, B**

**See Depositions of: Martens, 46:8-13; Lynch,** 46:5-7, 46:23 – 47:4.

*n.* **Judge:** Allstate EAs may refer customers to Independent Agencies to the extent the business cannot be written through Allstate.  If an Allstate EA provides customer information, such as contact information, with the referral, such information is provided only with the customer's consent.

**Cruz:** Allstate has no records of any business that cannot be written through Allstate.

Richard Poduska testified:

*Q*    *Do you have records of Allstate's quotes, Allstate's leads, Allstate's customers that*
*have been referred to outside individuals?*
*A*    *Oh, no.*
*Q*    *No. And nobody keeps accounting  records? Nobody you know of at Allstate keeps accounting records for quotes, leads, customers for gift cards, payments?*
*A*    *Not that I'm aware of.*
**Deposition of** Richard Poduska, 33:22-23, 48:____, 62:19-22.

14

Dino DiCarlo testified:
Q      *Do you keep a log of referrals that you refer outside Allstate?*
A      *No.*
Dino DiCarlo, 13:25 – 14:2


Elise Teague testified:
Q      *Allstate keeps no records, correct me if I'm wrong, of Allstate's customers being referred outside of Allstate?*
A      *I don't know.*
**Deposition of** Elise Teague, 62:19-22


*o.*     **Judge:** As part of the Contract, Defendant also agreed to abide by the Supplement for the R3001 Agreement ("Supplement"), the IC Manual, and the Allstate Agency Standards, all of which are expressly incorporated into the Contract.

**Cruz:** Regarding USOF #13, by Allstate allowing Cruz to purchase outside business from William Kyle, Kyle Insurance Group LLC  was an Independent Agent of AAI, Cruz was within agreement.  Cruz purchased public information.

**Exhibit A1, A2, A3, B**

*p.*     **Judge:** The Contract may not be modified except by written agreement between Allstate and the EA which expressly states that it modifies the Contract and "no other written statements, representations, or agreements and no oral statements representations or agreement will be effective to modify Contract."

**Cruz:** Regarding USOF #14, as stated by in depositions, EA's are allowed to sell customer info.  Allstate assists all EA's in selling customer personal information with the use of Allstate Electronic Communication.  Defendant purchase outside business from

William Kyle, Kyle Insurance Group LLC  was an Independent Agent of AAI, Cruz was

within agreement.  Cruz purchased public information.

See: **Exhibit A1, A2, A3, B**

**See depositions of: Lynch,** 46:5-7, 46:23 – 47:4; **Martens, 46:8-13; DiCarlo,** 16:6-9


*q.*    **Judge:** In October 2019, Plaintiff received an email from another Allstate agent reporting

"we have a new customer who was working with an Allstate agent who brokers her

business.  We just wrote the home and auto and she said she need[s] to call her Allstate

agent to cancel her Safeco policy.  The agent is John Cruz, and we have a recorded call

that states he brokers her other lines of business.  What do we need to do to report an

agent who is also running an Independent Agency?"

**Cruz:** Regarding USOF #15, as stated in depositions.  All EA's are allowed to sell, refer,

broker customer personal information to anyone. and receive gift cards.  Gift cards are a

financial interest.  IRS considers gift cards as CASH.  Cruz refused to accept gift cards.

    **Exhibit A1, A2, A3, B**

See depositions of: **Martens, 46:8-13; DiCarlo,** 16:6-9; Lynch, 46:23 - 47:4

          **Jodi Lynch testified:**

          *Q*     *But you never declared any referral visits --*
          *A*     *Gift cards?*
          *Q*     *Gift cards.*
          *A*     *No.*
          **Deposition of Jodi Lynch** 65:8-12

          Dino DiCarlo **testified:**

Q   *Do you keep documentation on your referrals as in regard to Allstate declining them business?*
A   *I don't keep logs of it, no.*
Q   *So of all the business you refer out, you  don't keep a log of these customers -- clients, leads,  prospects.  You don't keep a log of the credit card you receive from Ivan Gerrity, Steve Longenecker, or anyone to that respect?*

Q   *Gift card.  Do you keep any logs whatsoever on gift cards?*
A   *I do not.*
**Deposition of** Dino DiCarlo, 15:4-11, 15:14-16.


**Elise Teague testified:**
Q   *Do customers -- Allstate leads, Allstate quotes, Allstate customers, anybody at Allstate – they go to an Allstate financial* **representative,** *and that representative refers that customer outside of Allstate and they receive gift cards, does the customer know that agents receive the gift cards?*
A   *I don't know.*

A   *I don't know.  And agents shouldn't be sharing  commissions.  That would be against the referral  guidelines.*
**Deposition of Elise Teague** 37:16-22, 38:2-4


**See: IRS Publican 963 Gift Cards.  De Minimis Fringe Benefits.**

*r.*   **Judge:** Allstate leaders immediately forwarded the information to Allstate's Human Resources Producer Agency Relations Team ("HR Part" or "Investigative Services"), an independent department at Allstate responsible for conducting investigations related to the allegations against Ea's.


**Cruz:** Defendant purchased insurance business from William (Bill) Kyle, Kyle Insurance Group LLC.  AAI, Independent Agent.  Approved by Plaintiff.  Cruz was never paid for the business.  Plaintiff is responsible of theft of Defendant property from 3rd party.

17

*s.*   **Judge:** Plaintiff investigated the complaint and found that "[t]he weight of evidence is sufficient to support the conclusion that R3001S Exclusive Agent John Cruz is brokering for other carriers, and he could not provide a credible explanation on his involvement with these carriers."

**Cruz:** Defendant purchased insurance business from William (Bill) Kyle, Kyle Insurance Group LLC.  AAI, Third party information, Approved by Plaintiff.

**Exhibit A1, A2, A3, B**

*t.*   **Judge:** For example, Defendant had several emails in his Allstate account related to customers' Travelers and Safeco policies and emails that suggested he was working on behalf of CPI.  ECF 191 at 9.

**Cruz:** Defendant purchased insurance business from William (Bill) Kyle, Kyle Insurance Group LLC.  AAI, Kyle was an Independent Agent with customers with many policies with many carriers, including Allstate, a practice that was followed for almost 15 years and generated many Allstate customers.

**See: Exhibit A1, A2, A3, B**

*u.*   **Judge:** Defendant had an email he received from an Allstate customer asking about the renewal date on his Progressive policy, and another email from another Allstate customer in which she is forwarding an email she received from jon@copremierins.com attaching "Your Safeco Insurance Documents" to Defendant at his Allstate email address and asking Defendant questions about how her paying off a loan will affect her Safeco policy...

18

**Cruz:** Defendant purchased insurance business from William (Bill) Kyle, Kyle Insurance Group LLC. AAI, Kyle was an Independent Agent with customers with many carriers, including Allstate, Third party information, Approved by Plaintiff.

**Exhibit A1, A2, A3, B**

**See Deposition of Poduska, 70:12-19**

*v.* **Judge:** The Contract also allowed Defendant to refer potential clients to Independent Agencies "as long as [he] ha[d] no involvement with the referral business other than to give out names, addresses and phone numbers." ECF 191-1 at 2; 192-1 at 9. The Contract noted that "the referral of business to an Independent Agency in which you have either a direct financial interest or an indirect financial interest (e.g., spouse has ownership interest) is not considered gratuitous and is not authorized.

**Cruz: Judge is incorrect:** Addendum to contract dated November 9, 2020, was after Defendant termination date of August 26, 2020. This did not pertain to defendant contract dated April 1, 2010. Regarding USOF #28, EA Agreement - Cruz was allowed to purchase business from 3rd party - multiple companies. See: Kyle **Exhibit A1, A2, A3, B**

*w.* **Judge:** Defendant routinely referred business to CPI, the insurance agency owned by his wife.

**Cruz;** Cruz wife opened businesses in Longmont Colorado. Twenty mile from Defendant. Addendum to contract dated November 9, 2020, was after Defendant termination date of August 26, 2020.

**Dino DiCarlo testified:**

19

> *Q*     *Where in this addendum does it state you are allowed to refer business?*
>
> *A*     *"Referring business to another company, agent, or broker. You may refer business not acceptable to Allstate as a gratuitous service to an insured or prospect, as long as you have no involvement with the referral business other than to give out names, addresses and phone numbers. However, you are cautioned against consistently referring business to the same agent or broker. The company only authorizes referrals on an informal basis within the local market."*
>
> *Q*     *What is the date of this document?*
>
> *A*     *November 9, 2020.*
>
> **Deposition of Dino DiCarlo,** 39:6-18

*x.*   **Judge:** The Contract may be terminated in three ways: (1) at any time by mutual agreement of the parties in writing; (2) by either party with ninety days' written notice if termination is without cause; and (3) by Allstate immediately if the termination was for cause, including cases of breach of the Contract, fraud, forgery, or misrepresentation of conviction of a crime. ECF 191-1 at 9.

**Cruz:** Defendant uncovered, Tax Evasion, Tax Fraud, Wire Fraud, Security and Exchange Commission, Cyber Crimes, RESPA Violations.

1.     IRS Publican 963 Gift Cards. De Minimis Fringe Benefits.

2.     U.S. Code & 1343 Fraud by wire, radio, or television

940. 18 U.S.C. SECTION 1341-ELEMENTS OF MAIL FRAUD [ibid].

3.     941. 18 U.S.C. 1343-ELEMENTS OF WIRE FRAUD

4.     EC EX-14 3 dex14.htm CODE OF ETHIC [ibid].

5.     Section 8 of RESPA

Plaintiff was not allowed to terminate Defendant by law.

20

**See; Brian Mitchum: Defendants Field Manager at Allstate:**
**Exhibit C, Recording Date July 9, 2020, Transcript August 31, 2020**

*John Cruz:*     *I hear it from everybody.  They talk about me a lot.  So, you know that.*
*Brian Mitchum:  They do.*
*John Cruz: So-*
*Brian Mitchum: Yeah.*
*John Cruz:     They'll use anything and everything they can against me because I'm a whistleblower.  And I know that.  Been told by corporate people everywhere.*
*Brian Mitchum: Yep.*
*John Cruz: Yep.  Mm-hmm (affirmative).  So, we'll see. Time will tell.*
*Brian Mitchum: Time will tell indeed.*

**Whistleblower Protection Laws:** Employees of Contractors, Grantees, and Personal Services Contractors.  Under 41 U.S.C. § 4712  employees of Government contractors, subcontractors, grantees, and subgrantees—as well as personal services contractors—who make a protected disclosure about a Federal grant or contract cannot be discharged, demoted, or otherwise discriminated against as long as they reasonably believe the information they disclose is evidence of: Who May Receive a Report Covered by 41 U.S.C. § 4712,

A manager or other employee of the contractor, grantee, or personal services contractor who has responsibility for investigating, discovering, or addressing misconduct.

**Cruz:  Criminal activity Defendant claims to have uncovered at Allstate was not reported to any Government Agency by Plaintiff.  Plaintiff terminated Defendant illegally.**

Whistle-blower Protection.  Allstate Violated **The Sar banes Oxley Act of 2002 section 806.**  is a federal statute enacted in 2002 in order to promote accountability for public

companies.  The statute contains a whistleblower protection clause stating that no officer, employee, contractor, sub-contractor, or agent may be fired or otherwise face retaliation for reporting unlawful conduct.  Allstate Insurance Company is a publicly traded Company.  Defendant is protected under **The Sar banes Oxley Act of 2002 section 806.** 1669

**See: U.S. Code & 1343 Fraud by wire, radio, or television**

**940. 18 U.S.C. SECTION 1341-ELEMENTS OF MAIL FRAUD**

The statute of limitations for mail fraud and wire fraud prosecutions is five years ( 18 U.S.C. § 3282), except for mail and wire fraud schemes that affect a financial institution, in which case the statute is ten years (18 U.S.C. § 3293).

**941. 18 U.S.C. 1343-ELEMENTS OF WIRE FRAUD**

The elements of wire fraud under Section 1343 directly parallel those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme.

**EC EX-14 3 dex14.htm CODE OF ETHICS:** E. Acceptance of Gifts, Fees and Entertainment from Customers and Suppliers [ibid]

**Federal Law (18 U.S.C. Sec. 215)** [ibid].

**IRS Publican 963 Gift Cards.  De Minimis Fringe Benefits.**

Cash or cash equivalent items provided by employers are never excluded from income. Gifts certificates that are redeemable for general merchandise or have an equivalent cash value are not de minima benefit and are taxable.

**Section 8 of RESPA** prohibits **a person from giving or accepting anything of value for referrals of settlement service business related to a federally related mortgage loan**. It also prohibits a person from giving or accepting any part of a charge for services that are not performed.

**"(f) Referral. "(1)** A referral includes any oral or written action directed to a person which has the effect of affirmatively influencing the selection by any person of a provider of a settlement service or business incident to or part of a settlement service when such person will pay for such settlement service or business incident thereto or pay a charge attributable in whole or in part to such settlement service or business." 24 CFR 3500.14(f)(1). Title 24 - Housing and Urban Development

Part 3500 - REAL ESTATE SETTLEMENT PROCEDURES ACT

Section 3500.14 - Prohibition against kickbacks and unearned fees.

*y.*    **Judge:** Following its internal investigation, Plaintiff accepted Investigative Services' August 3, 2020, recommendation for termination and terminated its Contract with Defendant on August 26, 2020.

**Cruz:** Defendant never expected Investigate Services as they were internal. Regarding USOF #33, Allstate EA contract allows agents to refer business as stated in contract and depositions - Allstate has no records of any business denied by Allstate. Defendant also engaged in approved outside activities, approved insurance business purchased from William Kyle, Owner of Kyle Insurance Group LLC, an Independent Agent of AAI, and author.

**Exhibit A1, A2, A3, B**

23

See depositions of: **Martens,  46:8-13; Lynch,** 46:5-7, 46:23 – 47:4.

**Richard Poduska testified:**
Q.      (BY MR. CRUZ) Is Erika Lousberg allowed to refer business outside of Allstate?
A.      Simply put, is she allowed to?  Yes representative, they cannot receive -- it is a reportable question, "Did you receive a gift in the amount of a hundred dollars or more from any respective client?"
**Deposition Richard Poduska,** 11:22-24, 59:1-4

z.    **Judge:** If the Contract terminates, it provides that Defendant would be entitled to compensation for any new and renewal business processed up to and including the date of termination of the Contract, and business processed up to the termination date.  ECF 192-1 at 8

**Cruz:** Plaintiff terminated Defendant due to Defendant complaint about illegal activities taking place at Allstate.  Complaint made to Allstate confirmed by Defendant Field Manager, Brian Mitchum.

**See: Exhibit: C, Mitchum Recording, July 9, 2020, Exported August 31, 2020**

**Cruz: Whistle-blower Protection.  Allstate Violated The Sarbanes-Oxley Act (SOX) section 806.**  is a federal statute enacted in 2002 in order to promote accountability for public companies.  The statute contains a whistleblower protection clause stating that no officer, employee, contractor, sub-contractor, or agent may be fired or otherwise face retaliation for reporting unlawful conduct.  Allstate Insurance Company is a publicly traded Company.

**See: U.S. Code & 1343 Fraud by wire, radio, or television**

**940. 18 U.S.C. SECTION 1341-ELEMENTS OF MAIL FRAUD**

24

The statute of limitations for mail fraud and wire fraud prosecutions is five years ( 18 U.S.C. § 3282), except for mail and wire fraud schemes that affect a financial institution, in which case the statute is ten years (18 U.S.C. § 3293).

**941. 18 U.S.C. 1343-ELEMENTS OF WIRE FRAUD**

The elements of wire fraud under Section 1343 directly parallel those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme.

**EC EX-14 3 dex14.htm CODE OF ETHICS:** E. Acceptance of Gifts, Fees and Entertainment from Customers and Suppliers [ibid].

**Federal Law (18 U.S.C. Sec. 215)** [ibid].

aa.   **Judge:** Defendant received a payment of $14,321.71 on September 18, 2020, which was his final commission payment for the new and renewal business processed up to the date of termination.

Cruz:  Defendant did receive a payment of $14,321.71.  No other payments received from Plaintiff in retaliation against Defendant.  Defendant was terminated illegally.

**Cruz: Whistle-blower Protection.  Allstate Violated The Sarbanes-Oxley Act (SOX) section 806.**  is a federal statute enacted in 2002 in order to promote accountability for public companies.  The statute contains a whistleblower protection clause stating that no officer, employee, contractor, sub-contractor, or agent may be fired or otherwise face retaliation for reporting unlawful conduct.  Allstate Insurance Company is a publicly traded Company.  Defendant is protected under The Sar banes Oxley Act of 2002 section 806.  Defendant had many conversations regarding illegal activities taken place at

Allstate.  See Mitchum phone conversation.  Allstate wanted Cruz gone.  Allstate is a public Trading Company, Defendant was never given access to sell business, never given access to business approved purchase from third party William Kyle.

**See: Exhibit: C, Mitchum Recording, July 9, 2020, Exported August 31, 2020**

*bb.*  **Judge:** Although Plaintiff terminated Defendant for cause, it gave him ninety days to sell his or her economic interest in the book of business to a purchaser that must be approved by Plaintiff.  ECF 192-1 at 29.  Plaintiff's Termination Letter to Defendant indicated that the sale of Defendant's economic interest in the book of business must be completed on or before December 1, 2020.  ECF 191-17 at 2.

**Cruz:** Defendant was terminated without cause, never given access to sell insurance business within 90 days.  Defendant is protected under **The Sarbanes-Oxley Act (SOX) section 806.**  The Sarbanes-Oxley Act.  is a federal statute enacted in 2002 in order to promote accountability for public companies.  The statute contains a whistleblower protection clause stating that no officer, employee, contractor, sub-contractor, or agent may be fired or otherwise face retaliation for reporting unlawful conduct.  Allstate Insurance Company is a publicly traded Company.

*cc.*  **Judge:** Although Plaintiff terminated Defendant for cause, it gave him ninety days to sell his or her economic interest in the book of business to a purchaser that must be approved by Plaintiff.  ECF 192-1 at 29.  Plaintiff's Termination Letter to Defendant indicated that the sale of Defendant's economic interest in the book of business must be completed on or before December 1, 2020.

26

**Cruz:** Regarding USOF #41, Defendant had authorized brokering from day one. Lynch authorized and introduced Defendant to multiple brokers in the area that she worked with. Defendant purchased insurance from third party approved by Plaintiff. William Kyle, Owner of Kyle Insurance Group LLC  was an Independent Agent of AAI.

**Exhibit A1, A2, A3, B**

See Deposition of Lynch, 46:5-7, 46:23 – 47:4

*dd.*  **Judge:** The Contract also requires that upon termination, Defendant must (1) return of all property belonging to Plaintiff, (2) cease representing himself as an agent or representative of Plaintiff, and (3) cease using any phone numbers used for operation of his Exclusive Agency and execute an order of transfer of responsibility for any such numbers to Plaintiff or any party Plaintiff designates. ECF 191-1 at 9.

**Cruz;** Defendant complied.  Any and all property purchase from outside third party, outside businesses is not plaintiff's property. Defendant purchase insurance business from third (3) party, William Kyle, Owner of  Kyle Insurance Group LLC Independent Agent of AAI.

*ee.*  **Judge:** When Allstate terminates an EA Agreement immediately for cause, it is Allstate's standard practice to immediately revoke the EA's and his or her employees' access to Allstate systems.

**Cruz:** Allstate terminated Defendant illegally.  **Whistle-blower Protection.   The Sarbanes-Oxley Act (SOX) section 806.** [ibid].

*ff.*  **Judge:** On August 26, 2020, Territorial Sales Leader ("TSL") Richard Poduska and Field Sales Leader ("FSL") Brian Mitchum went to Defendant's Allstate Exclusive Agency

location and delivered the termination letter to him.  Defendant refused a request from Poduska and Mitchum to transfer the phone number for his Exclusive Agency.

**Cruz:** Defendant never refused.  ALL COMPLETED, Defendant was terminated for being a Whistleblower and discussed during termination with Richard Poduska and Brian Mitchum.  Defendant was notified he would be terminated for being a  Whistleblower, time will tell.

**See: Exhibit: C, Mitchum Recording, July 9, 2020, Exported August 31, 2020**

gg.  **Judge:** On September 30, 2020, a month after his termination, Defendant sent an email from johncruz@copremierins.com to several Allstate customers.  ECF 191-27 at 2. Defendant wrote:

*Case 1:20-cv-03139-NYW-MEH Document 221 Filed 04/14/23 USDC Colorado Page 8 of 27 [y]ou may have noticed that Allstate has been making lots of changes recently. If you Google 'Allstate cuts' you will see articles related to drastic cuts in management and agents." Id. He continued, "I have been informed that Allstate is in the process of terminating my office . . . " and that "I am in the process of transitioning to working as an insurance agent with my family's insurance brokerage called Colorado Premier Insurance; to continue being an insurance agent with a broader range of services and multiple insurance companies."*

**Cruz:** Regarding USOF #46, Cruz gave a creditable explanation.  Cruz was approved for outside business.  Defendant had every right to do this, there was nothing done wrong.

hh.  **Judge:** The Termination Payment is contingent upon Defendant not soliciting the purchase of products or services in competition with those sold by Plaintiff from any

28

location within one mile of the agency sales location at the time the Contract is terminated.

**Cruz:** Regarding USOF #49, Cruz admitted he purchased business from broker approved by Allstate.

**Cruz:** Regarding USOF #50, Teague admitted all EA's sell/broker all customer information and Allstate documents.  All have a financial interest by getting paid with gift cards.  Allstate does not report any of this business to any government agency.

*ii.* **Judge:** Cruz used an Allstate customer list to compile the list of customer emails to send the September 30, 2020, solicitation email.

**Cruz:** Defendant never used the Allstate list.  All information is public information available through 3rd parties.

*jj.* **Judge:** Plaintiff's Termination Letter to Defendant indicated that his Termination Payment is "conditioned upon, for example, compliance with the confidentiality and non-solicitation provisions that survive termination of the [Contract] and the immediate return of all [Plaintiff's] property."

**Cruz:** Allstate has no confidential information.  Defendant sells Allstate confidential information through non secured internet.  Defendant representatives admitted to the selling of Allstate confidentiality information, to anyone willing to pay them with Gift Cards.

See depositions of: **Martens, 46:8-13; DiCarlo,** 16:6-9; **Lynch,** 46:5-7, 46:23 – 47:4.

**Law: 1127 18 U.S.C. & 1831 Trade Secrets.**  a. In order for Trade Secrets to remain secret the owner thereof has taken reasonable measures to keep such information secret:

and b. the information derives independent economic value. actual or potential, from not generally known to, and not being readily ascertainable through proper means by, the public.

***kk.*** **Judge:** Following termination of Defendant's EA Agreement, as required by applicable regulations, Plaintiff submitted notices to the Financial Industry Regulatory Authority ("FINRA") and the Colorado Division of Insurance on Cruz's termination.

Regarding USOF #71, Once phone number was turned over to Allstate, Allstate was to handle all phone operations.

Regarding USOF #72, Cruz worked from home.

Regarding USOF #77, Cruz's EA Agreement non-solicitation provision is void under Colorado law, and Cruz is not subject to its limitations.

Regarding USOF #78, insurance business is done online.

Regarding USOF #81, Davis lost business etc. to her slander of Cruz. Davis also sells customer personal information and gets paid with gift cards.

> **Ivan testified:**
> Q     *Okay.  Also looking at Catherine Davis.  You   used to work with her?*
> A     *You asked me that already.  Yes.*
> Q     *And you used to give her gift cards also for  work referrals?*
> A     *Most likely yes.*
> **Deposition of Ivan,** 41:1-6

Regarding USOF #82, Davis lost business etc. to her slander of Cruz. Davis also sells customer personal information and gets paid with gift cards.

30

**See Deposition of Ivan,** 41:1-6

**Cruz:** Catherine Davis lost and sold business.

**Ivan testified:**
| | |
|---|---|
| | include customer's personal information? |
| A | *Occasionally, it did.  Yes.* |
| Q | *And did you pay out gift cards to Allstate  representatives, for referring business?* |
| A | *Yes.* |
| Q | *And did you, or did you not, keep account of your records?* |
| A | *I don't keep records like that.  There could  be one in --* |
| Q | *Did you --* |
| A | *-- like the send-out cards.* |
| Q | *Did you report any of this information to FENRA?* |
| A | *Nope.* |
| Q | *To the US Treasury?* |
| A | *Nope.* |
| Q | *To Colorado Department of Revenue?* |
| A | *Nope.* |
| Q | *To the Attorney General?* |
| A | *Nope.* |
| Q | *Any government agency?* |
| A | *Nope.* |
| Q | *And how long have you -- you started your agency in June of 2011?* |
| A | *Yeah.* |
| Q | *And the referral business is still going on today, back, and forth, with Allstate representatives?* |
| A | *It is.  Not -- not frequently, but it is.* |
| Q | *But it's still taking place?* |
| A | *Yes.* |
| Q | *And these are individuals still working at  Allstate agencies?* |
| A | *Yes.* |

Deposition of Ivan, 47:1 – 48:8

**Cruz: The Judge is incorrect.**  Gift cards are illegal.  Allstate Agents receive gift cards on a daily basis.  Steve Longennecker was requested to provide (3) three specific days of

gift cards to an Allstate Agent. Longennecker provided information on Bob Silk an Allstate Agent for the days requested.  Silk received 3-5 gift cards per day.  This is not occasionally; this is on a daily basis.  Allstate representatives receive gift cards on a daily basis.    Allstate    representatives  do  not  keep  any  records,  this  allows  Allstate representatives to conceal all cash received for selling customer personal information for over the past (15) fifteen years.

**Exhibit D:** Amazon Gift Cards

**Exhibit E:** Gift Cards National Brands, from local and National Merchants.

**Section 8 of RESPA** prohibits **a person from giving or accepting anything of value for referrals of settlement service business related to a federally related mortgage loan**.  It also prohibits a person from giving or accepting any part of a charge for services that are not performed.  **"(f) Referral.  "(1)** A referral includes any oral or written action directed to a person which has the effect of affirmatively influencing the selection by any person of a provider of a settlement service or business incident to or part of a settlement service when such person will pay for such settlement service or business incident thereto or pay a charge attributable in whole or in part to such settlement service or business." 24 CFR 3500.14(f)(1). Title 24 - Housing and Urban Development

Part 3500 - REAL ESTATE SETTLEMENT PROCEDURES ACT

Section 3500.14 - Prohibition against kickbacks and unearned fees.

    **Elise Teague testified:**
Q       *Two pages over, this is a list of Amazon gift cards from 2021, 2020.  Do you see "Bob Silk" on there?*
A       *I do.*

Q       *Quite a few times, quite a few gift cards.  One  day three gift cards, some  days  five  gift  cards.   Would   that  be  considered  outside business?*

A       *Yeah, I don't know the situation.*

Deposition of Elise Teague, 28:21 – 29:8

**Richard Poduska testified:**

Q.      *Are Allstate representatives allowed to receive gift cards for referring business to outside people?*

A.      *Again, going in that, I think that there  is a -- if I refer business and get gift cards, it  depends on the business, it depends on the amount of  the gift card, it depends on all sorts of different  things that are in there.  We go through, again, the -- what I  would say, the Department of Insurance definition of,  you know, too much for gift cards with **RESPA**.  So, like, for example, when **RESPA** came out, **we were not allowed** to do anything with  real estate or mortgage brokers anymore with **gift cards and things like that.***

Q.      *(BY MR. CRUZ) This is Amazon gift cards to Steve Longenecker. Do you see any allstate.com e-mails on there?*

A.      *Yes.*

Q.      *Who is that?*

A.      *The e-mail address is   "bobsilk@allstate.com."*

Q.      *Do you know Bob Silk?*

A.      *I do.*

Q.      *Was he authorized to refer business to  Steve Longenecker?*

        ***THE WITNESS:*** *Was he authorized to do that?*

        *MR. CRUZ:  Yes.*

        *THE WITNESS:  Again, going through the definition, he can make referrals out.  As long as it meets the  guidelines we previously state, which was he can't write any business  in Allstate and it's declined, if he referred it out there and  received a gift card in return, then as long as it doesn't violate those  pieces of the contract that are EA standards or Department of Insurance,  then he's free  to do that.*

Q.      *(BY MR. CRUZ) Did you ever look into to  see if he was in violation of any entities that you  stated?*

A.      *Me personally?*

Q.      *Property insurance, anything?*

A.      *Me personally, no.*

Q.      *Did he work under you?*

A.      *No.*

33

Q.    *(BY MR. CRUZ) In this report with Steve Longenecker, Bob Silk receives a lot of gift cards.  How many gift cards is he allowed to receive a day?*

Q.    *(BY MR. CRUZ) As an Allstate representative receiving gift cards, how many gift cards per day are you allowed to receive?*
A.    *I don't know the answer to that.*
Q.    *Who would know that answer?*
A.    *I don't know.*

Q.    *Do you know the maximum amount allowed to receive in gift cards?*
A.    *The maximum, I'm sorry?*
Q.    *Maximum amount, dollar amount to receive in gift cards?*
A.    *No.*

Q.    *(BY MR. CRUZ) Allowed by Allstate?*
A.    *To an agent?*
Q.    *Yes.*
A.    *Okay.  No, I don't know if there's a max, a min.  I know for a security's licensed representative, they cannot receive -- it is a reportable question, "Did you receive a gift in the  amount of a hundred dollars or more from any  respective client?"*
Deposition of **Richard Poduska,** 26:24 – 27:7, 28:22 – 29:7, 29:17 – 30:10, 30:15-17, 30:20-25, 52:13-28 [there is something wrong with the cite here, no line 28], 52:21 - 53:13.

**Section 8 of RESPA** prohibits **a person from giving or accepting anything of value for referrals of settlement service business related to a federally related mortgage loan.**  It also prohibits a person from giving or accepting any part of a charge for services that are not performed. [ibid].

   **Jodi Lynch testified:**

Q     *After receiving gift cards from an Independent Agent and giving them to your staff, did you report this income that you gave to your staff in a form of a 1099, a W-2?*
A     *Probably not.*

34

Q *You received these gift -- you received these gift cards, as you stated, giftcards.com, National Brands, I believe?*
A *That would be Steve's area.  I did not buy the gift cards.*
Q *Did you ever give your staff Amazon cards from Steve?*
A *They -- they chose -- he gave -- he gave -- in  this e-mail, it gave you a choice, I think.*
Q *Did you give them any Amazon gift cards?*
A *Did I give --*
Q *Did they choose any of those?*
A *I don't know, John.  I didn't -- I didn't  dictate what they decided.*
Q *Gift cards are -- there are logs of gift cards  and you can trace them.*
A *You need to go to Steve.*
Deposition of Jodie Lynch, 40:14 – 41:10


**Rebecca Martens testified:**

Q *Okay.  You mentioned that on rare occasions you would receive gift cards from Mr. Garrity; is that right?*
A *I received them, but I never asked for one.*
Q *Okay.  Did you ever receive gift cards from Tim Van Zee if -- if you recall?*
A *I believe I did receive some from Tim Van Zee, but again I never asked for any gift cards.*

Q *Other than a gift card here and there, did you ever receive any other compensation for any referral that you made.*
A *I did not.*
Deposition of Rebecca Martens, 41:22 – 42:3. 43:20-23


**Dino DiCarlo testified:**

Q *No.  When you received gift cards from Steven  Longenecker or Ivan Gerrity, did you use your Allstate  e-mail address or did you use a personal e-mail address?*
A *My Allstate e-mail.*
Q *Would that be the same for your staff?*
A *Yes.*
Q *And you stated that you don't have any of these records, correct?*
A *I do not.*
**Deposition of Dino DiCarlo,** 45:5-13

**Erika Lousberg testified:**

Q      *Did your staff receive gift cards or compensation or any form?*

A      *Yes. Well, not compensation. They receive gift cards, but I wouldn't consider it compensation.*

Q      *Did Ivan give any other type of gift cards other than American Express; do you know?*

A      *Target is what I remember.*

Q      *Did you keep a record of the gift cards you or your staff received?*

A      *No.*

**Deposition of Erika Lousberg ,** 9:20-23, 19:15-17,  22:4-6


**Ivan Gerrity testified:**

Q      *So I have information of all your e-mails  should be coming from Allstate and there's literally for  10 years, 11 years, thousands of e-mails.*

A      *Yeah.  That's what you'd expect.*

Q      *6,300 files is probably about 50,000 all the  PDFs are all attached with it.*

A      *Yeah.*

Q      *In your e-mails, did it -- did it or did not include customer's personal information?*

A      *Occasionally, it did.  Yes.*

Q      *And did you pay out gift cards to Allstate representatives, for referring business?*

A      *Yes.*

Q      *And did you, or did you not, keep account of  your records?*

A      *I don't keep records like that.  There could  be one in --*

Q      *Did you --*

A      *-- like the send-out cards.*

Q      *Did you report any of this information to FENRA?*

A      *Nope.*

Q      *To the US Treasury?*

A      *Nope.*

Q      *To Colorado Department of Revenue?*

A      *Nope.*

Q      *To the Attorney General?*

A      *Nope.*

*Q*      *Any government agency?*
*A*      *Nope.*
*Q*      *And how long have you -- you started your agency in June of 2011?*
*A*      *Yeah.*
*Q*      *Okay. So what do you mean by that?*
*A*      *Well, when -- back up. When you said, "You never give more than one, you know, $10 gift card", I would give out more than one gift card. I'm sorry. One gift card with more than one referral. So if they gave us four, then it could be a $40 gift card. Again, that --*
*Q*      *Got it.*
*A*      *-- depends on the denomination that's available through* **SendOutCards,** *or what we have in stock.*
*Q*       *-- you don't have records.*
*A*       *I've stated, I've given you the records, and you're unable to open them.*
*Q*      *You don't keep accounting records?*
*A*       *No, I don't. Not for gift cards.*
*Q*      *Not for gift cards. You keep client records?*
*A*      *Client records of what?*
*Q*      *Of client-agent gift card.*
*A*      *No, we don't keep that.*
*Q*      *You don't keep none of that?*
*A*      *No.*
*Q*      *And you say that these are just $10 gift cards, but --*
*A*      *Right.*
*Q*      *-- some would be $40?*
*A*      *That's right.*
Deposition of **Ivan Gerrity,** 29:3-9, 46:25 – 47:25, 49:13-23, 52:16 – 53:6

**VIOLATION OF MANY LAWS:** Defendant uncovered, Tax Evasion, Tax Fraud, Wire

Fraud, SEC Cyber Crimes, RESPA Violations.

1.      RS Publican 963 Gift Cards.  De Minimis Fringe Benefits.

2.      U.S. Code & 1343 Fraud by wire, radio, or television

940. 18 U.S.C. SECTION 1341-ELEMENTS OF MAIL FRAUD

3.      41. 18 U.S.C. 1343-ELEMENTS OF WIRE FRAUD

4.      EC EX-14 3 dex14.htm CODE OF ETHICS

37

5.      Section 8 of RESPA

**See: IRS Publican 963 Gift Cards.  De Minimis Fringe Benefits.**

Cash or cash equivalent items provided by employers are never excluded from income. Gifts certificates that are redeemable for general merchandise or have an equivalent cash value are not de minima benefit and are taxable.  Allstate openly admits in all depositions, Allstate representatives are allowed to sell Allstate trade secrets to anyone, the general public, \Villing to purchase with a gift card.  Gift cards are taxable.  Allstate representatives do not report gift card income to any government agency.  Allstate representative use electronic communications to sell and avoid paying income tax.

**See: U.S. Code & 1343 Fraud by wire, radio, or television**

**940. 18 U.S.C. SECTION 1341-ELEMENTS OF MAIL FRAUD** [ibid].

**941. 18 U.S.C. 1343-ELEMENTS OF WIRE FRAUD** [ibid].

**EC EX-14 3 dex14.htm CODE OF ETHICS:** E. Acceptance of Gifts, Fees and Entertainment from Customers and Suppliers [ibid].

**Section 8 of RESPA** [ibid].

WHEREFORE, Defendant prays this Court will reconsider and reject the Magistrate's Proposed Findings and Recommendations in the Summary Judgment Order entered by the Magistrate on April 17, 2023, and for such further relief as the court deems proper.

Dated <u>May 22, 2023,</u>

Respectfully submitted,

_____ <u>/s/ John E Cruz</u> _____

# Exhibit: A1

Document must be filed electronically.
Paper documents will not be accepted.
  Document processing fee
Fees & forms/cover sheets
  are subject to change.
To access other information or print
  copies of filed documents,
  visit www.sos.state.co.us and
  select Business Center.

**E-Filed**

$50.00

Colorado Secretary of State
Date and Time: 10/08/2009 01:20 PM
ID Number: 20091534396

Document number: 20091534396
Amount Paid: $50.00

ABOVE SPACE FOR OFFICE USE ONLY

## Articles of Organization
filed pursuant to § 7-80-203 and § 7-80-204 of the Colorado Revised Statutes (C.R.S.)

1. The domestic entity name of the limited liability company is

    **Kyle Insurance Group LLC**

    *(The name of a limited liability company must contain the term or abbreviation "limited liability company", "ltd. liability company", "limited liability co.", "ltd. liability co.", "limited", "l.l.c.", "llc", or "ltd.". See §7-90-601, C.R.S.)*

    *(Caution: The use of certain terms or abbreviations are restricted by law. Read instructions for more information.)*

2. The principal office address of the limited liability company's initial principal office is

    Street address   **2090 E 104th Avenue**
    *(Street number and name)*
    **Suite 300**

    **Thornton**                    **CO**      **80233**
    *(City)*                         *(State)*    *(ZIP/Postal Code)*
                        **United States**
    *(Province – if applicable)*    *(Country)*

    Mailing address
    (leave blank if same as street address)
                        *(Street number and name or Post Office Box information)*

    *(City)*            *(State)*   *(ZIP/Postal Code)*

    *(Province – if applicable)*    *(Country)*

3. The registered agent name and registered agent address of the limited liability company's initial registered agent are

    Name
      (if an individual)   **Kyle**        **William**     **Thomas**
                           *(Last)*         *(First)*       *(Middle)*      *(Suffix)*

    **OR**

      (if an entity)
    *(Caution: Do not provide both an individual and an entity name.)*

    Street address   **350 Aspen Court**
    *(Street number and name)*

    **Broomfield**                  **CO**      **80020**
    *(City)*                         *(State)*    *(ZIP Code)*

ARTORG_LLC                      Page 1 of 3                    Rev. 02/28/2009

Mailing address
(leave blank if same as street address)

_____
(Street number and name or Post Office Box information)

_____ CO _____
(City)          (State)          (ZIP Code)

*(The following statement is adopted by marking the box.)*
☑ The person appointed as registered agent has consented to being so appointed.

4. The true name and mailing address of the person forming the limited liability company are

Name
(if an individual)

Kyle _____ William _____ Thomas _____ _____
(Last)          (First)          (Middle)          (Suffix)

**OR**

(if an entity)
*(Caution: Do not provide both an individual and an entity name.)*

Mailing address

350 Aspen Court
_____
(Street number and name or Post Office Box information)

Broomfield _____ CO _____ 80020 _____
(City)          (State)          (ZIP/Postal Code)

_____ United States
(Province – if applicable)          (Country)

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
☑ The limited liability company has one or more additional persons forming the limited liability company and the name and mailing address of each such person are stated in an attachment.

5. The management of the limited liability company is vested in
*(Mark the applicable box.)*
☐ one or more managers.

**OR**
☑ the members.

6. *(The following statement is adopted by marking the box.)*
☑ There is at least one member of the limited liability company.

7. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
☑ This document contains additional information as provided by law.

8. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

*(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
The delayed effective date and, if applicable, time of this document is/are _____
(mm/dd/yyyy hour:minute am/pm)

**Notice:**

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

9. The true name and mailing address of the individual causing the document to be delivered for filing are

| Kyle | William | Thomas | |
|------|---------|--------|---|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

350 Aspen Court
*(Street number and name or Post Office Box information)*

| Broomfield | CO | 80020 |
|------------|-----|-------|
| *(City)* | *(State)* | *(ZIP/Postal Code)* |

United States

| | |
|---|---|
| *(Province – if applicable)* | *(Country)* |

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☑ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).

# Exhibit: A2





**Business Profile**

# Kyle Insurance Group LLC

Insurance Agent



## Contact Information

📍 12995 Sheridan Blvd Ste 204
    Broomfield, CO 80020-1489

🌐 Visit Website

📞 (303) 465-9500

## BBB Rating & Accreditation

 **A+**

**Accredited Since:** 12/12/2018
**Years in Business:** 13

**Customer Reviews are not used in the calculation of BBB Rating**

Overview of BBB Rating

## Customer Reviews

This business has 0 reviews

Read Reviews

Be the First to Review!

## Customer Complaints

This business has 0 complaints

File a Complaint

## Related Categories

Insurance Agent  •  Homeowners Insurance  •  Auto Insurance  •  Life Insurance  •  Insu

Renters Insurance  •  Commercial Insurance Services

## Overview

Kyle Insurance Group LLC offers insurance services

## Customer Complaints

0 Customer Complaints

## Customer Reviews

0 Customer Reviews

**What do you think? Be the first to review!**

How BBB Processes Complaints and Reviews

## Products & Services

Insurance

## Business Details

**Location of This Business**

12995 Sheridan Blvd Ste 204, Broomfield, CO 80020-1489

**BBB File Opened:**12/4/2018

**Years in Business:**13

**Business Started:**10/8/2009

**Business Started Locally:**10/8/2009

**Business Incorporated:**10/8/2009

**Accredited Since:**12/12/2018

**Licensing Information:**

This business is in an industry that may require professional licensing, bonding or registr
encourages you to check with the appropriate agency to be certain any requirements are
met.

**Type of Entity:**Limited Liability Company (LLC)

**Business Management**

Mr. William T Kyle, Owner

**Contact Information**

Principal

Mr. William T Kyle, Owner

Customer Contact

Mr. William T Kyle, Owner

**Additional Contact Information**

Website Addresses

https://www.yellowpages.com/broomfield-co/mip/kyle-insurance-group-affordable-americ
456966190

https://www.yelp.com/biz/kyle-insurance-group-affordable-american-insurance-broomfielc

## Local BBB

BBB Great West + Pacific

More Info on Local BBB

## BBB Reports On

BBB reports on known marketplace practices.

See What BBB Reports On

BBB Business Profiles may not be reproduced for sales or promotional purposes.

BBB Business Profiles are provided solely to assist you in exercising your own best judgment. BBB asks third par complaints, reviews and/or responses on this website to affirm that the information provided is accurate. Howeve the accuracy of information provided by third parties, and does not guarantee the accuracy of any information in

When considering complaint information, please take into account the company's size and volume of transaction the nature of complaints and a firm's responses to them are often more important than the number of complaints

BBB Business Profiles generally cover a three-year reporting period. BBB Business Profiles are subject to change choose to do business with this business, please let the business know that you contacted BBB for a BBB Busine

As a matter of policy, BBB does not endorse any product, service or business.

© 2023, International Association of Better Business Bureaus, Inc., separately incor Business Bureau organizations in the US, Canada and Mexico and BBB Institute for M Inc. All rights reserved. *In Canada, trademark(s) of the International Association of I Bureaus, used under License.

# Exhibit: A3

Ads by Google

Stop seeing this ad    Why this ad? ▷

# Affordable American Insurance

## BUSINESS CONTACT



**Bill Kyle**
Insurance Agent

## CONTACT INFORMATION

**Affordable American Insurance**
12995 Sheridan Blvd. Ste 201
Broomfield, Colorado, 80020-1489

Get Directions

**Web:** www.insuranceaai.com

✏ **Edit:** Edit or Remove



## BUSINESS DESCRIPTION

Affordable American Insurance is located in Broomfield, Colorado. This business is working in the following industry. Finance other.

| Industry | Engaged in: | ISIC Codes |
|---|---|---|
| Financial Services ▪ Finance other | Other monetary intermediation | 6419 |

## Meet Couples around The World

This hidden jewel has recently captured couples' attention as the place to be th 2023



## Bill Kyle · 2nd

Agency Owner, Kyle Insurance Group

 Kyle Insurance Group, LLC - Affordable American Insurance

 Pennsylvania State University

Broomfield, Colorado, United States · Contact info

500+ connections

 David Grenamyer is a mutual connection

[ Connect ]   [ Message ]   [ More ]

## About

Entered the Insurance profession kicking and screaming only to find a great deal of satisfaction in working with and seriving the end consumer. Most people do not understand or like much of anything about insurance and they preceive it to be necessary evil forced on them by some 3rd party. No one ever thinks "It w ...see more

## Activity

507 followers

**Bill hasn't posted lately**

Bill's recent posts and comments will be displayed here.

Show all activity →

## Experience



 **Agent/Owner**
Kyle Insurance Group, LLC - Affordable American Insurance
Dec 1999 - Present · 23 yrs 5 mos
Broomfield, CO

We are a full service independent insurance agency based on the premise that clients' best interest comes first. After many years as a "Capt ...see more

 **Home & Auto Insurance - Broomfield CO/Westminster CO - Kyle Insurance Group**
Auto Insurance, Home Insurance, Business Insurance, Life & Health Insurance in Broomfield, Westminster,...

# Exhibit: B

Request Auto Quote    Email Us

BROOMFIELD
(303) 465-9500

ESTES PARK
(970) 586-2989





AUTO INSURANCE

# INSURANCE CLAIMS

We represent a range of insurance companies; information for them is listed below. If you are struggling to get in touch with your company, then reach out to us for assistance.

**Allstate**

**Encompass**

**Foremost**

**The Hartford**

**Nationwide**

**Progressive**

**Safeco**

https://www.kyleinsurancegroupco.com/claims-information/

Request Auto Quote   Email Us

BROOMFIELD
(303) 465-9500

ESTES PARK
(970) 586-2989



**Affordable American**
INSURANCE

**Bristol West**

**Dairyland**

**Chubb**

**Liberty Mutual**

**USLI**

CONTACT US

# DROP US A LINE

**Full Name**

Type here

**Email**

user@email.com

**Phone Number**

Phone

**Insurance Type**

Home Insurance ⌄

**Message**

Type here...

CONTACT US

# SPEAK TO A QUALIFIED INSURANCE AGENT

Find the policy that works for you by contacting us; simply call or fill out our contact form today.

**EMAIL:**
billk@kyleinsgrp.com

**CONTACT:**
(303) 465-9500

**FIND US:**
12995 Sheridan Blvd 204,
Broomfield, CO

**WORK TIME:**
Mon - Fri: 9AM - 5PM
Sat & Sun: Closed

https://www.kyleinsurancegroupco.com/claims-information/

Request Auto Quote    Email Us

BROOMFIELD
(303) 465-9500

ESTES PARK
(970) 586-2989



**EMAIL:**
billk@kyleinsgrp.com

**CONTACT:**
(303) 465-9500

**FIND US:**
12995 Sheridan Blvd 204,
Broomfield, CO

**WORK TIME:**
Mon - Fri: 9AM - 5PM
Sat & Sun: Closed



# Exhibit: C

This transcript was exported on Aug 31, 2020 - view latest version here.

John Cruz:
I hear it from everybody. They talk about me a lot. So, you know that.

Brian Mitchum:
They do.

John Cruz:
So-

Brian Mitchum:
Yeah.

John Cruz:
They'll use anything and everything they can against me because I'm a whistleblower. And I know that. Been told by corporate people everywhere.

Brian Mitchum:
Yep.

John Cruz:
Yep. Mm-hmm (affirmative). So, we'll see. Time will tell.

Brian Mitchum:
Time will tell indeed.

John Cruz:
So, what does our memorandum on COVID get over with us here as far as producing? July? August?

Brian Mitchum:
It's already over.

John Cruz:
It ended in June?

Brian Mitchum:
So yeah. The agency business objectives of the ABO is back live now.

John Cruz:
Yep.

Brian Mitchum:
So, that's the six autos you have to do every month.

# Exhibit: D

1/7/22, 10:17 AM



Exhibit No. 7
Date: 1/28/22
Poluska
T&T REPORTING

Your Orders

Hello, Steve
Account & Lists

Return
& O

All

All    Supporting: Kings Ranso... ▾    Amazon Basics    Customer Service    Buy Again    Shopper Toolkit    Amazon Business ▾

Your Account › Your Orders › Search results

# Search results

allstate.com                                    Search

10 orders matching "allstate.com"



Order details    Ordered on June 7, 2021 (3 items)    Sent to dkuhlman42@gmail.com dkuhlman42@gmail.com
jamiepwright@gmail.com jamiepwright@gmail.com    bobsilk@allstate.com bobsilk@allstate.com

Gift Card
Steve Longenecker, Amazon

*June 7, 2021*
*3. Gift CARD*



Order details    Ordered on June 7, 2021 (3 items)    Sent to dkuhlman42@gmail.com dkuhlman42@gmail.com
jamiepwright@gmail.com jamiepwright@gmail.com    bobsilk@allstate.com bobsilk@allstate.com

Gift Card
Steve Longenecker, Amazon



Order details    Ordered on June 7, 2021 (3 items)    Sent to dkuhlman42@gmail.com dkuhlman42@gmail.com
jamiepwright@gmail.com jamiepwright@gmail.com    bobsilk@allstate.com bobsilk@allstate.com

Gift Card
Steve Longenecker, Amazon



Order details    Ordered on September 8, 2020 (5 items)    Sent to brishel@poissonconsulting.com
brishel@poissonconsulting.com    tmad136@teriyakimadness.com tmad136@teriyakimadness.com    bobsilk@alls
bobsilk@allstate.com    erik.bartush.mv05@statefarm.com erik.bartush.mv05@statefarm.com    zebulunwhite@gm
zebulunwhite@gmail.com

Gift Card
Steve Longenecker, Amazon



Order details    Ordered on September 8, 2020 (5 items)    Sent to brishel@poissonconsulting.com
brishel@poissonconsulting.com    tmad136@teriyakimadness.com tmad136@teriyakimadness.com    bobsilk@alls
bobsilk@allstate.com    erik.bartush.mv05@statefarm.com erik.bartush.mv05@statefarm.com    zebulunwhite@gm
zebulunwhite@gmail.com

Gift Card
Steve Longenecker, Amazon

Order details    Ordered on September 8, 2020 (5 items)    Sent to brishel@poissonconsulting.com
brishel@poissonconsulting.com    tmad136@teriyakimadness.com tmad136@teriyakimadness.com    bobsilk@alls
bobsilk@allstate.com    erik.bartush.mv05@statefarm.com erik.bartush.mv05@statefarm.com    zebulunwhite@gm
zebulunwhite@gmail.com

Gift Card
Steve Longenecker, Amazon

1/7/22, 10:17 AM

**Your Orders**



Order details Ordered on September 8, 2020 (5 items) Sent to brishel@poissonconsulting.com
brishel@poissonconsulting.com tmad136@tarlyakimadness.com tmad136@tarlyakimadness.com bobsilk@allsta
bobsilk@allstate.com erik.bartush.mv05@statefarm.com erik.bartush.mv05@statefarm.com zebulumwhite@
zabulumwhite@gmail.com

Gift Card

Steve Longenecker, Amazon

*Sept 8, 2020
5 Gift Cards
One Agent*



Order details Ordered on September 8, 2020 (5 items) Sent to brishel@poissonconsulting.com
brishel@poissonconsulting.com tmad136@tarlyakimadness.com tmad136@tarlyakimadness.com bobsilk@allst
bobsilk@allstate.com erik.bartush.mv05@statefarm.com erik.bartush.mv05@statefarm.com zabulumwhite@gm
zabulumwhite@gmail.com

Gift Card

Steve Longenecker, Amazon



Order details Ordered on March 12, 2020 (6 items) Sent to erictowns84@gmail.com erictowns84@gmail.com
BobSilk@allstate.com BobSilk@allstate.com mikamlane@gmail.com mikamlane@gmail.com
reliabledelivery@comcast.net reliabledelivery@comcast.net pgallagher@farmersagent.com
pgallagher@farmersagent.com emdcorp@emdcorp.net emdcorp@emdcorp.net

Gift Card

Steve Longenecker, Amazon



Order details Ordered on March 12, 2020 (6 items) Sent to erictowns84@gmail.com erictowns84@gmail.com
BobSilk@allstate.com BobSilk@allstate.com mikamlane@gmail.com mikamlane@gmail.com
reliabledelivery@comcast.net reliabledelivery@comcast.net pgallagher@farmersagent.com
pgallagher@farmersagent.com emdcorp@emdcorp.net emdcorp@emdcorp.net

Gift Card

Steve Longenecker, Amazon

*March 12, 2020
5 - Gift Cards
One Agent*



Order details Ordered on March 12, 2020 (6 items) Sent to erictowns84@gmail.com erictowns84@gmail.com
BobSilk@allstate.com BobSilk@allstate.com mikamlane@gmail.com mikamlane@gmail.com
reliabledelivery@comcast.net reliabledelivery@comcast.net pgallagher@farmersagent.com
pgallagher@farmersagent.com emdcorp@emdcorp.net emdcorp@emdcorp.net

Gift Card

Steve Longenecker, Amazon



Order details Ordered on March 12, 2020 (6 items) Sent to erictowns84@gmail.com erictowns84@gmail.com
BobSilk@allstate.com BobSilk@allstate.com mikamlane@gmail.com mikamlane@gmail.com
reliabledelivery@comcast.net reliabledelivery@comcast.net pgallagher@farmersagent.com
pgallagher@farmersagent.com emdcorp@emdcorp.net emdcorp@emdcorp.net

Gift Card

Steve Longenecker, Amazon



Order details Ordered on March 12, 2020 (6 items) Sent to erictowns84@gmail.com erictowns84@gmail.com
BobSilk@allstate.com BobSilk@allstate.com mikamlane@gmail.com mikamlane@gmail.com
reliabledelivery@comcast.net reliabledelivery@comcast.net pgallagher@farmersagent.com
pgallagher@farmersagent.com emdcorp@emdcorp.net emdcorp@emdcorp.net

Gift Card

Steve Longenecker, Amazon

https://smile.amazon.com/gp/your-account/order-history/ref=ppx_yo_dt_b_search?opt=ab&search=allstate.com

# Exhibit: E

Message

From:        DICARLO, DINO [/O=ALLSTATE/OU=GLDCHUD1/CN=RECIPIENTS/CN=A061316]
Sent:        8/31/2018 5:44:09 PM
To:          Steve Longenecker [steve@dcimountain.com]
Subject:     RE: [External] Thanks for your referral

Hey Steve,

Not problem!  Thank you for helping him.

A Home Depot gift card would be excellent.  Thank you very much!

Have a great long weekend!

**Did you know Allstate can insure your mortgage and your retirement the same way w**
**your home and cars?  Ask me how and let's get started today!**



Securities offered by Personal Financial Representatives through Allstate Financial Services, LLC (LSA Securities in LA and PA). Registered Broker-Dea
FINRA, SIPC. Main Office: 2920 South 84th Street, Lincoln, NE 68506. (877) 525-5727. Life insurance and annuities issued by Allstate Life Insurance Cor
Office, Northbrook, IL and Lincoln Benefit Life Company, Home Office, Lincoln, NE. In New York, Allstate Life Insurance Company of New York, Home Offi
NY. Property-casualty insurance products issued by Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate Insurance Com
Property and Casualty

From: Steve Longenecker [steve@dcimountain.com]
Sent: Friday, August 31, 2018 8:42 AM
To: DICARLO, DINO
Subject: [External] Thanks for your referral

Hi Dino,

Thanks for your referral to Jason Beckley, who recently became our new insurance client !

Under our referral program, you will receive a $25 gift card to one of your favorite local or national
merchants.  However, since I am not aware of your personal favorite, I need you to take a minute to review a
and let me know which merchant you would like your gift certificate for.

Click here to find your gift: http://www.giftcards.com/national-brands

Amazon cards are also available from another source if you prefer 🙂

Please email me back with the name of the merchant you have selected and your gift card will be on its way t
few days.

Thanks again for your business and your referrals,
Steve

Steven Longenecker, MLIS®, CRIS®
*Business Insurance Specialist*

CONFIDENTIAL

# Exhibit: F

# M Gmail

john cruz <jcruz369@gmail.com>

---

## Agency Sale
1 message

---

**Kyle, Bill** <BillKyle@allstate.com>                                          Mon, Feb 22, 2010 at 12:34 PM
To: jcruz369@gmail.com

John,

I spoke with Mary Ellen late last week and she said you were qualified and approved for all 3 agencies, congratulations.
Let me know if you need anything from me or want to get together in the interim.

Good luck with Allstate School.

Bill Kyle
Office: 303-410-7220
Cell:   303-520-3155

---



PIKE
REPORTING
COMPANY

CIVIL ACTION NO. 1:20-cv-03139-DDD

ALLSTATE INSURANCE COMPANY

V.

JOHN CRUZ

DEPONENT:

IVAN GERRITY

DATE:

JUNE 07, 2022



PIKE
REPORTING
COMPANY
YOUR PATH THROUGH LITIGATION



(855) 693-3767 | (720) 738-1300

schedule@yournextdepo.com

www.pikereporting.com

1    have here.

2         A    I mean, that's --

3         Q    So I have information of all your e-mails

4    should be coming from Allstate and there's literally for

5    10 years, 11 years, thousands of e-mails.

6         A    Yeah.  That's what you'd expect.

7         Q    6,300 files is probably about 50,000 all the

8    PDFs are all attached with it.

9         A    Yeah.

10             (EXHIBIT 6 MARKED FOR IDENTIFICATION)

11        Q    Here's another e-mail to tell her, "Becky, I

12   haven't done a quote, but I can.  Can you fax the

13   current coverages and date of birth?  I just called

14   you."  So you would also receive information by fax?

15        A    Maybe, you know, we don't really do much with

16   faxes, but perhaps.

17        Q    Okay.  This is the second page to that e-mail.

18   Here's another one.  "Thanks.  I need the date the

19   birth, social security number and mailing address.

20   Should I call him?  Phone number?"  This is just a stack

21   of all the e-mails from Gerrity.  We should have PDFs,

22   should have attachments, which most -- all of his

23   e-mails should have.  And I have not received them from

24   Allstate.

25             (EXHIBIT 7 MARKED FOR IDENTIFICATION)

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of IVAN GERRITY, taken on June 07, 2022

41

1    Q    Okay.  Also looking at Catherine Davis.  You

2    used to work with her?

3    A    You asked me that already.  Yes.

4    Q    And you used to give her gift cards also for

5    work referrals?

6    A    Most likely yes.

7    Q    This is an e-mail from Catherine Davis to your

8    office.  It just says, "Subject, thanks for the gift

9    card.  Were you able to help Lauri?  Awesome."

10   Catherine, "you're welcome, Catherine.  I'm still

11   working on Lauri."  You also recognize that you did give

12   gift cards to her, Catherine Davis and it is in

13   e-mail -- in e-mails.

14   A    Great.

15   Q    Yes.

16   A    What's the date on that?

17        (EXHIBIT 13 MARKED FOR IDENTIFICATION)

18        MS. ARGENTINE:  April 6, 2012.

19   Q    Derek Behm, B-E-H-M.

20   A    I don't know who that is.  Derek.  Can you

21   spell last name again?

22   Q    B-E-H-M.

23   A    Okay.

24   Q    This was just in June of 2019.  Referral

25   motorcycle referral.  "Hi, Ivan.  I have a customer

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE REPORTING COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of IVAN GERRITY, taken on June 07, 2022

46

```
 1        A     Maybe they were just all over the phone.
 2        Q     So all your e-mails would be property and
 3   casualty, business and life insurance would be over the
 4   phone?
 5        A     Perhaps, I -- I don't know.
 6        Q     In that meeting, September 11th, in
 7   discussions referring you to Allstate representatives,
 8   was to refer business, period, from Allstate
 9   representatives to you?
10             MS. ARGENTINE:  Objection.  Argumentative.
11        Q     As I was in that meeting.
12             MS. ARGENTINE:  Objection.
13        Q     Could that be true?
14             MS. ARGENTINE:  Objection, argumentative.
15        Misstates his testimony.
16        Q     In all the e-mails, to and from you and
17   Allstate -- has to do with property and casualty
18   insurance, correct?  We've gone through.
19        A     That we've gone through, here?  Yes.
20        Q     And all the e-mails, to and from you and
21   Allstate, has to deal with insurance products for
22   clients, with their personal information?
23             MS. ARGENTINE:  Objection.  Calls for
24        speculation.
25        Q     In your e-mails, did it -- did it or did not
```

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1    include customer's personal information?

2        A    Occasionally, it did.  Yes.

3        Q    And did you pay out gift cards to Allstate

4    representatives, for referring business?

5        A    Yes.

6        Q    And did you, or did you not, keep account of

7    your records?

8        A    I don't keep records like that.  There could

9    be one in --

10       Q    Did you --

11       A    -- like the send-out cards.

12       Q    Did you report any of this information to

13    FENRA?

14       A    Nope.

15       Q    To the US Treasury?

16       A    Nope.

17       Q    To Colorado Department of Revenue?

18       A    Nope.

19       Q    To the Attorney General?

20       A    Nope.

21       Q    Any government agency?

22       A    Nope.

23       Q    And how long have you -- you started your

24    agency in June of 2011?

25       A    Yeah.

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY
YOUR TEAM THROUGH LITIGATION

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1    Q    And the referral business is still going on

2    today, back and forth, with Allstate representatives?

3    A    It is.  Not -- not frequently, but it is.

4    Q    But it's still taking place?

5    A    Yes.

6    Q    And these are individuals still working at

7    Allstate agencies?

8    A    Yes.

9    Q    I think that's all I have right now.

10                   CROSS EXAMINATION

11   BY MS. ARGENTINE:

12   Q    Okay.  I just have a few questions.  With

13   respect to the gift cards that you would provide for

14   referrals, you said it wasn't just Allstate agents.  Is

15   that correct?

16   A    Yeah.  Exactly.

17   Q    Who else did you provide referral gift cards

18   to?

19   A    State Farm agents, American Family agents,

20   Shelter agents.

21   Q    How about customers?

22   A    Yes, absolutely.

23   Q    Under what circumstances?

24   A    Just the referral.  Whether we write it or

25   not, would be irrelevant.

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of IVAN GERRITY, taken on June 07, 2022

49

```
 1        Q     So the customers, though, if they referred --
 2   for instance, a family member to you, they would also
 3   get a referral gift card?
 4        A     Exactly.
 5        Q     Okay.  And how much were these gift cards for?
 6        A     $10
 7        Q     Ever anymore?
 8        A     Nope.
 9        Q     Did you -- and I think you just mentioned
10   this.  Did you only give a gift card if you wrote the
11   policy?
12        A     No, just the referral.
13        Q     Okay.  So what do you mean by that?
14        A     Well, when -- back up.  When you said, "You
15   never give more than one, you know, $10 gift card", I
16   would give out more than one gift card.  I'm sorry.  One
17   gift card with more than one referral.  So if they gave
18   us four, then it could be a $40 gift card.  Again, that
19   --
20        Q     Got it.
21        A     -- depends on the denomination that's
22   available through SendOutCards, or what we have in
23   stock.
24        Q     Okay.  But the valuation was essentially --
25        A     Straight 10, yes.
```

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1    **Q    Yes.**

2    A    He has not given me referral in years.  But he

3    did, at one point.  So given the current time, we get

4    about five different Allstate agents referring us

5    business, currently.

6    **Q    And you have records - you have records of**

7    **this?**

8    A    You ought to know, you got fired.  So you may

9    have referred me business.  But that person doesn't

10   exist as an Allstate agent anymore.  So it's five in any

11   given year.  Understand the turning -- turnover of

12   Allstate agents.  Does that make sense?

13   **Q    It's very hard to believe, because you are**

14   **stating --**

15   A    I don't care.

16   **Q    -- you don't have records.**

17   A    I've stated, I've given you the records, and

18   you're unable to open them.

19   **Q    You don't keep accounting records?**

20   A    No, I don't.  Not for gift cards.

21   **Q    Not for gift cards.  You keep client records?**

22   A    Client records of what?

23   **Q    Of client-agent gift card.**

24   A    No, we don't keep that.

25   **Q    You don't keep none of that?**

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

53

```
 1        A    No.
 2        Q    And you say that these are just $10 gift
 3   cards, but --
 4        A    Right.
 5        Q    -- some would be $40?
 6        A    That's right.
 7        Q    Whatever --
 8        A    If they -- so --
 9        Q    More per calls.
10        A    -- one of my staff used to just hang on,
11   because there -- there was some clients that -- in some
12   periods of time, would be referring a lot of clients,
13   for whatever reason.
14        Q    Well, when you was an Allstate agent, was you
15   allowed to receive gift cards?
16        A    I'm assuming, so.  I don't know of any time
17   when I was not allowed to do that.
18        Q    Was you licensed in securities?
19        A    Yes.  I did have a license.
20        Q    Do you know what regulations on securities,
21   gift cards?
22        A    I know that you can't give a certain amount.
23   It's not zero.  Are you telling me it's more, or less?
24        Q    Was -- did you ever report to the Securities
25   government agencies that you received gift cards?
```

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of IVAN GERRITY, taken on June 07, 2022

55

```
1                CERTIFICATE OF REPORTER
2                    STATE OF COLORADO
3
4    I do hereby certify that the witness in the foregoing
5    transcript was taken on the date, and at the time and
6    place set out on the Title page here of by me after
7    first being duly sworn to testify the truth, the whole
8    truth, and nothing but the truth; and that the said
9    matter was recorded digitally by me and then reduced to
10   type written form under my direction, and constitutes a
11   true record of the transcript as taken, all to the best
12   of my skill and ability. I certify that I am not a
13   relative or employee of either counsel, and that I am in
14   no way interested financially, directly or indirectly,
15   in this action.
16
17
18
19
20
21
22   JENNIFER KEEFE,
23   COURT REPORTER / NOTARY
24   MY COMMISSION EXPIRES ON: 11/12/2025
25   SUBMITTED ON: 06/20/2022
```

JENNIFER KEEFE
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20164005290
MY COMMISSION EXPIRES NOVEMBER 12, 2025

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com



**PIKE REPORTING COMPANY**

# CIVIL ACTION NO. 1:20-CV-03139-DDD

# ALLSTATE INSURANCE COMPANY

# V.

# JOHN CRUZ

# DEPONENT:

# ERIKA LOUSBERG

# DATE:

# JUNE 07, 2022



**PIKE REPORTING COMPANY**
YOUR PATH THROUGH LITIGATION

 (855) 693-3767 | (720) 738-1300

 schedule@yournextdepo.com

www.pikereporting.com

The Deposition of ERIKA LOUSBERG, taken on June 07, 2022

9

1    witness finish your answer before you ask the next

2    question.

3           THE WITNESS:  So, home and auto -- it's only

4    been if we non -- Allstate's non-renewed them for,

5    you know, specific reasons.  Could be because they

6    didn't do their brush inspections in the mountain,

7    could be because they had too many claims, or if --

8    like for auto, if they have multiple DUIs, things

9    like that, and we can't write them, then I will

10   refer them out.

11   BY MR. CRUZ:

12   **Q     Do any of these individual independent agents**

13   **refer business to you?**

14        A     No.

15   **Q     Do you get compensated for referring business?**

16        A     They just -- Ivan occasionally would send a

17   thank you note with a gift card, but that -- I wouldn't

18   consider that compensation.  That's more of a thank you

19   note.

20   **Q     Did your staff receive gift cards or**

21   **compensation or any form?**

22        A     Yes.  Well, not compensation.  They receive

23   gift cards, but I wouldn't consider it compensation.

24   **Q     When you refer business, how is that business**

25   **referred communication-wise?**

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1    hit -- there's more than four policies.  So, we --

2        Q    Would Allstate write the first four policies?

3        A    We could, but at this point back in -- it

4    looks like this was 2012.  Yeah, 2012, we could have

5    only written four and we might have the other four.  I

6    don't know.  I'd have to look.  There's a potential that

7    I actually already insured four of his properties and

8    these were the other ones that we couldn't insure.

9            MS. ARGENTINE:  Did we mark this one yet as an

10       exhibit?

11           COURT REPORTER:  I don't think so.  Not yet.

12               (EXHIBIT 4 MARKED FOR IDENTIFICATION)

13           MS. ARGENTINE:  Okay.  Thanks.

14   BY MR. CRUZ:

15       Q    Did Ivan give any other type of gift cards

16   other than American Express; do you know?

17       A    Target is what I remember.

18       Q    Would he give it to you before giving it to

19   his staff, or you would -- or give it directly to your

20   staff?

21       A    I believe he just mailed it to whoever sent

22   him the business.  Mailed it, yeah, with the person's

23   name on the -- on the card.

24       Q    And you allowed this?

25       A    Yes.

Pike Reporting Company
800 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

22

```
 1   I do have notes in the client's files of whoever we
 2   might have referred to Ivan.  But again, no way to run
 3   that audit.
 4        Q     Did you keep a record of the gift cards you or
 5   your staff received?
 6        A     No.
 7        Q     Do you know how much these gift cards were
 8   for?
 9        A     I believe $10, and occasionally I think there
10   was a $15 one.
11        Q     But there are no records of these gift cards,
12   correct?
13        A     No, I don't have records of it.  Ivan might.
14        Q     Did you ever report these gift cards as
15   income?
16        A     No.
17        Q     Now, you're licensed with securities, correct?
18        A     Yes.
19        Q     When did you get licensed to securities?
20        A     Probably 20 years ago.
21        Q     Have you ever reported referring business
22   outside of Allstate to FENRA?
23        A     No.
24        Q     Or any government agency?
25        A     No.
```

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of ERIKA LOUSBERG, taken on June 07, 2022

50

```
 1              CERTIFICATE OF REPORTER
 2                STATE OF COLORADO
 3
 4   I do hereby certify that the witness in the foregoing
 5   transcript was taken on the date, and at the time and
 6   place set out on the Title page here of by me after
 7   first being duly sworn to testify the truth, the whole
 8   truth, and nothing but the truth; and that the said
 9   matter was recorded digitally by me and then reduced to
10   type written form under my direction, and constitutes a
11   true record of the transcript as taken, all to the best
12   of my skill and ability. I certify that I am not a
13   relative or employee of either counsel, and that I am in
14   no way interested financially, directly or indirectly,
15   in this action.
16
17                          
18
19
20
21
22   JENNIFER KEEFE,
23   COURT REPORTER / NOTARY
24   MY COMMISSION EXPIRES ON: 11/12/2025
25   SUBMITTED ON: 06/20/2022
```



Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE REPORTING COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com



# CASE ACTION NO. 1:20-CV-03139-DDD

# ALLSTATE INSURANCE COMPANY

# V.

# JOHN CRUZ

# DEPONENT:

# JODI LYNCH

# DATE:

# MAY 12, 2022





(855) 693-3767 | (

schedule@yournex

www.pikereporting.com

The Deposition of JODI LYNCH, taken on May 12, 2022

40

```
 1      to go back to --
 2              MR. CRUZ:  What time is it now?
 3              THE WITNESS:  It's 10:00.  I've got to be in
 4      Lafayette.
 5              MR. CRUZ:  We'll probably be about an hour.
 6              THE WITNESS:  Another hour?
 7              MS. ARGENTINE:  Want to take a break?
 8              THE WITNESS:  Yes, can I?  I need to make a
 9      phone call.
10              COURT REPORTER:  Off the record.
11                (OFF THE RECORD)
12              COURT REPORTER: We're back on record.
13  BY MR. CRUZ:
14      Q    After receiving gift cards from an independent
15  agent and giving them to your staff, did you report this
16  income that you gave to your staff in a form of a 1099,
17  a W-2?
18      A    Probably not.
19      Q    You received these gift -- you received these
20  gift cards, as you stated, giftcards.com, National
21  Brands, I believe?
22      A    That would be Steve's area.  I did not buy the
23  gift cards.
24      Q    Did you ever give your staff Amazon cards from
25  Steve?
```

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of JODI LYNCH, taken on May 12, 2022

41

```
 1        A     They -- they chose -- he gave -- he gave -- in
 2   this e-mail, it gave you a choice, I think.
 3        Q     Did you give them any Amazon gift cards?
 4        A     Did I give --
 5        Q     Did they choose any of those?
 6        A     I don't know, John.  I didn't -- I didn't
 7   dictate what they decided.
 8        Q     Gift cards are -- there are logs of gift cards
 9   and you can trace them.
10        A     You need to go to Steve.
11        Q     Yes.  So I can go to Steve and get the log
12   from the gift card companies.  They would show your name
13   there, Jodilynch@allstate.com getting gift cards.
14             MS. ARGENTINE:  Objection to foundation.  I
15        don't know how she'd know that.
16        Q     Do you know Bob Silk (phonetic)?
17        A     Yes.  I mentored him.
18        Q     Did you refer him to Steve Longnecker?
19        A     No.
20        Q     Did you refer Steve Longnecker to Bob Silk?
21        A     No.  I may have told -- I may have told Bob
22   about Steve, and given him a phone number, because I was
23   helpful.
24             MR. CRUZ:  I have to give this exhibit back to
25        you.
```

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of JODI LYNCH, taken on May 12, 2022

46

1    Q    So you referred business, commercial and

2 personal, correct me if I'm wrong.  Did you refer

3 personal and commercial business to Steve Longnecker?

4    A    Yes.  If we could not write them.

5    Q    Who authorized you at Allstate to refer

6 business?

7    A    I did.  There was nothing --

8    Q    Who at Allstate referred you?  Did MaryEllen

9 Morgan refer you or allow you?

10    A    There's nothing wrong with telling a customer

11 that I cannot help you, here's someone that may.  What's

12 wrong with that, John?  What's wrong with that?

13    Q    That's what I'm trying to find out, what's

14 wrong with that.

15    A    There's nothing wrong with that.

16    Q    Did Allstate allow you to refer that business?

17    A    I don't know.

18    Q    Did your contract allow you to refer that

19 business?

20    A    I don't know.  I don't think there's anything

21 wrong with it.  We cannot write you.  We cannot help

22 you.  Here's someone that may be able to help you.

23    Q    Is it okay for you to refer business, receive

24 gift cards for that business, and not inform Allstate,

25 or did Allstate know about this?

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1    A    For 20- or $25?

2    Q    **Yes.  20-, $25 gift card.**

3    A    I don't think there's anything wrong with

4  that.

5    Q    **Is it okay to get multiple gift cards?**

6    A    In what, in one fell swoop?

7    Q    **Is it okay to get multiple gift cards on one**

8  **client?**

9    A    No.

10    Q    **One referral.**

11    A    No.  We -- I never got multiple gift cards on

12  a client -- one client.

13    Q    **What was your contract you had with Allstate?**

14    A    I started out as an R830.  Then, I went to an

15  R1500.  I was there for a long time, so I had different

16  contracts.

17    Q    **Did you go to R3001S?**

18    A    Yes.

19    Q    **Yes?**

20    A    I don't know about the R -- I don't know

21  what's the S.  I know R3001.

22    Q    **3001.  It's an S they put with it.  I don't**

23  **know what the S stands for.**

24    A    I don't know what the S stands for either.

25    Q    **R3001S.  That's Allstate R3001S exclusive**

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of JODI LYNCH, taken on May 12, 2022

65

```
 1        Q     Your rental properties.
 2              MS. ARGENTINE:  I'm sorry.  Just to be clear,
 3        he asked you about Allstate, and then, you said --
 4        she was answering, and you said government agencies.
 5        Do you want to just break those into two?  That
 6        would probably be easier and cleaner.
 7        A     I had to declare my rental properties.
 8  BY MR. CRUZ:
 9        Q     But you never declared any referral visits --
10        A     Gift cards?
11        Q     Gift cards.
12        A     No.
13        Q     Do you know about when the R3001 contract was
14  signed by you with Allstate?
15        A     February of 2020.  No.  February, 2000, excuse
16  me.
17        Q     February, 2000.
18        A     That's when I became an agent, after
19  management.  February of 2000.  That's -- yeah.
20        Q     I think, I'm done with that.  Did you know I
21  was an author?
22        A     You told me.  You told everybody.
23        Q     Did you see my books?
24        A     You gave me one.  Gratis.
25        Q     Which one?
```



Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE REPORTING COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1                    CERTIFICATE OF REPORTER

2                       STATE OF COLORADO

3

4   I do hereby certify that the witness in the foregoing

5   transcript was taken on the date, and at the time and

6   place set out on the Stipulation page hereof by me after

7   first being duly sworn to testify the truth, the whole

8   truth, and nothing but the truth; and that the said

9   matter was recorded digitally by me and then reduced to

10  typewritten form under my direction, and constitutes a

11  true record of the transcript as taken, all to the best

12  of my skills and ability. I certify that I am not a

13  relative or employee of either counsel, and that I am in

14  no way interested financially, directly or indirectly,

15  in this action.

16

17

18

19   

20

21

22  DARIANA CABRERA ALVAREZ,

23  COURT REPORTER / NOTARY

24  COMMISSION EXPIRES ON: 10/22/2025

25  SUBMITTED ON:  05/23/2022

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE REPORTING COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com



CIVIL ACTION NO. 1:20-CV-03139-DDD

# ALLSTATE INSURANCE COMPANY

V.

# JOHN CRUZ

## DEPOSITION OF:

### DINO DICARLO

## DATE:

### June 29, 2022




(855) 693-3767 | (720) 738-1300

schedule@yournextdepo.com

www.pikereporting.com

1      Q      To perform outside business?

2      A      To sell securities and annuities.  Yes.

3      Q      Are you registered outside business with FINRA

4    to share customer information and sell referrals?

5           MS. ARGENTINE:  Objection of form.  If you

6      don't understand the question, you can tell him.

7      Q      You sell customer information to Ivan Gerrity,

8    a person, correct?

9           MS. ARGENTINE:  Objection of form.  And to the

10      use of the word, "sell information."  That's not his

11      testimony.

12      Q      Do you keep records of these gift card

13    transactions?

14      A      I do not.

15      Q      Do you keep records of the client's

16    information that you shared with other entities outside

17    of your agency?

18           MS. ARGENTINE:  Objection, misstates his

19      testimony.

20           MR. CRUZ:  Excuse Me?

21           MS. ARGENTINE:  Misstates his testimony.  He

22      didn't say he shares client information outside his

23      business.

24    BY MR. CRUZ:

25      Q      Do you keep a log of referrals that you refer

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY
YOUR PARTNER THROUGH LITIGATION

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of DINO DICARLO, taken on June 29, 2022

14

1    outside Allstate?

2         A    No.

3         Q    Do you use allstate.com, your e-mail, to refer

4    business?

5         A    Yeah.

6         Q    Do you use your phone?

7         A    No.

8         Q    To refer business?

9         A    No.

10        Q    Any other forms of communication used, other

11   than your Allstate e-mail?

12        A    Or our agency phone.

13        Q    Did you receive gift cards from Steve

14   Longenecker?

15        A    I have.

16        Q    Now you stated when you referred business,

17   this business had to do with Allstate customers, quotes

18   and leads that you could not write in Allstate, correct?

19        A    Not just Allstate customers.

20        Q    Well, where else -- what other customer --

21   who's else customer would they be?

22        A    Prospects that call in.

23        Q    But if they're calling in -- if a prospect is

24   calling in using an Allstate phone number, they would be

25   considered Allstate's prospect, correct?



Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE REPORTING COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of DINO DICARLO, taken on June 29, 2022

15

```
 1          A     At that point, yes.

 2          Q     Who owns the phone number at your agency?

 3          A     Allstate does.

 4          Q     Do you keep documentation on your referrals as

 5   in regard to Allstate declining them business?

 6          A     I don't keep logs of it, no.

 7          Q     So of all the business you refer out, you

 8   don't keep a log of these customers -- clients, leads,

 9   prospects.  You don't keep a log of the credit card you

10   receive from Ivan Gerrity, Steve Longenecker, or anyone

11   to that respect?

12                MS. ARGENTINE:  Objection to form.  There's

13          been no testimony about a credit card.

14          Q     Gift card.  Do you keep any logs whatsoever on

15   gift cards?

16          A     I do not.

17          Q     Do you report this income on tax returns?

18          A     I don't.

19                MS. ARGENTINE:  When you say this income, you

20          mean the gift cards?

21          Q     Correct.  Do you report this gift card income?

22   Are you allowed to refer business?

23          A     Yes.

24          Q     By Allstate?

25          A     Yes.
```

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202



PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of DINO DICARLO, taken on June 29, 2022

16

1      Q      Are all agents allowed to refer business?

2      A      All agents that have the same contract as me,

3 as far as I know.  Yes.

4      Q      Do you have the R3001S contract?

5      A      Yes.

6      Q      And that contract allows you to share -- to

7 refer business to outside entities -- outside people of

8 Allstate?

9      A      Yes.

10      Q      So if I come to you and I offer you gift cards

11 to refer me business, that would be allowed by Allstate?

12      A      If it was something that I couldn't write and

13 none of our advantage companies could place, then to the

14 best of my knowledge, that would be allowed.

15      Q      Have you been on websites, giftcards.com

16 national brands?

17           MS. ARGENTINE:  In what -- in what context?

18      Q      Have you been on the site giftcards.com,

19 national brands to order gift cards?

20      A      I believe I've gotten a link for that in the

21 past.

22      Q      Have you been on the Amazon gift cards website

23 and ordered credit card?

24           MS. ARGENTINE:  You mean gift cards?

25      Q      Gift cards?

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

 PIKE REPORTING COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

```
 1              (EXHIBIT 6 MARKED FOR IDENTIFICATION)
 2              COURT REPORTER:  Okay.
 3              MS. ARGENTINE:  Do you want to refer him to a
 4        specific page?
 5   BY MR. CRUZ:
 6        Q     Where in this addendum does it state you are
 7   allowed to refer business?
 8        A     "Referring business to another company, agent,
 9   or broker.  You may refer business not acceptable to
10   Allstate as a gratuitous service to an insured or
11   prospect, as long as you have no involvement with the
12   referral business other than to give out names,
13   addresses and phone numbers.  However, you are cautioned
14   against consistently referring business to the same
15   agent or broker.  The company only authorizes referrals
16   on an informal basis within the local market."
17        Q     What is the date of this document?
18        A     November 9, 2020.
19        Q     Has there been any other documents prior to
20   this date?
21              MS. ARGENTINE:  Objection, foundation.
22        Q     Has there been any other addendums you know of
23   prior to this addendum?
24              MS. ARGENTINE:  Objection, foundation.  If you
25        know --
```

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of DINO DICARLO, taken on June 29, 2022
45

1    MS. ARGENTINE:  Okay.  That's all, thank you.

2    THE WITNESS:  Did we go through this one

3  already?

4 BY MR. CRUZ:

5   Q No.  When you received gift cards from Steven

6 Longenecker or Ivan Gerrity, did you use your Allstate

7 e-mail address or did you use a personal e-mail address?

8   A My Allstate e-mail.

9   Q Would that be the same for your staff?

10   A Yes.

11   Q And you stated that you don't have any of

12 these records, correct?

13   A I do not.

14   Q Okay.

15    MS. ARGENTINE:  Is this is the full e-mail to

16  the extent you know?

17    MR. CRUZ:  As far as the extent, yes.

18    MS. ARGENTINE:  You can take a look at it.  Do

19  you have questions about that e-mail?

20    (EXHIBIT 9 MARKED FOR IDENTIFICATION)

21 BY MR. CRUZ:

22   Q In this e-mail from Ivan Gerrity's office, it

23 says, "Hello Leslie, I want to follow up with the Home

24 quote I sent you" -- "if Mr. Martinez [sic] has any

25 questions. Thank you."  Do know if Leslie followed up

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE REPORTING COMPANY
YOUR TRIAL THROUGH PALOTTO

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

```
 1              CERTIFICATE OF REPORTER
 2                  STATE OF COLORADO
 3
 4   I do hereby certify that the witness in the foregoing
 5   transcript was taken on the date, and at the time and
 6   place set out on the Title page here of by me after
 7   first being duly sworn to testify the truth, the whole
 8   truth, and nothing but the truth; and that the said
 9   matter was recorded digitally by me and then reduced to
10   type written form under my direction, and constitutes a
11   true record of the transcript as taken, all to the best
12   of my skill and ability. I certify that I am not a
13   relative or employee of either counsel, and that I am in
14   no way interested financially, directly or indirectly,
15   in this action.
16
17
18
19
20
21
22   ELIZABETH LAWLER,
23   COURT REPORTER / NOTARY
24   MY COMMISSION EXPIRES ON: 05/26/2026
25   SUBMITTED ON: 07/07/2022
```



Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202



PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com



PIKE
REPORTING
COMPANY

CIVIL ACTION NO. 1:20-CV-03139

## ALLSTATE INSURANCE COMPANY

V.

## JOHN CRUZ

### DEPOSITION OF:

### REBECCA MARTENS

### DATE:

### June 30, 2022





1   the customer and they were looking -- and nine times out

2   of 10 it's for commercial and the particular risks that

3   we're always shopping were contractors which we could

4   not place under the Allstate paper.  So I would go ahead

5   and try to help them out by giving them a name or two to

6   talk to that I know that could write it.  If I had a

7   customer, for example, I had one earlier, you know, in

8   this -- in this session here where I had his home, I had

9   three rental properties, I had his auto, I had the

10  umbrella, and he acquired a commercial property in

11  downtown Denver, which was beyond Allstate's scope for

12  underwriting because the house was too old.  Beautiful

13  home, which I recommend out to a -- a trusted -- someone

14  else that I trust that would not cross sell my customer.

15              (EXHIBIT 7 MARKED FOR IDENTIFICATION)

16       Q    Okay.  Which customer was that that you were

17  speaking about?

18       A    That was Harry Pritt.

19       Q    Okay.

20       A    Very high end customer.

21       Q    Okay.  You mentioned that on rare occasions

22  you would receive gift cards from Mr. Garrity; is that

23  right?

24       A    I received them, but I never asked for one.

25       Q    Okay.  Did you ever receive gift cards from

Pike Reporting Company
600 17th Street, Suite 2600
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of REBECCA MARTENS, taken on June 30, 2022

42

```
1    Tim Van Zee if -- if you recall?
2         A    I believe I did receive some from Tim Van Zee,
3    but again I never asked for any gift cards.
4         Q    Okay.  And if you can estimate for me on an
5    annual basis over the years, how many gift cards would
6    you say you've received to your office?
7         A    How many years again?
8         Q    Just annually.
9         A    Okay.  None.  I -- I believe I received none
10   over the last two years.
11        Q    Okay.
12        A    If we go back 10 years, I'm guessing maybe 20
13   gift cards at most --
14        Q    A year?
15        A    No, no, no, no --
16        Q    Oh.
17        A    -- I'm talking total.
18        Q    Okay.  And how much on -- would those gift
19   cards be for do you remember the amount?
20        A    I recall -- if I recall it's like a $10 gift
21   card, mostly Starbucks.
22        Q    And what did you typically do with those gift
23   cards?
24        A    I don't drink Starbucks, so I'd give them to
25   my staff.
```

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of REBECCA MARTENS, taken on June 30, 2022

43

1        Q     Okay.  What type of outside business activity

2   are you required to report to FINRA as a registered

3   agent?

4        A     Any income producing property, which I do

5   have, and I've had to disclose that.  Other than that I

6   have no other outside income other than Allstate.

7        Q     If a referral was made to an independent

8   agent, and a policy was written from that referral were

9   you ever named an agent of record on that policy?

10       A     Never.

11       Q     Was any of your staff ever named an agent of

12   record?

13       A     Never.

14       Q     Did you ever receive any commissions from a

15   policy that was written?

16       A     Never.

17       Q     Did anyone in your staff ever receive any

18   commissions?

19       A     Never.

20       Q     Other than a gift card here and there, did you

21   ever receive any other compensation for any referral

22   that you made.

23       A     I did not.

24       Q     Can I take a look at Exhibit 1?  Ms. Martens,

25   I'm handing you what's been marked as Exhibit 1.  This

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1          MS. ARGENTINE:  Objection, calls for a legal

2     conclusion and she doesn't have the contract in

3     front of her.  If you know you can answer.

4          THE WITNESS:  I don't really understand the

5     question as far as there's so many different terms

6     that you use there.

7  BY MR. CRUZ:

8     **Q     In your contract does it allow you to refer**

9  **business for financial gain, direct or indirect?**

10    A     It does -- as far as what I understand my

11  contract to read is that I'm not allowed to refer for

12  financial gain, correct.  That's -- that's what I

13  understand.

14    **Q     Is a gift card financial gain?**

15    A     No.

16    **Q     A gift card is cash, correct?**

17    A     It's -- it's a cup of coffee, $10.

18    **Q     And you have no records of these gift cards**

19  **for customers' referrals?**

20    A     No.

21    **Q     And you have no records of referrals you refer**

22  **to independent agents?**

23    A     No.

24    **Q     Does the Department of Insurance require to**

25  **keep records of customers, quotes, fees, anyone you take**

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of REBECCA MARTENS, taken on June 30, 2022

54

```
 1              CERTIFICATE OF REPORTER

 2                  STATE OF COLORADO

 3

 4   I do hereby certify that the witness in the foregoing

 5   transcript was taken on the date, and at the time and

 6   place set out on the Title page here of by me after

 7   first being duly sworn to testify the truth, the whole

 8   truth, and nothing but the truth; and that the said

 9   matter was recorded digitally by me and then reduced to

10   typwritten form under my direction, and constitutes a

11   true record of the transcript as taken, all to the best

12   of my skill and ability.  I certify that I am not a

13   relative or employee of either counsel, and that I am in

14   no way interested financially, directly or indirectly,

15   in this action.

16

17

18

19

20

21

22   MELODIE DUGAS,

23   COURT REPORTER/NOTARY

24   COMMISSION EXPIRES:  10/28/2025

25   SUBMITTED ON:  07/11/2022
```



MELODIE JOY DUGAS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20214042538
MY COMMISSION EXPIRES OCTOBER 28, 2025

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@younextdepo.com
www.pikereporting.com



CIVIL ACTION NO. 1:20-CV-03139-DDD

# ALLSTATE INSURANCE COMPANY

V.

# JOHN CRUZ

## DEPOSITION OF:

### ELISE TEAGUE

## DATE:

### September 08, 2022





(855) 693-3767 | (720) 738-1300

schedule@yournextdepo.com

www.pikereporting.com

The Deposition of ELISE TEAGUE, taken on September 08, 2022

28

1  on their website, they're there.  So what is Steve -- on

2  the top of the e-mail, what did Dino say to Steve?  Can

3  you read that part?

4       A     "Hey, Steve.  Not a problem.  Thank you for

5  helping him.  A Home Depot gift card would be excellent.

6  Thank you very much.  Have a great long weekend."

7       Q     And below that, where Dino says, "Hi, Dino."

8       A     "Hi, Dino.  Thanks for your referral to Jason

9  Beckley, who recently became our new insurance client.

10  Under our referral program, you'll receive a $25 gift

11  card to one of your favorite or local" -- or, "favorite

12  local or national merchants.  However, since I am not

13  aware of your personal favorite, I need you to take a

14  minute to review a website and let me know which

15  merchant you would like your gift certificate for.

16  Please e-mail me with the name of the merchant you have

17  selected, and your gift card will be on its way to you

18  in a few days.  Thanks again for your business and your

19  referrals."

20       Q     Does Allstate monitor these types of e-mails?

21             MS. FAKHRI:  Objection.  Lack of foundation.

22  You can answer.

23       A     Not to my knowledge.

24       Q     Two pages over, this is a list of Amazon gift

25  cards from 2021, 2020.  Do you see "Bob Silk" on there?

Pike Reporting Company
410 17th Street, Suite 1350
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1      A      I do.

2      Q      Quite a few times, quite a few gift cards. One

3  day three gift cards, some days five gift cards. Would

4  that be considered outside business?

5             MS. FAKHRI:  Objection.  Lack of foundation,

6      and calls for speculation.  You can answer if you

7      know.

8      A      Yeah, I don't know the situation.

9      Q      Internet security and the SEC rules, do you

10 know how the SE -- excuse me.  Do you know what the SEC

11 requires you to protect on privacy --

12     A      No.

13     Q      -- of customer financial information?

14     A      I don't know.

15            COURT REPORTER:  This is Exhibit 4.

16                (EXHIBIT 4 MARKED FOR IDENTIFICATION)

17            MR. CRUZ:  Yes.

18     Q      Okay.  So the SEC requires Allstate -- which

19 is licensed to property and casualty, correct?

20 Allstate's licensed for property and casualty insurance,

21 correct?

22     A      Correct.

23     Q      You're licensed for life and health, correct?

24     A      Correct.

25     Q      You're licensed in securities?

Pike Reporting Company
410 17th Street, Suite 1350
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1    calls for speculation.  You can answer if you know.

2    A    Don't know.

3         MS. FAKHRI:  Mr. Cruz, we've been going for

4    about an hour.  Can we take a break when you find a

5    good --

6         MR. CRUZ:  Yeah.

7         MS. FAKHRI:  We'll go off.

8         COURT REPORTER:  We are off record.

9              (OFF THE RECORD)

10        COURT REPORTER:  We are back on the record.

11   BY MR. CRUZ:

12   Q    Do you know if customers that are referred

13   outside of Allstate, do they know the agents are getting

14   paid gift cards for their referrals?

15   A    Can you repeat the question?

16   Q    Do customers -- Allstate leads, Allstate

17   quotes, Allstate customers, anybody at Allstate -- they

18   go to an Allstate financial representative, and that

19   representative refers that customer outside of Allstate

20   and they receive gift cards, does the customer know that

21   agents receive the gift cards?

22   A    I don't know.

23   Q    Does the customer know if commissions are

24   shared?

25        MS. FAKHRI:  Objection.  Vague, incomplete

Pike Reporting Company
410 17th Street, Suite 1350
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of ELISE TEAGUE, taken on September 08, 2022

38

1     hypothetical.

2          A     I don't know.  And agents shouldn't be sharing

3     commissions.  That would be against the referral

4     guidelines.

5          Q     **Is an agent allowed to write an annuity**

6     **product for a customer and refer out the property**

7     **casualty product?**

8          A     If they're not able to write it in-house, then

9     yes, they could refer it out.

10         Q     **They can refer it out with the customer's**

11    **personal identity on it?**

12         A     We would advise against that.  But, again, it

13    depends if the customer gives authorization.  It depends

14    on the situation.

15         Q     **Would you know why agents, of all the agents**

16    **I've deposed, are only receiving gift cards, and no**

17    **other form of payment?**

18               MS. FAKHRI:  Objection.  Calls for

19         speculation.  You can answer.

20         A     I don't know.

21         Q     **Do you know if gift cards are supposed to be**

22    **reported to the IRS as income?**

23               MS. FAKHRI:  Objection.  Vague as to the

24         context.  You can answer.

25         A     I don't know.  I think, in my opinion, it

Pike Reporting Company
410 17th Street, Suite 1350
Denver, CO 80202

PIKE REPORTING COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

Case No. 1:20-cv-03139-NYW-MEH  Document 231  filed 05/23/23  USDC Colorado  pg 105
of 123
The Deposition of ELISE TEAGUE, taken on September 08, 2022
62

1    quotes information, customers' driver's license

2    information, driving records, all through allstate.com.

3    By them using Allstate's electronic communication,

4    Allstate is allowing them to share all the information

5    that goes through Allstate's electronic information,

6    correct?

7            MS. FAKHRI:  Objection.  Lack of foundation,

8        misstates the record.  You can answer if you

9        understand.

10       A    I don't know.

11   BY MR. CRUZ:

12       Q    Why did you sign this contract, this

13   complaint?

14       A    (No verbal response.)

15       Q    Why did you sign this complaint?

16           MS. FAKHRI:  I'll object to that on the

17       grounds of attorney-client privilege and work

18       product.

19       Q    Allstate keeps no records, correct me if I'm

20   wrong, of Allstate customers being referred outside of

21   Allstate?

22       A    I don't know.

23       Q    Do they keep records of all the quotes that

24   the agents impart (phonetic)?

25       A    We do have a system where all the quotes go

Pike Reporting Company
410 17th Street, Suite 1350
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of ELISE TEAGUE, taken on September 08, 2022

124

```
1              CERTIFICATE OF REPORTER

2                 STATE OF COLORADO

3

4    I do hereby certify that the witness in the foregoing

5    transcript was taken on the date, and at the time and

6    place set out on the Title page here of by me after

7    first being duly sworn to testify the truth, the whole

8    truth, and nothing but the truth; and that the said

9    matter was recorded digitally by me and then reduced to

10   typwritten form under my direction, and constitutes a

11   true record of the transcript as taken, all to the best

12   of my skill and ability.  I certify that I am not a

13   relative or employee of either counsel, and that I am in

14   no way interested financially, directly or indirectly,

15   in this action.

16

17

18

19

20   

21

22   ELIZABETH LAWLER,                    

23   COURT REPORTER/NOTARY

24   COMMISSION EXPIRES:  05/26/2026

25   SUBMITTED ON:  09/23/2022
```

Pike Reporting Company
410 17th Street, Suite 1350
Denver, CO 80202

PIKE REPORTING COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com



**CASE NO. 1:20-cv-03139-DDD**

**ALLSTATE INSURANCE COMPANY**

**V.**

**JOHN CRUZ**

**DEPOSITION OF:**

**RICHARD  PODUSKA**

**DATE:**

**July 28, 2022**





(855) 693-3767 | (720) 738-1300

schedule@yournextdepo.com

www.pikereporting.com

11

1      Q.   She was sent a subpoena of questions,

2  request for documents.  The first question was,

3  "Identify any relationship you have or had with any

4  outside broker or agents from 2010 to present."

5           She dated this document -- signed this

6  document on December 28th, 2021.

7           You first.  Sorry?

8      MS. ARGENTINE:  No, that's all right.  I know

9  what this is.

10      MR. CRUZ:  Yes.

11      (EXHIBIT 1 WAS MARKED FOR IDENTIFICATION)

12      Q.   (BY MR. CRUZ) Okay.  And Erika Lousberg

13  still works for Allstate, correct?

14      MS. ARGENTINE:  Object to the form.

15      Q.   (BY MR. CRUZ) Is Erika Lousberg an

16  Allstate agent?

17      A.   To my knowledge.

18      Q.   Is Erika Lousberg allowed to refer or

19  broker business outside of Allstate?

20      MS. ARGENTINE:  Objection to form and

21  compound.

22      Q.   (BY MR. CRUZ) Is Erika Lousberg allowed

23  to refer business outside of Allstate?

24      A.   Simply put, is she allowed to?  Yes,

25  should it meet that criteria.

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1  you're asking "does Allstate," Mr. Poduska is here in

2  his individual capacity, so he can answer what he

3  knows as an employee of Allstate, but he's not

4  speaking for Allstate.

5         Q.    (BY MR. CRUZ) **Who would be speaking for**

6  **Allstate?  Who would I contact to speak for Allstate?**

7         MS. ARGENTINE:  You have to issue a 30(b)(6)

8  notice in order to get an Allstate representative.  I

9  e-mailed you about that a couple of weeks ago.

10        Q.    (BY MR. CRUZ) **Would you allow Allstate**

11  **representatives working under you to use the Allstate**

12  **electronic communication system to refer business?**

13        A.    I would advise against it.

14        Q.    **Would you allow individuals to use**

15  **Allstate communication to communicate Social Security**

16  **numbers, date of birth, personal information of**

17  **Allstate quotes, leads, customers?**

18        A.    Me personally, no.  And if -- again, the

19  fail-safes that were in place when I was there would

20  notify myself or the sales leader that somebody had

21  done that, and then the next step would be to let

22  them know that they cannot transmit those -- those

23  there -- those over that medium.

24        Q.    **Are Allstate representatives allowed to**

25  **receive gift cards for referring business to outside**

Pike Reporting Company
600 17th Street, Suite 2600
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3757 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of RICHARD PODUSKA, taken on July 28, 2022

27

1  people?

2        A.   Again, going in that, I think that there

3  is a -- if I refer business and get gift cards, it

4  depends on the business, it depends on the amount of

5  the gift card, it depends on all sorts of different

6  things that are in there.

7            We go through, again, the -- what I

8  would say, the Department of Insurance definition of,

9  you know, too much for gift cards with RESPA.  So,

10 like, for example, when RESPA came out, we were not

11 allowed to do anything with real estate or mortgage

12 brokers anymore with gift cards and things like that.

13           So, you know, as long as, in my opinion,

14 it doesn't violate any part of the contract and it

15 doesn't violate the Department of Insurance code,

16 then, yeah, they can do that.

17      **Q.   So as of today, Allstate agents are**

18 **allowed to refer business and receive gift cards**

19 **using Allstate's electronic communications?**

20           A.   I will say as of today, I am unaware.

21 I'm not in the fields sales org as of today and --

22      **Q.   As of today, as of 2020, as of 2021,**

23 **they're allowed to receive gift cards?**

24           MS. ARGENTINE:  Objection --

25           Q.   (BY MR. CRUZ) To refer -- yes?

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of RICHARD PODUSKA, taken on July 28, 2022

28

```
1              MS. ARGENTINE:  Sorry.  Go ahead.  I thought
2      you were finished with your question.
3              Q.    (BY MR. CRUZ) Allstate agents are
4      allowed to receive gift cards for referring business
5      --
6              MS. ARGENTINE:  Asked and answered.
7              Q.    (BY MR. CRUZ) -- 2020, 2021?  Right.  He
8      just gave you his answer to that.
9              THE WITNESS:  Sorry.  I can't hear you.
10             MS. ARGENTINE:  I said, "He just gave you an
11     answer to that.
12                  I'm sorry.  I need to speak louder.
13             THE WITNESS:  Oh, okay.  Okay.  That's on me
14     -- I'm just --
15             MS. ARGENTINE:  No, no.  I'm sorry.
16             THE WITNESS:  I try to lean in.  I try to
17     read mouths.  I try to do a lot of things.  That's on
18     me.
19             MR. CRUZ:  This is Amazon.
20             MS. ARGENTINE:  Uh-huh.
21          (EXHIBIT 7 WAS MARKED FOR IDENTIFICATION)
22             Q.    (BY MR. CRUZ) This is Amazon gift cards
23     to Steve Longenecker.  Do you see any allstate.com
24     e-mails on there?
25             A.    Yes.
```

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of RICHARD PODUSKA, taken on July 28, 2022

29

1      Q.    **Who is that?**

2      A.    The e-mail address is

3   "bobsilk@allstate.com."

4      Q.    **Do you know Bob Silk?**

5      A.    I do.

6      Q.    **Was he authorized to refer business to**

7   **Steve Longenecker?**

8        MS. ARGENTINE:  Objection; asked and

9   answered.

10        Do you want him to answer the question

11   again?

12        MR. CRUZ:  Yes.

13        MS. ARGENTINE:  Okay.  Go ahead and give your

14   answer again.

15        You can go ahead and give your answer

16   again.

17        THE WITNESS:  Was he authorized to do that?

18        MR. CRUZ:  Yes.

19        THE WITNESS:  Again, going through the

20   definition, he can make referrals out.  As long as it

21   meets the guidelines we previously state, which was

22   he can't write any business in Allstate and it's

23   declined, if he referred it out there and received a

24   gift card in return, then as long as it doesn't

25   violate those pieces of the contract that are EA

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1    standards or Department of Insurance, then he's free

2    to do that.

3          **Q.    (BY MR. CRUZ) Did you ever look into to**

4    **see if he was in violation of any entities that you**

5    **stated?**

6          A.    Me personally?

7          **Q.    Property insurance, anything?**

8          A.    Me personally, no.

9          **Q.    Did he work under you?**

10         A.    No.

11         MS. ARGENTINE:  Objection to form.

12         **Q.    (BY MR. CRUZ) No, he did not.**

13         A.    Sorry.  I cut you off.

14         MS. ARGENTINE:  Nope.  That's all right.

15         **Q.    (BY MR. CRUZ) In this report with Steve**

16    **Longenecker, Bob Silk receives a lot of gift cards.**

17    **How many gift cards is he allowed to receive a day?**

18         MS. ARGENTINE:  Objection to form and

19    characterization of the e-mail.

20         **Q.    (BY MR. CRUZ) As an Allstate**

21    **representative receiving gift cards, how many gift**

22    **cards per day are you allowed to receive?**

23         A.    I don't know the answer to that.

24         **Q.    Who would know that answer?**

25         A.    I don't know.  My inkling, in that

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1   agency that is not affiliated with Allstate can and

2   cannot do.

3          Q.   (BY MR. CRUZ) Do you know Ivan Gerrity?

4          A.   No.

5          Q.   On June 7th, Ivan Gerrity was deposed

6   and the question was asked:  "And do you pay gift

7   cards to Allstate representatives for referring

8   business?"

9               He stated, "Yes."

10              Is he a part or affiliate of Allstate,

11  Ivan Gerrity?

12         A.   To my knowledge, no.

13         Q.   Do you have records of the gift cards

14  given to Allstate representatives?

15         A.   No.

16         Q.   Do you have records of the quotes,

17  leads, Allstate customers referred to outside

18  entities, outside people of Allstate?

19         A.   I'm sorry.  I just didn't understand.

20         Q.   Do you have records of Allstate's

21  quotes, Allstate's leads, Allstate's customers that

22  have been referred to outside individuals?

23         A.   Oh, no.

24         MS. ARGENTINE:  Meaning, does Allstate have

25  records?



Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1    representatives for referred business?"

2           "Yes."

3           And Ivan Gerrity is not affiliated with

4    Allstate, correct?

5           Correct?

6      A.   Not to my knowledge.

7      Q.   No.  And nobody keeps accounting

8    records?

9           Nobody you know of at Allstate keeps

10   accounting records for quotes, leads, customers for

11   gift cards, payments?

12     A.   Not that I'm aware of.

13     Q.   Did you receive gift cards?

14     A.   No.

15     Q.   Brian Mitchum, was he Erika Lousberg's

16   manager?

17     A.   No.  Well, I -- in the context that

18   you're using, Erika Lousberg didn't report up to

19   Brian Mitchum, but I believe Brian Mitchum, that was

20   his geography when it came to him being an FSA or an

21   FSL.  So he would have been the FSL or FSA over that

22   territory.

23     Q.   FSL, financial sales leader?

24     A.   I'm so sorry.  Field sales leader.

25     Q.   Field sales leader.  Okay.

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1            His answer was, "No, just referrals."

2            In an agency -- if you know, do you know

3 the number of quotes an agent does in an agency on

4 average?

5       A.   It would vary.  I couldn't give you an

6 average quote per day per agency.

7       Q.   What would be the standard for Allstate?

8       A.   Allstate doesn't have a standard when it

9 comes to that because of the varying close rates,

10 because of the varying lead types, because of all of

11 those things.  It's the -- the agent sets their goals

12 and the quote volumes based upon those things.

13       Q.   Do you know the maximum amount allowed

14 to receive in gift cards?

15       A.   The maximum, I'm sorry?

16       Q.   Maximum amount, dollar amount to receive

17 in gift cards?

18       A.   No.

19       MS. ARGENTINE:  Sorry.  I'm just going to

20 object just because it's unclear.  Allowed by whom?

21       Q.   (BY MR. CRUZ) Allowed by Allstate?

22       A.   To an agent?

23       Q.   Yes.

24       A.   Okay.  No, I don't know if there's a

25 max, a min.  I know for a security's licensed

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE REPORTING COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of RICHARD  PODUSKA, taken on July 28, 2022

53

1    representative, they cannot receive -- it is a

2    reportable question, "Did you receive a gift in the

3    amount of a hundred dollars or more from any

4    respective client?"

5              But that's the only limit that I know

6    of.

7         Q.    Per client or --

8         A.    It says from a -- and, again, I am --

9    this is all from memory.  I haven't done a DSP in a

10   long time, but, to my knowledge, it says, "From, a --

11   like, a perspective client and/or customer," I

12   believe is the verbiage on that questionnaire.

13        Q.    Rebecca Martens stated in the deposition

14   she does approximately 300 quotes a month.  She

15   stated in a deposition she does 25 to 30 policies per

16   month.  She stated in the deposition that she refers

17   out the business she cannot write at Allstate, and

18   she stated in her business [sic], she receives gift

19   cards.

20              Was she ever reported to the SEC or

21   FINRA for these gift cards?

22        A.    I never reported her, and, to my

23   knowledge, she was never reported that I'm aware of.

24        Q.    Ivan Gerrity stated in his deposition

25   that he pays $10, $20, $30, $40 in gift cards --

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY
YOUR NEXT DEPOSITION SOLUTION

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

59

1    Insurance.

2          MS. ARGENTINE:   Where did these documents

3    come from?

4          MR. CRUZ:   Secretary of State.

5          MS. ARGENTINE:   Okay.   Is that the whole

6    exhibit you want to mark?

7          MR. CRUZ:   That one, yes.

8          (EXHIBIT 13 WAS MARKED FOR IDENTIFICATION)

9          **Q.    (BY MR. CRUZ) I'm just showing you**

10   **Secretary of State, 4G Insurance.   I was on this this**

11   **morning, today, which is July 28th.   Owner, Deborah**

12   **Gonzales.**

13             **And it goes through, and I don't know**

14   **why there's another name on here.   It wouldn't give**

15   **me more information, but it's still the same ID**

16   **number.**

17         A.    Okay.

18         **Q.    Okay?**

19         MS. ARGENTINE:   What's your question?

20         **Q.    (BY MR. CRUZ) So on Allstate's website**

21   **she is listed as 4G Insurance - Allstate?**

22         A.    Okay.

23         **Q.    On the Secretary of State, it's just 4G**

24   **Insurance.   There is no 4G Insurance - Allstate**

25   **agency.**

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of RICHARD PODUSKA, taken on July 28, 2022

60

1          **And this is her husband, Patrick**
2   **Gonzales, who is 4G Insurance Brokers.  There is no**
3   **"Brokers" on the State website.  It's only 4G**
4   **Insurance.**
5          MS. ARGENTINE:  Okay.  I'll just object to
6   your characterization of these documents.  I don't
7   know where they came from.  I don't know who any of
8   these people are.  If you have a question about, you
9   know --
10          MR. CRUZ:  Again, my question --
11          MS. ARGENTINE: -- their agencies, that's
12   fine, but you can't make legal arguments on the
13   record, which you are doing.
14          MR. CRUZ:  In the supplement you gave in
15   November of 2020, it says your spouse cannot be --
16   financial interest, your spouse, having an outside
17   brokerage.  It is not allowed -- it's considered --
18   if your spouse has an outside brokerage, you have a
19   financial interest.
20          MS. ARGENTINE:  I'll object to the
21   characterization of that document.
22          MR. CRUZ:  Where is that document?
23          MS. ARGENTINE:  It was an exhibit.
24          MR. CRUZ:  Yes.  It's 3.
25          MS. ARGENTINE:  I think it's referred to in



Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

```
 1   the referral section.
 2         You okay?
 3         THE WITNESS:  Good.  Yeah, yeah.
 4         MS. ARGENTINE:  Okay.
 5         MR. CRUZ:  Let me find it.
 6         MS. ARGENTINE:  I think it's the last
 7   sentence in the referral section that refers to the
 8   spouse.
 9              No, the last -- on the last page of that
10   document.
11         Q.   (BY MR. CRUZ) Okay.  Oh, yes.  On the
12   last page of this document dated November 9th, 2020,
13   "Please note that the referral to business to any
14   independent agency in which you have either direct
15   financial interest or an indirect interest (spouse
16   has ownership) is not considered gratuitous and is
17   not authorized."
18         A.   Correct.
19         MS. ARGENTINE:  So is your question, was
20   she --
21         Q.   (BY MR. CRUZ) My question is, was she
22   allowed to be an Allstate agent and her husband to
23   have his own brokerage outside of Allstate?
24         MS. ARGENTINE:  You can answer that question.
25         THE WITNESS:  I mean, according to what was
```

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of RICHARD POPUSKA, taken on July 28, 2022

62

```
 1   just there, yeah.  I -- she just cannot refer
 2   business to them.
 3          Q.    (BY MR. CRUZ) Do you know if she refers?
 4          A.    I don't.
 5          MR. CRUZ:  Can I make this part this exhibit
 6   here?
 7          REPORTER:  Yes.
 8          Q.    (BY MR. CRUZ) Did we go over the
 9   definition of what is a broker?
10          MS. ARGENTINE:  We did.
11          Q.    (BY MR. CRUZ) Do we know the legal
12   definition of a broker?
13          MS. ARGENTINE:  That's a legal definition.
14          Q.    (BY MR. CRUZ) Uh-huh.  Agent's
15   representatives receiving income outside of Allstate,
16   does that income have to be reported to Allstate?
17          A.    I'm thinking through the -- and,
18   apologies, I don't know if it has to be reported
19   directly to Allstate.  I do know that on the outside
20   business activities for them, that any part of those
21   have to be reported from the outside business
22   activities.
23               So the exact income, I don't know that
24   the income has to be reported.  I believe that the
25   activity or the business that supplies that income
```

Pike Reporting Company
600 17th Street, Suite 2600
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

The Deposition of RICHARD PODUSKA, taken on July 28, 2022

70

| | | |
|---|---|---|
| 1 | | Company and you. This Agreement also supercedes any |
| 2 | | prior oral statements and representations by the |
| 3 | | Company to you and any prior written statements and |
| 4 | | representatives by the Company to you in letters, |
| 5 | | manuals, booklets, memorandums, or any format." |
| 6 | | Prior. What about future, present? |
| 7 | A. | Yeah, I don't know. |
| 8 | Q. | Thank you. Did you know Bill Kyle? |
| 9 | A. | Bill who? |
| 10 | Q. | Kyle. |
| 11 | A. | No. |
| 12 | Q. | Bill Kyle was the person I bought my |
| 13 | | insurance agency from back in 2010. To your |
| 14 | | knowledge, was Allstate agents, Allstate |
| 15 | | representatives, allowed to own an Allstate agency |
| 16 | | and a brokerage? |
| 17 | A. | Multiagency and a brokerage? |
| 18 | Q. | Own an insurance agency with Allstate -- |
| 19 | A. | Uh-huh. |
| 20 | Q. | -- and own an insurance independent |
| 21 | | agency outside of Allstate? |
| 22 | A. | To my knowledge, no. That was having, |
| 23 | | again, financial interest in a competing, outside |
| 24 | | business activity was not authorized. |
| 25 | | Thanks. I figured it was there |

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202


PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com

1                REPORTER'S CERTIFICATE

2

3    STATE OF IDAHO          )
                             )    ss.
4    COUNTY OF BONNEVILLE    )

5

6

7        I, Shantae Miller, CSR, RPR, CRR, CRC, and
     Notary Public in and for the State of Idaho, do
8    hereby certify:
             That prior to being examined Richard Poduska,
9    the witness named in the foregoing deposition, was by
     me duly sworn to testify to the truth, the whole
10   truth, and nothing but the truth;
             That said deposition was taken down by me in
11   shorthand at the time and place therein named and
     thereafter reduced to typewriting under my direction,
12   and that the foregoing transcript contains a full,
     true, and verbatim record of said deposition.
13       I further certify that I have no interest in the
     event of the action.
14       WITNESS my hand and seal this 5th day of August,
     2022.

15

16

17                              

18

19

20                     Shantae Miller
                       Idaho CSR, RPR, CRR, CRC
21                     CSR No.: SRL-1005
                       Notary Public in and for
22                     the State of Idaho

23

24

25   My Commission Expires:   1-03-2023

Pike Reporting Company
600 17th Street, Suite 2800
Denver, CO 80202

PIKE
REPORTING
COMPANY

(855) 693-3767 | (720) 738-1300
schedule@yournextdepo.com
www.pikereporting.com