**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-03139-NYW-MEH

ALLSTATE INSURANCE COMPANY,

        Plaintiff,

   v.

JOHN CRUZ,

        Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDATION REGARDING THE PARTIES' SUMMARY JUDGMENT MOTIONS**

Plaintiff Allstate Insurance Company ("Allstate" or "Plaintiff") respectfully submits this Response in opposition to Defendant John Cruz's ("Cruz" or "Defendant") Objections to Magistrate Judge Michael E. Hegarty's Recommendation regarding the parties' Summary Judgment motions (the "Objections"). In support thereof, Allstate states as follows:

## INTRODUCTION

Magistrate Judge Hegarty issued his Recommendation regarding the parties' Motions for Summary Judgment, where he correctly recommended that Allstate's Motion for Summary Judgment be granted and Cruz's Motion be denied. Dkt. 221. Judge Hegarty's 27-page Recommendation thoroughly examined the record and both parties' arguments for summary judgment in making this determination. Specifically, Judge Hegarty's findings conclude that, when viewed in the most favorable light to Cruz, the terms of the contract between Cruz and Allstate were clear; Cruz failed to advance specific, particular responses to Allstate's undisputed statements of facts; and Cruz failed to offer evidence for his conclusory statements and defenses.

Unhappy with this result, Cruz filed his Objections to the Recommendation, claiming that the Recommendation is wrong in its entirety, and requesting the District Court's *de novo* review. Cruz raises three specific objections to the Recommendations:[1] First, Magistrate Judge Hegarty misinterpreted Colo. Rev. Stat. § 8-2-113(2) and its application to the Agreement. Second, Judge Hegarty was incorrect when he found that the Agreement between the parties is about the protection of Allstate's confidential information or trade secrets. Third, Judge Hegarty incorrectly construed numerous facts as undisputed when they were disputed.

These arguments, however, repeat many of the same arguments that Judge Hegarty already considered in his deliberations and determined are contrary to facts and law. Accordingly, Allstate

---

[1] Allstate summarizes and addresses Cruz's Objections to the extent Allstate understands Cruz's arguments and the sections of Magistrate Judge's Recommendations to which Cruz objects.

respectfully requests that this Court overrule Cruz's Objections and adopt the Magistrate Judge's Recommendation in its entirety.

## RELEVANT BACKGROUND

In April 2010, Cruz purchased three books of business from an existing Allstate Exclusive Agent ("EA"), opened an Allstate Exclusive Agency, and signed and agreed to be bound by the Allstate R3001 Exclusive Agency Agreement ("EA Agreement"). Dkt. 191 ¶¶ 5, 27-29; Dkt. 205 ¶ 16. As an EA, Cruz was only authorized to sell and service Allstate approved products. *Id.* In late 2019, Allstate conducted an internal investigation into Cruz's activities after receiving information that he was brokering insurance on behalf of competing insurance carriers. Dkt. 191 ¶¶ 36-50. Based on the findings of the investigation, on August 26, 2020, Allstate terminated Cruz's EA Agreement for cause and initiated a shut down of his Allstate Exclusive Agency. *Id*. at ¶¶ 51-53. Following termination of the Agreement, Cruz was obligated to, among other things, immediately return Allstate's property and confidential information, cease using and return to Allstate any phone numbers used by his Allstate Exclusive Agency, and abide by certain post-termination restrictive covenants. *Id*. ¶¶ 22-25. Unfortunately, Cruz failed to abide by many these provisions. *Id*. at ¶¶ 66-82.

Allstate filed its Complaint against Cruz on October 10, 2020, asserting breach of Cruz's EA Agreement (Count I) and misappropriation of trade secrets (Counts II and III). Dkt. 1. Cruz filed his Answer and Counterclaim on February 5, 2021, where he asserted the following claims against Allstate: breach of contract (Counterclaims I and III); unjust enrichment (Counterclaim II); breach of the implied covenant of good faith and fair dealing (Counterclaim IV); defamation (Counterclaim V); and violations of 42 U.S.C. § 1981 (Counterclaim VI). Dkt. 40.

On October 31, 2022, Allstate moved for summary judgment on its claims related to Cruz's breaches of his EA Agreement. Dkt. 191. The same day, Cruz also moved for summary judgment on all six of his Counterclaims and for summary judgment in his favor on Allstate's breach of contract claim. Dkt. 196. The summary judgment motions were referred to Magistrate Judge Hegarty. Dkts. 193, 200. On April 14, 2023, the Magistrate Judge issued his Recommendation to the District Court that Allstate's motion be granted, and Cruz's motion be denied. Dkt. 221. Judge Hegarty's thorough and well-reasoned Recommendation should be accepted and adopted by the District Court in full.

## LEGAL STANDARD

The Magistrate proposed findings of fact and recommended a disposition for a matter referred under 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72. This Court reviews *de novo* those portions of the Magistrate's Recommendations to which a party properly objected. *Id*. An objection to a recommendation is properly made if it is both timely and specific. *U.S. v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## ARGUMENT

### I.   Judge Hegarty Correctly Interpreted And Applied Colo. Rev. Stat. § 8-2-113(2).

Cruz asserts that Judge Hegarty's interpretation and application of C.R.S. § 8-2-113(2) to Cruz's EA Agreement is incorrect because the EA Agreement's non-compete provision[2] is void

---

[2] To the extent that Cruz's Objections intended to refer to his non-solicitation provision, Colorado courts regularly find that where a non-solicit provision is aimed at protecting client information and to prevent the use of that

3

as a matter of law. Specifically, Cruz claims that "[t]he Magistrate's Order dedicates two pages to determining whether Plaintiff's noncompetition covenant fits within the 'trade secret exception' of Colo. Rev. Stat. § 8-2-113(2), even though Plaintiff did not make any trade secrets related argument or claim in its Motion for Summary Judgment." Dkt. 231 at 4. He also claims that "C.R.S. § 8-2-113(2) does not provide an exception from the Colorado prohibition of non-compete agreements due to confidentiality concerns." *Id.* [3]

As a preliminary matter, Cruz raised the issue of his EA Agreement being "void as a matter of law" in his response brief to Allstate's Motion for Summary Judgment, and Allstate responded to Cruz's claim in its reply in support of its Motion for Summary Judgment. Dkt. 210 at 6. Thus, Judge Hegarty properly addressed this issue in his Recommendations. Dkt. 221 at 15-16; FED. R. CIV. P. 72 (magistrate judge may hear a "pretrial matter dispositive of a claim **or defense**") (emphasis added). Judge Hegarty also addressed the remaining issues Cruz raises in his Objections. In doing so, the Magistrate Judge appropriately found that the non-compete in Cruz's EA Agreement is an exception to C.R.S. § 8-2-113(2)'s non-compete agreement prohibition. Cruz's claims fail because the EA Agreement is intended to protect customer relationships and the misuse of confidential information, two purposes that are intended to prevent trade secret misappropriation. *Mgmt. Recruiters of Boulder, Inc. v. Miller*, 762 P.2d 763, 766 (Colo. App. 1988).

Colo. Rev. Stat. § 8-2-113(2) provides the following: "[A]ny covenant not to compete that restricts the right of any person to receive compensation for performance of labor for any employer

---

information to unfairly compete, as is the case here, the provision fits within the trade secret exception. *Wells Fargo Ins. Servs. USA, Inc. v. McQuate*, 276 F. Supp. 3d 1089 (D. Colo. 2016); *Saturn Sys., Inc. v. Militare*, 252 P.3d 516, 527 (Colo. App. 2011); *Gold Messenger, Inc. v. McGuay*, 937 P.2d 907, 910-11 (Colo. App. 1997).

[3] Even though the Judge Hegarty addressed this issue, he also could have concluded that it was waived by Cruz. *See Warming Trends, LLC v. Stone*, No. 19-CV-03027-PAB-STV, 2023 WL 2716652, at *18 (D. Colo. Mar. 30, 2023).

22854456 v1

is void," unless the covenant not to compete falls under statutory exceptions. C.R.S. § 8-2-113(2)(a). The statutory exceptions allow non-compete agreements "for the protection of trade secrets."[4] *Nat'l Graphics Co. v. Dilley*, 681 P.2d 546, 546-47 (Colo. App. 1984). Colorado courts determine whether a non-compete covenant fits within the "for the protection of trade secrets" exception by examining (1) the factual situation to determine if a covenant is justified and (2) the specific terms of the non-compete to determine the reasonableness of its effect. *Mgmt. Recruiters*, 762 P.2d at 766. The interpretation of the language in a contract is a matter of law, as is the question of whether the contractual provision is enforceable. *Ball Dynamics International, LLC v. Saunders*, 2016 WL 10859782, * 4 (D. Colo. Nov. 14, 2016).

*First*, the restrictive covenant is justified. Allstate provides insurance and other financial products to individuals and businesses in Colorado through its EAs. Dkt. 191 at ¶¶ 1-2. Allstate requires its EAs, including Cruz, to enter into EA Agreements, which are intended to protect the confidentiality of the information provided to EAs and Cruz. *Id.* at ¶¶ 5-8. The EA Agreements specify that EAs and Cruz will have access to certain Allstate confidential information including:

> [b]usiness plans of the Company; information regarding the names, addresses, and ages of policyholders of the Company; types of policies; amounts of insurance; premium amounts; the description and location of insured property; the expiration or renewal dates of policies; policyholder lists and any policyholder information subject to any privacy law; claim information; certain information and material identified by the Company as confidential or information considered a trade secret.

*Id.* at ¶ 7. Allstate keeps this information confidential, including its customer information, so that it can maintain its competitive advantage in competitive insurance business. *Id.* at ¶ 8. For this reason, the Magistrate Judge correctly noted that "one purpose of the noncompetition provision

---

[4] Effective August 10, 2022, the Colorado legislature amended the statute governing non-compete agreements and revised the statutory exceptions. *See* Colo. Rev. Stat. § 8-2-113. However, the new law only applies to non-compete covenants entered into or renewed after the effective date of the act. *See* H.B. 22-1317, § 2(2). Accordingly, this Court should evaluate Cruz's EA Agreement under the four statutory exceptions discussed in *Dilley*. *See Dilley*, 681 P.2d at 546-47.

5

was to protect trade secrets and confidential information." Dkt 221 at 16. Moreover, where the focus of the non-competition provision is to protect customer relationships and the misuse of company confidential information, as is the case here, courts often find the non-competition provision is tailored to prevent misappropriation of trade secrets and therefore fits within the "for the protection of trade secrets" exception. *Mgmt. Recruiters*, 762 P.2d at 766; *Gold Messenger, Inc. v. McGuay*, 937 P.2d 907, 910-11 (Colo. App. 1997); *Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1257-58 (D. Colo. 2005); *Energex Enterprises, Inc. v. Anthony Doors, Inc.*, 250 F. Supp. 2d 1278, 1281-82 (D. Colo. 2003).

*Second*, the non-compete in Cruz's EA Agreement is narrowly tailored. To be valid and enforceable under § 8-2-113, a noncompetition provision must satisfy the rule of reasonableness as to both duration and geographic scope. *Nat'l Graphics Co. v. Dilley*, 681 P.2d 546, 547 (Colo. App. 1984). The non-compete provision limits Cruz from competing for one year from his termination and in only a one-mile radius. Colorado courts generally consider this restriction to be reasonable. *Haggard v. Spine*, No. 09-721, 2009 WL 1655030, *10 (D. Colo. June 12, 2009) (confirming that one-year restrictive covenants are "well within the realm of enforceable."); *Doubleclick*, 402 F. Supp. 2d at 1259 (same); *Energex Enterprises*, 250 F. Supp. 2d at 1283. Accordingly, the Magistrate Judge appropriately found that the non-compete provision here is "narrowly tailored in time and geographic scope." Dkt. 221 at 16. Thus, the non-compete provision is justified and reasonable under Colorado law, and the Magistrate Judge correctly found that EA Agreement's non-compete provision is within Section 8-2-113(2)'s trade secrets exception.

## II. Judge Hegarty Was Correct In Finding That Cruz's Agreement Was Meant To Protect Allstate's Trade Secrets And Confidential Information.

Cruz also claims that the Magistrate Judge incorrectly determined that the meaning of the EA Agreement "was to protect trade secrets and confidential information," even though the EA

Agreement "does not contain any clause aimed at protecting trade secrets." Dkt. 231 at 3-4. Likewise, Cruz asserts that the Magistrate Judge should not have looked "beyond the four corners of the agreement to determine the meaning intended by the parties" in the EA Agreement.

If Allstate correctly understands Cruz's claims, Cruz requests that the District Court order that the purpose of the EA Agreement was neither for protecting trade secrets nor confidential information. For many of the same reasons discussed above, the Magistrate Judge's conclusion that the EA Agreement was intended to protect confidential information and trade secrets is sound. By signing the EA Agreement, he agreed that he was receiving access to Allstate's confidential information, that some of Allstate's information is considered a trade secret, and that the specific information set forth in the Agreement was to be kept confidential. Dkt. 191 at ¶¶ 7-8. Moreover, Judge Hegarty assessed, and concluded, that the confidential information and customer information at issue in this case have value such that certain information may be considered trade secrets at trial. Dkt. 221 at 17-18. Thus, the EA Agreement was at least in part intended for the protection of confidential information and trade secrets. Accordingly, Cruz's Objections to the Magistrate Judge's remarks are misplaced and should be disregarded by the District Court.

**III.    Judge Hegarty Properly Found Determined That Cruz's Responses to Allstate's Facts Were Undisputed.**

Cruz asserts that "[t]he Magistrate's Order ignores [his] responses to Plaintiff's 'undisputed facts' which specifically dispute most of Plaintiff's 'undisputed facts,' thus, rendering most of Plaintiff's facts disputed." Cruz, however, overlooks the summary judgment fact standard set forth by Rule 56. Even though Cruz is proceeding *pro se*, Cruz still must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Keeler v. Aramark*, 418 F. App'x 787, 791 (10th Cir. 2011).

7

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). Summary judgment is appropriate if no **genuine** issue exists as to any **material** fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) (emphasis added). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Thus, Cruz may not rest on the allegations contained in his complaint but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, as Allstate's was here. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Cruz must do more than simply show that there is some metaphysical doubt as to the material facts. *Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). Thus, Cruz must "ensure that the factual dispute is portrayed with particularity." *Cross v. Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004).

The "facts" that Cruz advanced in his Motion for Summary Judgment and response to Allstate's Motion for Summary Judgment are neither material nor present any genuine fact issues that would preclude Cruz from liability. In his own Motion, Cruz included immaterial or unrelated facts and legal conclusions, without specifying how the evidence supports a finding in his favor. *S.E.C. v. Cap. Holdings, L.L.C.*, No. 03CV00923-REBCBS, 2006 WL 1660541, at *1 (D. Colo. June 12, 2006) (finding that where a party fails to "specifically delineate[] how the evidence he attaches" is relevant or supports a finding in his favor, the court was "neither required nor inclined to peruse the record… in search of evidence that might support" his position). Likewise, in response to Allstate's undisputed statement of facts, Cruz did not specifically or admit any of Allstate's facts. For example, Cruz did not provide any response to Allstate's undisputed facts

8

numbers 1, 3, 11, 16, 18-22, 25-26, 30-31, 37-40, 42, 47-48, 51-55, 57-68, 73-76, and 79-80; and Cruz provided only conclusory responses and no citations to specific evidence in response to numbers 2, 17, 23, 24, 32, 34-36, 43-45, 72, 77, and 78. *See Rose v. City of Lafayette, Colo.*, No. 05-cv-00311-WDW-MJW, 2007 WL 485228, at *1 (D. Colo. Feb. 12, 2007) (when the opposing party does not provide a response to the statements of undisputed facts, the court will accept the facts as set forth in the briefs as undisputed); *Stuart v. Erickson Living Mgmt.*, No. 18-CV-01083-PAB-NYW, 2019 WL 7289016, at *2 (D. Colo. July 29, 2019) (conclusory statements or those based on speculation, conjecture, or surmise provide no probative value on summary judgment).

In light of the foregoing, the Magistrate Judge pointed out that "[Cruz] does not respond to a number of [Allstate's] stated facts," and therefore, he correctly considered a number of Allstate's facts to be admitted. Dkt. 221 at 19. The Magistrate Judge also explained, "I have considered [Cruz's] responses and find [Allstate's] summary… to be an accurate accounting of the deficiencies of [Cruz's] responses under Fed. R. Civ. P. 56(c), the Court's Civil Practice Orders and Standards, and applicable case law." *Id.* at 19. The Magistrate Judge's Recommendation is thus consistent with the well-established summary judgment standards.

Although Cruz's Objections advance more facts than he originally provided in his Motion for Summary Judgment and response to Allstate's summary judgment, these facts are plagued by the same shortfalls identified by the Magistrate Judge. *See* Dkt. 231 at 6-38. For example, Cruz points to an email, which was never attached to his own Motion for Summary Judgment or referenced in response to Allstate's Motion for Summary Judgment, which purports to state that Cruz was accepted to work for multiple agencies pursuant to "the tacit approval of Allstate for the last 13 years." *See* Dkt. 231 at 5, 13-14, 18. If this fact is true, it is not material; it does not change the Magistrate Judge's finding and recommendation that Cruz breached his EA Agreement with

Allstate. Further, Cruz claims that the Magistrate Judge misunderstood the difference between an "Exclusive Agent" and an "Independent Agent", claiming that he "was never an Exclusive Agent." *See* Dkt. 231 at 6-7. He provides no support for this assertion, and instead, includes unrelated deposition testimony. Moreover, Cruz asserts that he was allowed to sell Allstate's confidential information. *See* Dkt. 231 at 12-16. The exhibits and deposition excerpts discuss referrals of business when Allstate will not write or renew a policy—which was addressed by the Magistrate Judge—but Cruz does not explain how the excerpts support his argument that he was allowed to *sell* Allstate's confidential information. Finally, Cruz claims, for the first time, that Allstate violated several federal statutes, but fails to provide any factual support for these allegations. *See* Dkt. 231 at 10-11, 20-21, 24-26, 37-38.

Even if these facts were well-founded and genuine issues of material fact, they are nonetheless waived. Allowing these additional facts into the record now defeats the purpose of the Magistrate Judge's Recommendation. *Borden v. Sec'y of Health & Hum. Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (citing *Mathews v. Weber*, 423 U.S. 261, 271 (1976)); *see also Singh v. Superintending Sch. Comm. of City of Portland*, 593 F. Supp. 1315, 1318 (D. Me. 1984) ("on referral of a pretrial motion to the Magistrate for his hearing and determination thereon, all parties are required to take before him, not only their 'best shot' but all of their shots.").

Therefore, Cruz's Objections fail to raise any genuine issues of material fact that could preclude summary judgment. The District Court should accept and adopt in full Magistrate Judge Hegarty's Recommendation as his findings are thorough and well-reasoned.

## CONCLUSION

For the foregoing reasons, Allstate respectfully requests that this court overrule Cruz's Objections and adopt Magistrate Judge Hegarty's Recommendation in its entirety.

10

22854456 v1

| | |
|---|---|
| Dated: June 6, 2023 | /s/ J. Scott Humphrey |
| | J. Scott Humphrey |
| | Emily N. Dillingham |
| | Katie M. Burnett |
| | **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP** |
| | 71 South Wacker Drive |
| | Suite 1600 |
| | Chicago, IL 60606-4637 |
| | Telephone:  312-212-4940 |
| | shumphrey@beneschlaw.com |
| | kburnett@beneschlaw.com |
| | |
| | *Counsel for Allstate Insurance Company* |

11

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

*/s/ J. Scott Humphrey*

J. Scott Humphrey

*Attorney for Allstate Insurance Company*