**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 20-cv-03139-NYW-MEH

ALLSTATE INSURANCE COMPANY,

      Plaintiff/Counter-Defendant,

v.

JOHN CRUZ,

      Defendant/Counter-Plaintiff.

---

**ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty ("Recommendation"), [Doc. 221, filed April 14, 2023], on the Parties' cross-motions for partial summary judgment. Defendant Counter-Plaintiff John Cruz ("Defendant" or "Mr. Cruz") has submitted pro se Objections to the Proposed Findings and Recommendations in Magistrate's [sic][1] Summary Judgment Order ("Objection"), [Doc. 231, filed May 23, 2023], and Plaintiff Counter-Defendant Allstate Insurance Company ("Plaintiff" or "Allstate") has responded ("Response"), [Doc. 233, filed June 6, 2023]. In the Recommendation, Judge Hegarty recommends that Plaintiff's Motion and Memorandum of Law in Support of its Motion for Summary Judgment ("Plaintiff's Motion"), [Doc. 191, filed October 31, 2022], be granted and that Defendant's Motion for Summary Judgment ("Defendant's Motion"), [Doc. 196, filed October 31, 2022], be denied. For the reasons below, the Court respectfully **OVERRULES in part** Mr. Cruz's Objection, and **ADOPTS in part** the Recommendation, which is incorporated

---

[1] Defendant omits the "Judge" from "Magistrate Judge." The proper title is "Magistrate Judge." 28 U.S.C. § 631.

into this Order by reference as discussed below. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## BACKGROUND

The following factual overview is drawn from the record before the Court on summary judgment, including but not limited to the findings of fact in the Recommendation. *See* [Doc. 221 at 2–9]. Pursuant to an exclusive agency agreement ("Contract"), Mr. Cruz sold Allstate insurance products as an exclusive agent ("EA") in an independent-contractor capacity between 2011 and 2020 in Broomfield, Colorado. [*Id.* at ¶¶ 2–3, 8; Doc. 191-1 at 2; Doc. 191-2 at 72:1–10, 78:1–9].[2] In 2012, Defendant's wife launched an independent insurance agency ("CPI") that competed with Allstate. [Doc. 221 at ¶ 10; Doc. 191-2 at 18:7–15, 34:24–35:6]. In October 2019, Allstate received word that Mr. Cruz was selling insurance products in competition with Allstate, despite his exclusive agency. [Doc. 221 at ¶ 17; Doc. 191-11 at 2]. Following an internal investigation that indicated that Mr. Cruz was working for CPI, Allstate terminated Mr. Cruz for cause on August 26, 2020. [Doc. 221 at ¶¶ 18–25; Doc. 192-3 at 2–5; Doc. 191-17 at 2]. Allstate notified the Financial Industry Regulatory Authority ("FINRA") and the Colorado Division of Insurance. [Doc. 221 at ¶ 38; Doc. 191-21; Doc. 191-22].

After termination of the Contract, Mr. Cruz was afforded 90 days to sell his economic interest in his book of business. [Doc. 221 at ¶ 28; Doc. 191-17 at 2]. In the alternative, Allstate would ordinarily have paid Mr. Cruz a termination payment ("TPP"). [Doc. 221 at ¶ 29; Doc. 192-1 at 9].

---

[2] When citing to a deposition transcript, this Court refers to the docket number assigned by the United States District Court for the District of Colorado's Electronic Case Files ("ECF") system, but the page and line number of the original transcript, for the purpose of consistency.

A month after his termination, Mr. Cruz sent an email soliciting business for CPI to a list of customer email addresses obtained through Allstate. [Doc. 221 at ¶¶ 35–36; Doc. 191-27 at 2–3; Doc. 205-11 at 198:11–17]. Mr. Cruz also failed to return his agency phone number to Allstate, as required by the Contract. [Doc. 221 at ¶¶ 30, 33; Doc. 191-1 at 9; Doc. 191-25 at ¶¶ 2–4]. Allstate took the position that any TPP was contingent on Mr. Cruz's compliance with the Contract's post-termination restrictive covenants related to non-solicitation, confidentiality, and returning Allstate's property. [Doc. 221 at ¶¶ 34, 37; Doc. 191-17 at 2].

On October 20, 2020, Allstate filed suit against Mr. Cruz. [Doc. 1]. Its Verified Complaint for Injunctive and Other Relief (Jury Demand) ("Complaint") includes three causes of action: (1) breach of contract ("Count I"); (2) violation of the federal Defend Trade Secrets Act ("Count II"); and (3) violation of the Colorado Uniform Trade Secrets Act ("Count III"). [*Id.* at 14–21]. Allstate sought injunctive and damages relief, [*id.* at 21–22], although preliminary injunctive relief was denied, [Doc. 59]. On February 5, 2021, Mr. Cruz filed his Answer to Complaint and Counterclaims with Jury Demand ("Answer"), in which he brought six counterclaims: (1) breach of contract based on nonpayment of commissions ("Counterclaim I"); (2) unjust enrichment based on nonpayment of commissions ("Counterclaim II"); (3) breach of contract based on nonpayment for agency termination, i.e., TPP ("Counterclaim III"); (4) breach of the implied covenant of good faith and fair dealing ("Counterclaim IV"); (5) defamation ("Counterclaim V"); and (6) discrimination in violation of 42 U.S.C. § 1981 ("Counterclaim VI"). [Doc. 40 at 15–22].

Both Parties have filed motions for partial summary judgment. Allstate seeks summary judgment on its claim for breach of contract (solely as to liability) and on all Mr. Cruz's counterclaims. *See* [Doc. 191 at 40]. Mr. Cruz seeks summary judgment on the same claims in his favor. *See* [Doc. 196]; *see also* [Doc. 221 at 2 n.1 (Judge Hegarty observing that, "[a]lthough

Defendant states he is seeking summary judgment on all of Plaintiff's claims, he does not address" Allstate's federal and state trade-secrets claims)].  Neither of the Parties' motions seeks summary judgment with respect to Allstate's trade-secrets claims.  The Court referred these motions to the Honorable Michael E. Hegarty.  [Doc. 200].  Judge Hegarty issued his Recommendation on April 14, 2023.   In the Recommendation, Judge Hegarty thoroughly analyzes the issues, and recommends granting Plaintiff's Motion and denying Defendant's Motion.  *See* [Doc. 221 at 26–27].  Defendant filed his Objection on May 23, 2023, [Doc. 231], and Plaintiff responded on June 6, 2023, [Doc. 233].

## LEGAL STANDARDS

### I.    Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to.   An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "Where an objection is not made or is made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate." *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1279 (D. Colo. 2009) (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)).

In addition, the Court affords Defendant's filings liberal construction because he proceeds pro se. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Defendant's pro se status, however, does not excuse him from complying with the substantive law and procedural rules that

govern all civil actions filed in this District.  *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).  The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

## II.     Summary Judgment under Federal Rule of Civil Procedure 56

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way.  A fact is material if under the substantive law it is essential to the proper disposition of the claim."  *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (quotations omitted).  It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial.  *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010).  At all times, the Court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."  *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016).

To satisfy its burden at summary judgment, the nonmovant must point to competent summary judgment evidence creating a genuine dispute of material fact; conclusory statements based on speculation, conjecture, or subjective belief are insufficient.  *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004); *see also* 10B Charles Alan Wright et al., Federal Practice and Procedure § 2738 (4th ed. Apr. 2023 update) (explaining that the nonmovant cannot rely on "mere reargument of a party's case or the denial of an opponent's allegation" to defeat summary judgment).  In considering the nonmovant's evidence, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d

1147, 1165 (10th Cir. 2008). Further, the Court may consider only admissible evidence, *see Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995), though the evidence need not be in a form that is admissible at trial—only the substance must be admissible at trial. *See Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016). For instance, "if th[e] evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Indeed, "[t]o determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

Finally, "[c]ross-motions for summary judgment are treated as two individual motions for summary judgment and held to the same standard, with each motion viewed in the light most favorable to its nonmoving party." *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019); *see also Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

## ANALYSIS

### I.      The Recommendation

The Recommendation's factual findings largely reflect Allstate's statement of undisputed facts, deeming Defendant's challenges to them deficient. *See* [Doc. 221 at 2–9]. Judge Hegarty explains that he "ha[s] considered [Mr. Cruz's] responses" to Allstate's statements of fact, and "find[s] the summary in Plaintiff's reply brief to be an accurate accounting of the deficiencies of Defendant's responses under Fed. R. Civ. P. 56(c), the Court's Civil Practice Orders and Standards, and applicable case law." *[Id.* at 2 n.2 (citation omitted)]; *see also* [Doc. 209 at 2–5].

In Plaintiff's Reply in Support of its Motion for Summary Judgment ("Reply"), Allstate contended that Mr. Cruz's response to Allstate's statement of facts was "fatally flawed" because nearly every fact was either (1) "not responded to by Cruz at all"; (2) met with "conclusory responses" that "d[id] not contain any citations to evidence"; (3) addressed by general citations to entire deposition transcripts; or (4) "supported only by a conclusory, self-serving affidavit which merely reiterates [Mr. Cruz's] allegations in this case, is not based on personal knowledge, fails to cite to supporting evidence, and contradicts other evidence." [Doc. 210 at 2]. Agreeing with Allstate's assessment, Judge Hegarty takes Allstate's summary in the Reply as accurate as to the extent to which Allstate's facts are disputed and proceeds to the legal issues presented.

Starting with Allstate's claim for breach of contract, Judge Hegarty recommends entering summary judgment in Allstate's favor—as to liability—because it is undisputed that Mr. Cruz violated the post-termination restrictive covenants at issue, including by competing with Allstate from the same location he used as an EA and soliciting its customers. [Doc. 221 at 18].[3] Judge Hegarty rejects Mr. Cruz's argument that the relevant restrictive covenants are void under Colorado law, finding instead that they fall within an exception related to preserving trade secrets. [*Id.* at 16–18]. Judge Hegarty also concludes that the plain language of the Contract required Mr. Cruz to return Allstate's phone number upon the termination of his exclusive agency, and there was no genuine issue of material fact as to whether he did so—at least not without authority suggesting that Mr. Cruz's actions could constitute substantial performance or render the breach non-material. [*Id.* at 14].

---

[3] For the same reason, Judge Hegarty recommends denying summary judgment in Mr. Cruz's favor. *See* [Doc. 221 at 26].

Next, Judge Hegarty turns to Mr. Cruz's six counterclaims, recommending summary judgment be entered in Allstate's favor as to all.  On Counterclaim I for breach of contract, Judge Hegarty notes that Mr. Cruz admitted that he received the final commission payment that the claim places at issue.  [*Id.* at 22–23].  On Counterclaim III for breach of contract, Judge Hegarty reasons that Allstate exercised its contractual right not to pay Mr. Cruz for terminating the agency because Mr. Cruz breached valid restrictive covenants.   [*Id.* at 22].   For similar reasons, the Recommendation rejects Mr. Cruz's unjust enrichment theory presented in Counterclaim II.  [*Id.* at 23].  With respect to Counterclaim IV, alleging a violation of the implied covenant of good faith and fair dealing, Judge Hegarty concludes that (1) the covenant cannot displace the Contract's "clear" termination provisions; and (2) Mr. Cruz fails to show that the covenant applies to Allstate reporting his termination to FINRA and the State of Colorado.  [*Id.* at 20–21].  Finally, Judge Hegarty determines that Counterclaims V and VI for defamation and discrimination should fail because Mr. Cruz relies on conclusory and self-serving statements and fails to address Allstate's arguments or make the showings required by applicable law.  [*Id.* at 23–26].

In sum, Judge Hegarty recommends granting summary judgment in Allstate's favor on every theory at issue in Plaintiff's Motion and Defendant's Motion, which would leave the only issues remaining for adjudication in this case as (1) damages for Allstate's breach of contract claim and (2) Allstate's remaining claims under federal and state trade-secrets law.  *See* [*id.* at 27].

## II.   Discussion

For the reasons that follow, the Court **GRANTS** summary judgment in Plaintiff's favor on Defendant's Counterclaims I, II, III, IV, V, and VI.  The Court **DENIES** Defendant's request for summary judgment on those counts.  The Court also **GRANTS** summary judgment on Plaintiff's Count I, only as to liability, and only to the extent it is based on Defendant's retention of Plaintiff's

phone number.  The Court thus leaves Plaintiff's Counts II and III, as well as damages for Count I, for trial.  The Court also **RESERVES** for trial Defendant's liability under Count I, to the extent it is based on his alleged violation of various non-competition covenants, the validity of which turns on disputed issues of fact.  Plaintiff's Motion is thus respectfully **GRANTED in part**, while Defendant's Motion is respectfully **DENIED**.

### A.    Scope of Defendant's Objection

This Court first determines the scope of Defendant's Objection, as "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Prop*., 73 F.3d at 1060.  Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

As an initial matter, Mr. Cruz's Objection cannot be fairly read to object to Judge Hegarty's conclusion that summary judgment in favor of Allstate be granted on: Counterclaim I for breach of contract based on nonpayment of commissions; Counterclaim II for unjust enrichment based on nonpayment of commissions; Counterclaim IV for breach of the implied covenant of good faith and fair dealing; Counterclaim V for defamation; and Counterclaim VI for discrimination in violation of 28 U.S.C. § 1981.  *Compare* [Doc. 221 at 21–26], *with* [Doc. 231].  This Court has reviewed the Recommendation with respect to these counterclaims, finds it thorough and well-reasoned, and finds no clear error.  *Smith*, 643 F. Supp. 2d at 1279.  Thus, the Recommendation is **ADOPTED** with respect to Counterclaims I, II, IV, V, and VI.

Though not entirely clear, Mr. Cruz seems to pursue three principal lines of argument in his Objection.  First, throughout the bulk of the Objection, he attempts to create genuine disputes

of material fact by rebutting Judge Hegarty's factual findings, point-by-point, with counterstatements of fact and citations to record materials. *See* [Doc. 231 at 5–38].[4]   Second, Mr. Cruz argues that the Recommendation errs by finding that a restrictive covenant whose text does not mention trade secrets was meant to protect trade secrets, and is therefore enforceable under Colorado law in Plaintiff's breach of contract claim.   [*Id.* at 3–4].   Third, Mr. Cruz appears to contend that, because he was not properly terminated for cause, the Recommendation incorrectly concludes that Counterclaims III and IV fail. *See, e.g.*, [*id.* at 8–15].

### B.   Challenge to Undisputed Facts

This Court first considers whether Judge Hegarty appropriately adopted Allstate's statement of facts as undisputed.   In its Reply, Allstate specifically identified the statements of fact that it contended that Mr. Cruz did not properly address in his Response to Plaintiff's Motion for Summary Judgment ("Defendant's Response"), [Doc. 209]:

> Nos. 1, 3, 11, 16, 18-22, 25-26, 30-31, 37-40, 42, 47-48, 51-55, 57-68, 73-76, 79-80 are not responded to by Cruz at all.
>
> Nos. 2, 17, 23, 24, 32, 34-36, 43-45, 72, 77, 78 contain conclusory responses but do not contain any citations to evidence to support such responses.
>
> Nos. 4, 5, 7-15, 27, 28, 33, 41, 46, 50, 81, 82 do not cite to the record for any particular evidence but rather state "see all depositions" or cite to full depositions transcripts without any reference to specific testimony.
>
> Nos. 69-71 are supported only by a conclusory, self-serving affidavit which merely reiterates [Mr. Cruz's] allegations in this case, is not based on personal knowledge, fails to cite to supporting evidence, and contradicts other evidence in this case.

[Doc. 210 at 2].

---

[4] Allstate responds that Mr. Cruz has waived review on this matter and that, even if the Court reaches the asserted factual disputes, they suffer from many of the same defects that led Judge Hegarty to find waiver or are otherwise not genuine or material. *See* [Doc. 233 at 7–11].

In his Objection, Mr. Cruz takes issue with Judge Hegarty's acceptance of Allstate's proffer of undisputed facts.  But Mr. Cruz acknowledges in his Objection:

> On summary judgment, <u>the court has no duty to search the record on behalf of a litigant to find evidence supporting the litigant's summary judgment interests</u>.  See *Cross v. Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (explaining that, on a motion for summary judgment, "'it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without . . . depending on the trial court to conduct its own search of the record'" and the district court has no obligation "to comb the record in order to make [the plaintiff's] arguments for him'" (first quoting *Downes v. Beach*, 587 F.2d 469, 472 (10th Cir. 1978); then quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000)).

[Doc. 231 at 3 (emphasis added)].  Mr. Cruz offers no authority to suggest that Judge Hegarty did not properly apply this standard in finding that Mr. Cruz waived review of any potential factual disputes by failing to properly support his denials of Allstate's proffer of undisputed facts that were supported by record citations.  *See generally* [*id.*]; *see also* [Doc. 221 at 2 n.2].

Furthermore, after review of Defendant's Response, this Court respectfully concludes that Mr. Cruz failed to adequately support his supposed disputes of fact, just as Judge Hegarty found.  *See* [Doc. 209 at 2–5].  In some instances, Defendant cited "[a]ll depositions and documents."  *See, e.g.*, [*id.* at ¶ 6 (emphasis omitted)].  A citation to "all depositions," with nothing more, is plainly contrary to the controlling authority that Mr. Cruz acknowledges: Rule 56 requires a party contesting a fact to cite to "*particular* parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c)(1)(A) (emphasis added); and this Court's Civil Practice Standards contain similar instructions, *see* Civ. Practice Standard 7.1D(b)(4) ("Any denial shall be accompanied by a brief factual explanation of the reason(s) for the denial and *a specific reference to material in the record* supporting the denial." (emphasis added)).

Similarly, in response to Plaintiff's undisputed fact that "EAs exclusively sell Allstate products; they cannot sell insurance products from insurance carriers other than Allstate, except in limited circumstances and only if those products from other carriers are pre-approved by Allstate through Allstate's Ivantage program," [Doc. 191 at ¶ 4], Mr. Cruz asserted: "EA's [sic] do not exclusively sell Allstate Products. EA's [sic] also sell customer info to other individuals who then sell products with EA's [sic] help," [Doc. 209 at ¶ 3]. In doing so, he cited "all depositions," and, more specifically, Exhibits A, B, C, D, E, F, G, K, O, and S. [*Id.*]. Mr. Cruz's citation to Exhibits A, B, C, D, E, F, G, K, O, and S fares no better than his citation to "all depositions." These exhibits appear to consist of unedited deposition transcripts. Exhibit A, for example, is a deposition of Elise Teague ("Ms. Teague"), a senior sales manager at Allstate. [Doc. 209-1 at 6:8]. As with every other deposition cited, Mr. Cruz pointed to no specific testimony by Ms. Teague addressing EAs. *See* [Doc. 209 at ¶ 3]. This Court's brief review of the 123-page transcript of Ms. Teague's deposition also yields no information about whether EAs exclusively sell Allstate products. *See generally* [Doc. 209-1]. Indeed, Ms. Teague testified as follows:

> **Q (Mr. Cruz):** If a customer -- or if a potential customer contacts Allstate for insurance and they don't like the price that Allstate has, is that agent allowed to refer them out?
>
> **A (Ms. Teague):** If it can still be written through Allstate, then no, they should not be referring that out.

[*Id.* at 63:14–19]. Similarly, during the deposition of Richard Poduska ("Mr. Poduska"), Zone Operations Leader for Allstate, Mr. Poduska testified to the difference between permissible referrals, when customers are not eligible for any Allstate products offered through EAs, and brokering, where an agent has a financial interest in another insurance agency or business. [Doc. 209-2 at 5:19, 8:14–10:12]. Even the deposition excerpts cited in Mr. Cruz's Objection—not

before Judge Hegarty—do not directly address whether EAs were permitted to sell insurance products from insurance carriers other than Allstate. *See* [Doc. 231 at 6–7].

While this Court construes Mr. Cruz's filings liberally, "such liberal construction is intended merely to overlook technical formatting errors and other defects in [a pro se litigant's] use of legal terminology and proper English." *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1235 (D. Colo. 2012). Defendant must still comply with the substantive law and procedural rules applicable to his case. *See id.* Applying those standards, this Court respectfully concludes that Judge Hegarty appropriately found the statements of fact proffered by Allstate, which were not properly disputed by Mr. Cruz, to be undisputed for purposes of summary judgment. *See* Fed. R. Civ. P. 56(e)(2).

### C.  Defendant's Breach of Post-Termination Obligations

The Court now turns to whether summary judgment in favor of Allstate is proper, in whole or in part, on its claim for breach of contract based on Mr. Cruz retaining his agency telephone number and soliciting Allstate customers after his separation from Allstate. *See* [Doc. 191 at 17 ("Thus, the only questions for purposes of summary judgment on Allstate's breach of contract claim are whether the undisputed facts establish that Cruz breached his post-termination obligations to Allstate and whether Allstate was damaged by Cruz's actions.")].

### 1.  Continued Use of Telephone Number

Defendant does not object to Judge Hegarty's determination that the Contract required him to return the telephone number associated with his Allstate business after the Contract was terminated, and there is no genuine issue of material fact as to whether he did so. *Compare* [Doc. 221 at ¶ 33 (citing [Doc. 191-24 at 1; Doc. 191-23 at 2; Doc. 191-25 at 2])], *with* [Doc. 231 at 27–28]. This Court has reviewed Judge Hegarty's determination with respect to Defendant's breach

of contract liability based on this theory and finds no clear error. *Smith*, 643 F. Supp. 2d at 1279. This material breach alone is sufficient to find in favor of Allstate with respect to (1) the Parties' cross-motions for summary judgment on Allstate's Count I for breach of contract based on Defendant's violation of post-termination obligations, and (2) Defendant's Counterclaim III for breach of contract, insofar as Mr. Cruz asserts that Allstate breached the Contract by not tendering TPP. *See* [Doc. 221 at 19]. Because Allstate's damages will likely turn on the extent, not the fact, of Mr. Cruz's liability, the Court proceeds to the remainder of Plaintiff's breach of contract claim.

### 2.    Non-Solicitation Obligations

The Contract between Mr. Cruz and Allstate provides that, "[f]or a period of one year following termination," Mr. Cruz is prohibited from "solicit[ing] the purchase of products or services in competition with those sold by [Allstate]":

(1)    With respect to any person, company, or organization to whom you or anyone acting on your behalf sold insurance or other products or services on behalf of [Allstate] and who is a customer of [Allstate] at the time of termination of the Agreement;

(2)    With respect to any person, company, or organization who is a customer of [Allstate] at the time of termination of this Agreement and whose identity was discovered by you as a result of your status as [an Allstate] agent or as a result of your access to confidential information of [Allstate]; or

(3)    From any office or business site located within one mile of the agency sales location maintained pursuant to Section V. of this Agreement at the time this Agreement is terminated.

In the event that such one year period or one mile distance exceeds the time or distance permitted by any applicable law, such period or distance will be automatically adjusted to the maximum period or distance permitted by such law. If any other provision . . . conflicts with any existing law, it will be applied to the extent permitted by such law.

[Doc. 191-1 at 9–10].

As recognized by Judge Hegarty, Colo. Rev. Stat. § 8-2-113, as in force at the time of the termination of the Contract[5] on August 26, 2020, provided that "[a]ny covenant not to compete which restricts the right of any person to receive compensation for performance of skilled or unskilled labor for any employer shall be void" unless the party seeking to enforce it can show that the covenant fits into one of four defined statutory exceptions: (1) "[a]ny contract for the purchase and sale of a business or the assets of a business"; (2) "[a]ny contract for the protection of trade secrets"; (3) "[a]ny contractual provision providing for recovery of the expense of educating and training an employee who has served an employer for a period of less than two years"; and (4) "[e]xecutive and management personnel and officers and employees who constitute professional staff to executive and management personnel."[6] Colo. Rev. Stat. § 8-2-113(2) (2020); *Haggard v. Spine*, No. 09-cv-00721-CMA-KMT, 2009 WL 1655030, at *4 (D. Colo. June 12, 2009) (citing *DBA Enters. v. Findlay*, 923 P.2d 298, 302 (Colo. App. 1996)). Colorado treats non-solicitation clauses as covenants not to compete. *See, e.g.*, *Saturn Sys., Inc. v. Militare*, 252 P.3d 516, 526 (Colo. App. 2011).

In the Recommendation, Judge Hegarty agrees with Allstate's contention that the provisions of the Contract excerpted above are enforceable against Mr. Cruz because they are "for the protection of trade secrets" under Colo. Rev. Stat. § 8-2-113(2)(b) (2020). *See* [Doc. 221 at

---

[5] Since that time, Colo. Rev. Stat. § 8-2-113 has been amended, effective August 10, 2022. However, the amendments are not retroactive. *See* H.B. 22-1317, 73d Gen. Assemb., Reg. Sess., § 2(2) (Colo. 2022). Whether a statutory exception applies is determined as of the time of the employee's departure. *See Wells Fargo Ins. Servs. USA, Inc. v. McQuate*, 276 F. Supp. 3d 1089, 1104–05 (D. Colo. 2016).

[6] The Parties do not dispute, and Defendant does not object to, the application of Colorado law to the interpretation of the Contract. *See* [Doc. 231]. Thus, because the Parties assume that Colorado law applies, this Court will assume the same. *See Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

15–18].  Mr. Cruz objects, arguing (1) that Allstate never made any trade secrets-related argument or claim in its Motion for Partial Summary Judgment, as a procedural matter; and (2) that Allstate has failed to establish that the trade-secrets exception applies, as a substantive matter.  *See* [Doc. 231 at 3–4].

 ***Procedural Objection.***  Mr. Cruz is correct that Allstate did not discuss the enforceability of the Contract's post-termination non-solicitation provisions under the statutory exception for protecting trade secrets in its affirmative motion.  *See generally* [Doc. 191].  But once Mr. Cruz raised the validity of the non-compete provisions in opposing partial summary judgment, [Doc. 209 at ¶¶ 41–42], Allstate addressed the issue in its Reply, [Doc. 210 at 8–10].  The Federal Rules of Civil Procedure do not provide for a sur-reply as of right, Judge Hegarty did not sua sponte grant leave to file one, and Mr. Cruz did not seek leave to file one.  *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998).  To the extent that Mr. Cruz has any concern regarding whether the enforceability of the post-termination non-solicitation provisions under the trade-secrets exception was properly before Judge Hegarty, any such concern is now obviated by this Court's de novo review of this issue.

 ***Substantive Objection.***  For the statutory exception to apply, the purpose of the non-solicitation provisions at issue must be "the protection of trade secrets, and the covenant must be reasonably limited in scope to the protection of those trade secrets."  *Wells Fargo Ins. Servs. USA, Inc. v. McQuate*, 276 F. Supp. 3d 1089, 1108 (D. Colo. 2016) (quotation omitted).  Courts look to the relevant contract to determine whether the covenant not to compete was drafted with the purpose of protecting trade secrets.  *See Haggard*, 2009 WL 1655030, at *5 (citing *Gold Messenger, Inc. v. McGuay*, 937 P.2d 907, 910 (Colo. App. 1997)).  To do so, courts apply a two-prong test.  A court "first examine[s] the factual situation to determine whether a restrictive

covenant is justified at all." *Saturn Sys., Inc.*, 252 P.3d at 526 (quoting *Mgmt. Recruiters of
Boulder, Inc. v. Miller*, 762 P.2d 763, 766 (Colo. App. 1988)).   Next the court "examine[s] the
specific terms of the noncompetition clause to determine the reasonableness of their effect." *Id.*
(quoting *Mgmt. Recruiters of Boulder*, 762 P.2d at 766).   Generally, "an agreement not to solicit
an employer's customers is enforceable so long as its purpose is to protect the employer's trade
secrets and it is reasonably limited in time and geographic scope." *See id.* (citing *Gold Messenger*,
937 P.2d at 910–11; *Mgmt. Recruiters of Boulder*, 762 P.2d at 766).   Under Colorado law, a "trade
secret" is defined as "the whole or any portion or phase of any scientific or technical information,
design, process, procedure, formula, improvement, confidential business or financial information,
*listing of names, addresses, or telephone numbers, or other information relating to any business
or profession which is secret and of value*." *zvelo, Inc. v. Akamai Techs., Inc.*, No. 19-cv-00097-
PAB-SKC, 2019 WL 4751809, at *2 (D. Colo. Sept. 30, 2019) (citing Colo. Rev. Stat. § 7-74-
102(4)) (emphasis added).

   Based on the record before the Court, there is no genuine issue of material fact that Mr.
Cruz contacted Allstate customers through an email after the Contract was terminated. *See* [Doc.
221 at ¶ 35; Doc. 191-27 at 2–3].   Indeed, Mr. Cruz does not challenge that factual finding in his
Objection. *See* [Doc. 231 at 28].   However, "[f]or [a noncompetition provision] to be a contract
aimed at protecting trade secrets, a trade secret must exist." *Great Am. Opportunities, Inc. v. Kent*,
352 F. Supp. 3d 1126, 1134 (D. Colo. 2018) (citing *Porter Indus., Inc. v. Higgins*, 680 P.2d 1339,
1342 (Colo. App. 1984)); *see also DoubleClick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1257 (D.
Colo. 2005) ("In order to fall under this exception, DoubleClick must show that it possesses trade
secrets that are worth protecting, and that Paikin had access to these secrets."); *cf. 23 LTD v.
Herman*, 457 P.3d 754, 757 (Colo. App. 2019).   And "[t]he existence of a trade secret is a question

of fact." *Ball Dynamics Int'l, LLC v. Saunders*, No. 16-cv-00482-NYW, 2016 WL 10859782, at *5 (D. Colo. Nov. 14, 2016).

Judge Hegarty concludes, without objection, that neither Plaintiff's Motion nor Defendant's Motion seeks summary judgment on Plaintiff's claims under federal or state trade-secrets law. [Doc. 221 at 1, 2 n.1]. The Parties have not stipulated to the existence of any trade secrets. Far from it, they dispute the extent to which Allstate has protectible trade secrets for purposes of applying the exception. *Compare* [Doc. 231 at 13, 29–30; Doc. 196 at 8–9], *with* [Doc. 233 at 8]. In his Response to Allstate's Motion for Partial Summary Judgment, Mr. Cruz repeatedly contended that Allstate has no confidential information and that he purchased public information. *See, e.g.*, [Doc. 209 at ¶¶ 6–11]. Construing Mr. Cruz's pro se filing liberally, as it must, this Court views this argument as challenging whether Allstate's customer information constitutes a protectible trade secret. "Because whether the noncompetition and non-solicitation clauses are enforceable depends on whether a trade secret exists, this issue cannot be resolved at the summary judgment stage." *Great Am. Opportunities*, 352 F. Supp. 3d at 1135; *see also id.* at 1136 ("[T]he first prong [of the trade-secrets exception] is a disputed question of fact for trial."). The Court therefore respectfully **RESERVES** for trial Plaintiff's claim for breach of contract based on the post-termination solicitation of Allstate customers, as it is not appropriate for adjudication on summary judgment. The Court **DECLINES TO ADOPT** Judge Hegarty's Recommendation insofar as it recommends summary judgment in favor of Allstate based on his solicitation of Allstate customers after the termination of the Contract.

### D.    Termination for Cause

Finally, this Court turns to Mr. Cruz's arguments in his Objection challenging the termination of the Contract and asserting that "Plaintiff was not allowed to terminate Defendant

by law." [Doc. 231 at 20]; *see also* [*id.* at 20–28]. Mr. Cruz suggests that Allstate did not properly terminate the Contract for cause because he was permitted to have an outside business as an independent agency approved by Allstate. [*Id.* at 18–19]. Mr. Cruz also argues that he was permitted to refer customers to outside agencies in exchange for gift cards. [*Id.* at 19–20]. Last, Mr. Cruz suggests that he is a whistleblower who uncovered criminal activity involving Allstate and that his termination violated a host of federal laws. *See* [*id.* at 10, 20–24]; *see also, e.g.*, [*id.* at 24 ("Plaintiff[] terminated Defendant due to Defendant['s] complaint about illegal activities taking place at Allstate.")].[7] It is not entirely clear which claims or counterclaims these arguments are meant to cover. Because the Court finds these arguments meritless, however, the Court need not attempt to classify them.

  ***Independent Agency.*** Mr. Cruz insists that he was an "independent agent" rather than an "exclusive agent," [*id.* at 5–6], and thus was permitted to sell policies for other insurance companies. However, Mr. Cruz admits that he executed an Allstate Exclusive Agency Agreement, i.e., the Contract, effective April 1, 2010. [Doc. 40 at 1, ¶ 1]. Indeed, he relies on the Contract for his counterclaims. *See* [*id.* at 8–22]. The Contract plainly states: "You will not, either directly or indirectly, solicit, sell, or service insurance of any kind for any other company, agent, or broker, or refer a prospect to another company, agent, or broker, without the prior written approval of [Allstate]." [Doc. 191-1 at 2]. Any argument that Allstate improperly terminated the Contract based on this theory is misplaced.

---

[7] Allstate responds that the notion that it violated any federal statutes is being presented for the first time in the Objection and is devoid of factual support. [Doc. 233 at 11]; *see also* [Doc. 221 at 21 n.4 (Judge Hegarty discussing the whistleblower issue in the Recommendation and noting that Mr. Cruz "provides no evidence" in support, and "has not brought a claim for retaliation under Title VII, which would not lie in any event given his independent contractor status")].

***Whistleblower Allegations.***   In the Recommendation, Judge Hegarty notes that "Defendant continually asserts that his Contract with Plaintiff was terminated because he is a whistleblower . . . [b]ut again, he provides no evidence to support this allegation."  [Doc. 221 at 21 n.4].  In the briefing on Plaintiff's Motion, Mr. Cruz invoked the Sarbanes-Oxley Act but did not adduce any evidence to create a genuine issue of material fact based on a theory that Allstate breached the Contract by terminating him.  [Doc. 209 at ¶ 47].  This Court finds no basis in the Objection to conclude otherwise.

Similarly, Mr. Cruz argues in his Objection that Allstate's practice whereby EAs may receive gift cards in exchange for referrals is in violation of federal mortgage laws.  In the Recommendation, Judge Hegarty found that "there is no genuine issue of material fact that occasionally an Allstate EA may receive a gift card from independent agencies as a thank you for [a customer] referral."  [Doc. 221 at 18].  Again, the Court does not find error in Judge Hegarty's conclusions regarding the effect of this practice on the motions for summary judgment.[8]

Other arguments in Mr. Cruz's Objection, such as that he uncovered "Tax Evasion, Tax Fraud, Wire Fraud, Security and Exchange Commission, Cyber Crimes, RESPA Violations," or other conduct implicating various whistleblower protection laws, and precluding the termination of the Contract, were not raised in Defendant's Motion or Defendant's Response to Plaintiff's Motion.  *Compare* [Doc. 231 at 20–23], *with* [Doc. 196], *and* [Doc. 209].  Pursuant to the controlling authority of the United States Court of Appeals for the Tenth Circuit, "theories raised for the first time in objections to the magistrate judge's report are deemed waived."  *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426

---

[8] Mr. Cruz also suggests that the referral practice undermines Allstate's assertion of a trade secret. *See, e.g.*, [Doc. 231 at 29].  As discussed above, the Court reserves the factual issue whether Allstate has a trade secret for trial, at which point Mr. Cruz may press the argument further.

(10th Cir. 1996)).   Thus, this Court respectfully declines to substantively consider these new arguments.

**CONCLUSION**

For the foregoing reasons, it is **ORDERED** that:

(1)    Defendant's Objections to the Proposed Findings and Recommendations in Magistrate's [sic] Summary Judgment Order [Doc. 231] are **OVERRULED in part**;

(2)    This Court **ADOPTS in part** and **DECLINES TO ADOPT in part** the Recommendation of United States Magistrate Judge Michael E. Hegarty [Doc. 221];

(3)    Plaintiff's Motion and Memorandum of Law in Support of its Motion for Summary Judgment [Doc. 191] is **GRANTED in part** and **DENIED in part**;

(4)    Defendant's Motion for Summary Judgment [Doc. 196] is **DENIED**;

(5)    A Telephonic Status Conference is **SET** for **October 17, 2023**, at **10:00 a.m.**, for the purpose of setting a Final Pretrial/Trial Preparation Conference and trial in this matter.   The Parties shall participate using the following dial-in information: 888-363-4749; Access Code: 5738976#; and

(6)    The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

John Cruz
408 Widgeon Drive
Longmont, CO 80503

DATED: September 20, 2023

BY THE COURT:

Nina Y. Wang
United States District Judge