UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03139-NYW-MEH

ALLSTATE INSURANCE COMPANY,

        Plaintiff,

    v.

JOHN CRUZ,

        Defendant.

**PLAINTIFF'S REPLY IN SUPPORT OF ITS OMNIBUS MOTION IN LIMINE**

Plaintiff Allstate Insurance Company ("Allstate" or "Plaintiff"), by and through its counsel, and pursuant to Federal Rules of Evidence 401, 402, and 403, and Local Rule 7.1(d) hereby submits this Reply in support of its Omnibus Motion in Limine (the "Motion") to preclude certain irrelevant and inadmissible arguments, evidence, and/or testimony from trial. In support hereof, Allstate states as follows:

**INTRODUCTION**

Cruz's Response underscores the necessity of an order barring certain irrelevant testimony and evidence from trial. Cruz's Response raises a number of issues that he believes constitute "evidence," but instead consist of unsubstantiated allegations that are untrue, irrelevant, and serve only to portray Allstate in a bad light. For example, Cruz cites to deposition excerpts that he purports are evidence of Allstate's "crimes," but the excerpts do not establish—or even minimally suggest—that Allstate committed crimes. Cruz also cites to deposition excerpts that refer to Allstate agency owners issuing "gift cards," claiming that it is "evidence" that Allstate sold its trade secrets to others outside of Allstate. The excerpts, however, do not connect the references

1

of gift cards to Allstate's trade secrets—because no such evidence exists. Cruz's allegations are not only false, but the Court has rejected these allegations in the past for similar reasons. Dkt. 236 at 20 (rejecting Cruz's invocation of the Sarbanes-Oxley Act at summary judgment because it failed to create a genuine issue of material fact); *id*. at 19-20 (Cruz's whistleblower defense is "meritless" because he "provides no evidence to support this allegation."). The Court should do the same here.

Therefore, this Court should issue an order instructing and any and all witnesses to refrain from making any mention or interrogation, directly or indirectly, orally or through documents or exhibits, regarding any of the seven subject areas: (1) accusations of Allstate's financial crimes; (2) the termination of Cruz's EA Agreement being due to Cruz exposing financial corruption; (3) Allstate allegedly using gift cards to make payments; (4) Allstate terminating Cruz due to purported racial discrimination; (5) Allstate's purported defamation or slander of Cruz after terminating the EA Agreement; (6) requesting that the jury put themselves in the shoes of Cruz; and (7) Cruz did not solicit Allstate customers or continue to possess Allstate confidential information after his EA Agreement terminated. Each of these matters are irrelevant and inadmissible pursuant to Federal Rules of Evidence 401 and 402 and/or excludable under Federal Rules of Evidence 403 for being distracting, confusing, and prejudicial to Allstate.

## ARGUMENT

Cruz's response to Allstate's Motion only addresses three of the seven topics raised in Allstate's Motion: (1) Allstate engaged in a series of crimes; (2) Cruz was terminated due to his discovery of Allstate's crimes; and (3) Allstate allowed representatives to "receive gift cards for the referring, sharing, and transferring of customer personal information to anyone." Dkt. 259 at

2

2-3.[1]  Each of these subject areas should be precluded from trial pursuant to Federal Rules of Evidence 401 and 402 and/or excluded under Federal Rules of Evidence 403.

I.  **Cruz Should Be Barred From Making References To Allstate "Crimes" And/Or His Termination From Allstate Due To Discovery Of Those "Crimes." (Motions in Limine Nos. 1 and 2)**

Cruz claims that he provided evidence of Allstate's "crimes" as well as evidence that he was terminated due to discovering those "crimes."  Cruz claims that Allstate terminated Cruz for trade secret misappropriation as a "pre-text for the actual retaliatory termination of Cruz after Cruz uncovered crimes committed at Allstate."  Dkt. 259 at 4.  Cruz, however, is unable to point to any specific evidence supporting these assertions.

An example of Cruz's "evidence" is an excerpt from the deposition of Brian Mitchum ("Mitchum"), where *Cruz*, as the individual taking the deposition, states "[t]hey'll use anything and everything they can against me because I'm a whistleblower.  And I know that.  Been told by corporate people everywhere."  *Id*. at 3.  Cruz's statement while taking the deposition is not evidence and nothing that the deponent, Mitchum, stated in response to Cruz's statement suggests that Allstate was engaged in crimes or that Cruz was a whistleblower.  *Id*.

Another example Cruz cites is when he asked Ivan Gerrity ("Gerrity"), a former Allstate agency owner, whether he reported "any of this information" to FINRA or a variety of government agencies.  Dkt. 259 at 6.  Gerrity's response of "no" does not indicate that Allstate committed a "crime."  Rather, Gerrity's testimony and Cruz's "evidence" only establishes that Gerrity did not report "any of this information" to government agencies.[2]  Cruz fails to connect this evidence with

---

[1] Cruz mentions that he was defamed "after the termination of the parties' EA Agreement," and that he "should also be allowed to submit evidence at trial to prove that he did not solicit Allstate customers or continue to possess Allstate confidential information after his EA Agreement terminated."  *Id*. at 3, 8.  Cruz, however, fails to refer to either subject area again.

[2] Cruz also makes assertions about referral fees.  Specifically, he states, "The role of gift cards needs to be emphasized.  As noted in earlier pleadings, referral fees are prohibited in the insurance industry.  Allstate used gift cards as bonuses

3

the allegations that Allstate engaged in crimes or that Cruz's termination was the result of discovering those crimes. Cruz cannot do so because his allegations are false and he has no other evidence.

Moreover, Cruz refers to the statute, 41 U.S.C. § 4712, which he purports prohibits Allstate from terminating him due to being a whistleblower. Dkt. 259 at 3. This statute, however, does not apply to Cruz. Instead, the statute in full provides:

> An employee of a contractor, subcontractor, grantee, subgrantee, or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body described in paragraph (2) information that the employee reasonably believes is evidence of gross mismanagement of **a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract** (including the competition for or negotiation of a contract) or grant.

41 U.S.C. § 4712(a)(1). In other words, this statute applies solely to whistleblowing relating to federal contracts, grants, and funds—not whatever crimes Cruz is accusing Allstate of doing.

Further, "paragraph (2)" specifies that the statute only applies to: members of Congress; representatives of a committee of Congress; Inspector Generals; the Government Accountability Office; federal employees responsible for contract or grant oversight or management at the relevant agency; authorized officials of the Department of Justice or other law enforcement agency; courts or grand juries; and management official or other employee of the contractor, subcontractor, grantee, subgrantee, or personal services contractor who has the responsibility to investigate, discover, or address misconduct relating to misuse of federal contracts, grants, and/or funds. *Id*. at § 4712(a)(2). This statute, therefore, has no application to Cruz or Allstate and cannot serve as evidence to support Cruz's whistleblower claims.

---

for referrals, to evade these restrictions." Dkt. 259 at 8. Even if Cruz has evidence to support this assertion, it has no bearing on whether Cruz breached his EA Agreement or misappropriated trade secrets.

23940376 v2

In the absence of any specific evidence establishing that (1) Allstate was engaged in crimes or (2) Cruz's termination was the result of discovering those crimes, it is clear that Cruz intends to introduce Allstate's "crimes," his "whistleblowing," and his termination as "pretext" in order to portray Allstate in a poor light. Aside from not being relevant to Cruz's defenses to Allstate's breach of contract and/or trade secret misappropriation claims, Cruz's introduction of this subject matter will serve only to distract or confuse the jury from the claims at hand. Fed. R. Evid. 401, 403. These subject areas must be excluded as they are prejudicial to Allstate, and these dangers substantially outweigh whatever marginal probativity Cruz's "evidence" might have.

These types of unsubstantiated allegations are properly excluded under Federal Rules of Evidence 401, 402, and/or 403. *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 445 F. Supp. 3d 1327, 1334 (D. Colo. 2020) (finding that references to other legal issues are inadmissible pursuant to Fed. R. Evid. 403 due to the "substantial risk of injecting unfair prejudice into the trial" and there would be "little probative value in this case"); *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 556 (E.D.N.Y. 2011) (unsubstantiated complaints are precluded pursuant to Federal Rule of Evidence 403); *In re: Gen. Motors LLC*, 14-MD-2543 (JMF), 2015 WL 9480477, at *1 (S.D.N.Y. Dec. 29, 2015) (unsubstantiated allegations were precluded by Federal Rules of Evidence 401, 402, and 403 due to the danger that the jurors might treat the allegations as true, forcing the parties to address the allegations); *Couturier v. Bard Peripheral Vascular, Inc.*, CV 19-12497, 2021 WL 3187368, at *4 (E.D. La. July 28, 2021) (excluding whistleblower evidence and unsubstantiated evidence pursuant to Federal Rule of Evidence 403 because they were irrelevant and "accepting the allegations at issue would lend to undue prejudice and bias"); *Hyundai Motor Am. Corp. v. EFN W. Palm Motor Sales, LLC*, 20-CV-82102, 2022 WL 16950475, at *4 (S.D. Fla.

Nov. 15, 2022) (whistleblower evidence is excluded under Federal Rules of Evidence 401, 402, and 403).

For these reasons, this Court should grant Allstate's first and second Motions in Limine and prohibit Cruz from introducing arguments, evidence, and/or testimony regarding (1) any "crimes" he purportedly uncovered at Allstate; and (2) his termination as a result of discovering those "crimes."

### II. Cruz Should Be Barred From Making References To Gift Cards (Motion in Limine No. 3)[3]

Cruz claims that the deposition excerpts he cites to in his Response are evidence that "Allstate allows all Allstate representatives to refer, share, transfer of customer personal information to anyone, and that Allstate makes their trade secrets available to anyone through Allstate electronic communications, email, phone, and fax and allows this information to be sold for gift cards." *Id*. at 8.  In addition to being false, these references have no relevance to whether Cruz breached the EA Agreement or misappropriated Allstate's trade secrets.  None of the excerpts relate to Cruz's assertions that (a) Allstate *allowed* representatives to share customer personal information with anyone; (b) Allstate *allows* this information to be available through electronic communications; and/or (c) Allstate *allows* its trade secrets to be sold for gift cards.

For example, Cruz cites the deposition of Jodi Lynch ("Lynch"), an Allstate agency owner in Colorado.  Lynch never admitted that she received gift cards in exchange for trade secrets or that Allstate had knowledge of what Cruz claims Allstate knew.  Rather, the excerpts that Cruz cites only state—at best—that Lynch (a) does not "think there's anything wrong with" receiving a $20 or $25 gift card; (b) either received gift cards or referred Allstate clients to Steve Longnecker;

---

[3] Allstate is aware that Cruz also made unsubstantiated social media posts outside of this litigation suggesting that Allstate used gift cards to engage in sex trafficking and fraud.  References to these allegations must be barred from the trial pursuant to Federal Rules of Evidence 401, 402, and/or 403.

and (c) has never declared gift cards. *Id.* at 5. Notably, Lynch does not testify that the gift cards were issued or received *in exchange for Allstate's trade secrets* or that Allstate *knew* about this alleged exchange of gift cards. Nor does Cruz connect Lynch's experience to his own. This excerpt does not move the needle for Cruz.

Similarly, Cruz cites to an excerpt from the deposition of Ivan Gerrity ("Gerrity"), a former Allstate agency owner. Gerrity testified that he paid gift cards to Allstate representatives for referring "business." Cruz does not—and cannot—supply evidence that the "business" to which Gerrity refers consists of Allstate's trade secrets or that Allstate *knew* what Gerrity was doing. Gerrity also states that he did not report "any of this information" to FINRA or government agencies. Cruz cannot infer from this excerpt that Allstate *knew* about the exchange of gift cards.

Further, Cruz cites a number of deposition excerpts of other agency owners that have no relevance to his assertions about gift cards, Allstate's knowledge of the gift cards, or the issuance of gift cards in exchange for Allstate's trade secrets. For example, the deposition of Rebecca Martens ("Martens") merely states that her contract allows her to refer business. *Id.* at 5. The "evidence" from the deposition of Dino DiCarlo ("DiCarlo") merely states that he is allowed to refer business to outside entities and he did not keep a log of referrals. *Id.* at 5-7. None of Cruz's evidence establishes or suggests that referring business is the same as disclosing Allstate's trade secrets—let alone trading Allstate's trade secrets for gift cards.

In sum, Cruz cannot now or at trial demonstrate that the gift cards were exchanged for Allstate's trade secrets, or that Allstate knew of the alleged practice. No such evidence exists. Cruz also cannot now or at trial connect these accounts to his own EA Agreement breaches or his misappropriation of Allstate's trade secrets. Allstate's alleged use of gift cards is therefore irrelevant and inadmissible pursuant to Federal Rules of Evidence 401 and 402. Similarly,

7

permitting Cruz to introduce evidence pertaining to Allstate's alleged use of gift cards only serves the purpose of confusing the issues and distracting the jury from the claims at issue. The evidence's probative value is, at most, minimal, but any probative value is substantially outweighed by the prejudicial nature of the evidence. *See* Fed. R. Evid. 403.

Therefore, Cruz's references to Allstate's alleged use of gift cards must be excluded pursuant to Federal Rules of Evidence 401, 402 and/or 403, and Cruz should be prohibited from introducing arguments, evidence, and/or testimony regarding gift cards.

## CONCLUSION

For the foregoing reasons, this Court should grant Allstate's motion in limine and should preclude each of the categories of information discussed above from arguments, evidence, and/or testimony at trial.

Dated: February 21, 2024

/s/ J. Scott Humphrey
J. Scott Humphrey
Katie M. Burnett
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive
Suite 1600
Chicago, IL 60606-4637
Telephone: 312-212-4940
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Counsel for Allstate Insurance Company*

**CERTIFICATE OF SERVICE**

   The undersigned, an attorney, states that on February 21, 2024, he caused a true and correct copy of the foregoing Plaintiff Allstate Insurance Company's Omnibus Motion in Limine to be served via email upon the following:

John Cruz<br>
408 Widgeon Drive<br>
Longmont, CO 80503<br>
jcruz369@gmail.com

                /s/ J. Scott Humphrey
                J. Scott Humphrey

9