UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03139-NYW-MEH

ALLSTATE INSURANCE COMPANY,

        Plaintiff,

   v.

JOHN CRUZ,

        Defendant.

---

**ALLSTATE'S MOTION TO REOPEN AND
FOR ORDER TO SHOW CAUSE AND ENJOIN**

---

Plaintiff Allstate Insurance Company ("Allstate" or "Plaintiff") respectfully moves this Court (the "Motion"), pursuant to the Court's inherent authority to reopen this matter, to a) issue an order to show cause as to why Defendant John Cruz ("Cruz") should not be held in contempt of court for violating the Protective Order issued by the Court and the Court's dismissal order of March 5, 2024 (Dkts. 55 and 269), and b) enjoin Cruz from making further baseless and disparaging statements about Allstate and publicly disseminating Allstate's confidential information.

Pursuant to Local Rule 7.1(a), Scott Humphrey, counsel for Allstate, attempted in good faith to confer with Cruz, via phone and via email in an attempt to resolve the disputes stated herein (*See* Exhibit A, Declaration of J. Scott Humphrey, ¶ 5).  Allstate's efforts to resolve this dispute proved unsuccessful, thereby requiring the filing of the instant Motion.

## **INTRODUCTION**

Since the inception of this lawsuit, Cruz has undergone a targeted campaign to harass Allstate in the public eye through lie after lie about Allstate's business practices.  In doing so, Cruz repeatedly displayed a general disregard for this Court's orders and authority in furtherance of a misinformation campaign that, among other things, displayed a repeated disregard for the truth. One example of Cruz's lies is his allegation that Allstate publicly shares its customer's personal information (Date of Birth, Social Security Number, Driver's License Number).  This is simply not true and, not surprisingly, Cruz has never produced any evidence to support this claim (because no such evidence exists).

More specifically, during the pendency of this litigation, Cruz repeatedly alleged/lied that Allstate shares personal customer information with third parties.  In so alleging, Cruz claimed, among other things, that Allstate allowed representatives to "receive gift cards for the referring, sharing, and transferring of customer personal information to anyone."  (Dkt. 259 at 2-3).  Cruz even went so far as to lodge counterclaims against Allstate based on these fabricated allegations. Since Cruz never provided any evidence of the allegations—despite taking numerous depositions and issuing discovery requests--the Court granted summary judgment to Allstate on Cruz's counterclaims.

Allstate and the Court thought Cruz's lies were over when Cruz agreed to voluntarily dismiss all of his claims against Allstate with prejudice on March 5, 2024. (Dkt. 272).  As noted above, Cruz's "dismissal" came after the Court granted Allstate summary judgment on all of Cruz's claims against Allstate and, in doing so, found that Cruz had put forth no evidence to support his claims.  In agreeing to voluntarily dismiss his claims with prejudice, Cruz agreed to

2

stop making allegations about Allstate sharing personal customer information. He also abandoned these claims when agreeing to a dismissal of his counterclaims on March 5th.

Unfortunately, and as more fully discussed below, Cruz never intended to comply with the March 5th order. In fact, Cruz had already begun his public misinformation campaign against Allstate, and the publication of Allstate confidential information, before March 5th. Even more disturbing, Cruz's misinformation campaign and lies are ongoing. Cruz's misinformation campaign includes once again claiming on two separate websites, an Instagram account, a LinkedIn account, and a Facebook account that Allstate is publicly sharing personal customer information. Cruz again provides no evidence to support these lies but is publicly displaying information, namely deposition transcripts, that Allstate designated "Confidential" pursuant to the Protective Order entered by the Court in this case (the "Protective Order"). (Dkt. 55).

Needless to say, Allstate is harmed and will continue to be harmed by Cruz continuing to publicly state lies about Allstate and publicly disseminating Allstate confidential information. Efforts to amicably resolve this matter with Cruz have been entirely ignored. In light of Cruz's repeated pattern of harassing behavior, lies, and unauthorized disclosures, it is apparent that Cruz will continue to disseminate Allstate confidential information and spread knowingly false statements about Allstate absent Court intervention. As such, Allstate respectfully requests that this Court a) re-open the Case, b) issue an order to show cause as to why Cruz should not be held in contempt of court for violating the Protective Order and the March 5th Order, and c) enjoin Cruz from further disseminating Allstate confidential information and making false statements about Allstate sharing personal customer information.

## RELEVANT BACKGROUND

### I.     Cruz Violates His Exclusive Agency Agreement with Allstate.

Cruz is a former Allstate agent who sold Allstate products from 2011 to 2020. (Dkt. 236, p. 2).  Under the terms of Cruz's Exclusive Agency Agreement, Cruz could not sell other insurance products that competed with Allstate. (*Id.*).  In October 2019, an internal Allstate investigation revealed that Cruz was selling insurance products in competition with Allstate despite his Exclusive Agency Agreement with Allstate. (*Id.*).  Allstate terminated Cruz for violating the Agreement. (*Id.*).  Following his termination, Cruz continued to solicit business from Allstate customers and otherwise violate the terms of the Agreement.

As a result, on October 20, 2020, Allstate filed suit (the "Case") against Cruz based on his breach of the obligations he owed Allstate under the Exclusive Agency Agreement and his misappropriation of Allstate's trade secrets.  Allstate's Complaint brought three claims: (1) Breach of Contract; (2) violation of the federal Defend Trade Secrets Act; and (3) violation of the Colorado Uniform Trade Secrets Act. (Dkt. 1).  Cruz filed his Answer on February 5, 2021, raising six counterclaims: (1) breach of contract based on nonpayment of commissions; (2) unjust enrichment based on nonpayment of commissions; (3) breach of contract based on nonpayment for agency termination; (4) breach of the implied covenant of good faith and fair dealing; (5) defamation; and (6) discrimination in violation of 42 U.S.C. § 1981. (Dkt. 30).  In support of his counterclaims, Cruz repeatedly alleged that Allstate shared personal customer information with third parties despite the fact that there was simply no evidence to support these claims.

The parties engaged in written discovery and took several depositions. On February 24, 2021, this Court entered a Protective Order to facilitate the discovery process. (Dkt. 55).  Paragraph

4

2 of the Protective Order defines Confidential Information as "any document, electronically stored information, testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided below as containing: customer information, information that implicates common law and/or statutory privacy interests; competitive business information or information that a party believes is otherwise entitled to protection." (*Id.* at ¶ 2).  Paragraph 6 of the Protective Order prohibits the disclosure of Confidential Information to anyone other than attorneys working on the Case, the Parties, the Court, and other persons by written agreement. (*Id.* at ¶ 6).  Further, Paragraph 9 of the Protective Order requires the return or destruction of Confidential Information upon the conclusion of the Case. (*Id.* at ¶ 9).  Throughout the course of discovery, Allstate marked several documents and transcripts Confidential pursuant to the terms of the Protective Order, including the deposition transcripts of "Buyer Depot"[1], Richard Poduska, Elise Teague, Erika Lousberg, Jodi Lynch, Dino DiCarlo, and Rebecca Martens.

Both parties later moved for summary judgment on Allstate's breach of contract claim and all of Cruz's counterclaims. (Dkt. 191, 196).[2]  This Court referred these motions to the Honorable Michael Hagerty, who issued his Recommendations on April 14, 2023. (Dkts. 200, 221).  Judge Hagerty recommended granting Plaintiff's motion and denying Defendant's motion. (Dkt. 221).  Defendant filed his Objection on May 23, 2023, and Plaintiff responded on June 6, 2023 (Dkts. 231, 233).

---

[1] Allstate notes that this partial deposition transcript is listed as "Buyer Depot" on Cruz's Websites, but the deponent indicated therein is listed simply as "Buyer."  Allstate is unable to glean the identity of the deponent from Cruz's Websites, but states that the first page of the partial deposition transcript clearly references the Case number for this action.

[2] Neither Allstate nor Cruz moved for summary judgment on Allstate's trade secrets claims. *See* Dkt. 236 ("Neither of the Parties motions seek summary judgment with respect to Allstate's trade secret claims.")

This Court granted summary judgment in Plaintiff's favor on all of Defendant's counterclaims and otherwise denied Defendant's request for summary judgment on those counts (the "Summary Judgment Order"). (Dkt. 236, p. 8). Further, the Court granted Plaintiff's motion for summary judgment on its breach of contract claim as to liability. Almost immediately, Cruz began to threaten to appeal the Summary Judgment ruling.

### II.     Cruz Repeatedly Lies To The Court.

The parties were set for trial on the following: (1) damages for Plaintiff's breach of contract claim; (2) Plaintiff's violation of the federal Defend Trade Secrets Act; and (3) Plaintiff's violation of the Colorado Uniform Trade Secrets Act. On October 19, 2023, the Court entered its trial preparation order and set a trial date of January 22, 2024. (Dkt. 241). Allstate filed an unopposed motion to extend the trial, and the Court rescheduled the trial for April 22, 2024. (Dkts. 243, 247). The Court also scheduled a mediation for February 5, 2024 and a pretrial conference for March 6, 2024.

On January 29, 2024, Cruz filed a Motion to Extend Mediation and Motion to Extend Trial Date. (Dkts. 251, 254). Cruz represented that he had obtained "new counsel Benedelow & Wolfson LLC" who needed additional time to prepare. (Dkt. 252). Relying on this representation, the Court granted Cruz's motion, rescheduled the settlement conference for March 19, 2024, and set a trial date of May 6, 2024. (Dkt. 255, 256, 258). The Court also ordered Cruz's new counsel to file an appearance on or before February 9. (Dkt. 255).

Cruz's new counsel did not file an appearance by February 9. This is because Cruz lied about Bendelow & Wolfson LLC's purported representation. Allstate contacted Bendelow & Wolfson several times to determine if they represented Cruz, but they did not respond. (Dkt. 260,

6

¶ 5). Allstate also followed up with Cruz about this purported representation. Cruz remained cryptic with Allstate until February 14, 2024, when he finally acknowledged that Bendelow & Wolfson did not represent him (*Id*. at ¶ 6).

On February 19, Allstate filed its Motion to Cancel Settlement Conference, Continue Pretrial Conference, and Hold May 6 Trial Date. (Dkt. 260). As of February 19, Cruz did not have representation and stated that he would not engage in good-faith settlement discussions. Allstate's motion established Cruz's repeated misrepresentations to this Court and asked the Court to reschedule the pre-trial conference due to unrelated scheduling concerns.

The next day, Cruz filed his own Motion to Cancel Settlement Conference, Move Pretrial Conference, and Reschedule May 6 Trial Date. (Dkt. 263). Cruz's motion acknowledged that he did not have new counsel. (*Id*. at ¶ 7). Cruz further represented that he will be on trial in Boulder County on May 6 relating to another matter, "Case #21CV30140, Case #BSCO 21-796." (Dkt. 263, ¶ 13). This was another lie.

Upon receipt of this information, Allstate conducted its own investigation and concluded that Cruz is not involved in 21-cv-30140, and that BSCO 21-7196 is not a pending litigation matter. (Exhibit A, ¶ 3). Further, Allstate learned that Cruz is the defendant in a pending Boulder County criminal matter, Case No. D0072022CR000258. (Exhibit A, ¶ 4). Cruz's criminal trial is set for trial on April 29th, which likely explains his purported unavailability on May 6. This does not, however, explain why he lied to this Court about the underlying criminal litigation.

The Court later took judicial notice that Boulder County Case No. 21-CV-30140 did not show any upcoming trial matters. (Dkt. 265). Further, Case #BSCO 21-796 is a police case number. (*Id*.). Based on these misrepresentations, the Court found that Cruz did not show good

7

cause to move the trial date. (*Id*.). The Court then scheduled an in-person status conference on March 5, 2024. (Dkt. 268).

### III.  Cruz Agrees to Dismiss All Claims.

During the March 5 status conference, Cruz represented that he no longer intended to appeal this Court's summary judgment ruling. Cruz further stated that he was willing to dismiss his claims. In response, Allstate agreed to dismiss its remaining trade secrets claims. The parties ultimately resolved their differences and stipulated to a dismissal of all claims with prejudice. (Dkt. 272). Accordingly, this Court dismissed all claims with prejudice and terminated the Case on March 5th. (Dkt. 271). The Court also stated on the record that the only comment that either Cruz or Allstate could make about the case was that "the parties have amicably resolved their differences."

Unfortunately, Cruz's campaign to harass Allstate did not stop here. In fact, Cruz was already engaging in misconduct despite the fact that the Court had already ruled against him, and despite his representations to the Court resulting in the termination of this Case.

### IV.  Cruz Publicly Posts Confidential Transcripts.

Unbeknownst to Allstate and the Court when the parties stipulated to a dismissal of all claims with prejudice and the Case was terminated, Cruz was continuing his crusade against Allstate in another public forum – the internet. On or about March 27, 2024, Allstate learned that Cruz launched two websites that published confidential deposition transcripts from this Case and contain false statements about Allstate. Cruz owns and operates the two websites: savemepip.com and https://pip-personalidentityprotection.com/index (each a "Website" and, together, the

8

"Websites"). The phone numbers and addresses for both Websites are tied to Cruz's former Allstate Agency location. On its face, both Websites appear to offer "Personal Identity Protection Services." (Exhibit B, Preservation of Save Me Pip Homepage; Exhibit C, Preservation of Personal Identity Protection Homepage). However, a quick scroll reveals Cruz's true purpose in publishing these Websites: to further harass and defame Allstate. In addition to generally launching the Websites, Cruz took the extra step to advertise his demonstrably false claims (and Allstate's confidential information) by publishing ads on CNN, MSNBC and possibly other media outlets, further ensuring the wide-spread reach of his lies.

PIP-Personal Identity Protection's Mission Statement is "to protect the Identity of anyone who gave Allstate Insurance Company their personal information. Name, Social Security Number, Date of Birth, Drivers License. Anyone who gave their personal information to any of Allstate subsidiarity companies." (Exhibit D, Preservation of Save Me Pip About Us; Exhibit E, Preservation of Personal Identity Protection Background). It then broadly states "Allstate representatives have stated under oath in Federal Court." (*Id.*). To support this ambiguous, deceptive statement, Cruz attaches confidential deposition transcripts from this litigation. (Exhibit B, p. 4; Exhibit C, p. 2). In particular, Cruz attaches partial depositions transcripts from the following individuals: "Buyer Depot", Richard Poduska, Elise Teague, Erika Lousberg, Jodi Lynch, Dino DiCarlo, and Rebecca Martens. (*Id.*). Each of these transcripts are marked Confidential pursuant to this Court's Protective Order. By publicly posting Confidential Information, Cruz is in direct violation of this Court's Protective Order. Just as important, **none** of these transcripts contain testimony that Allstate is sharing personal customer information.

Notwithstanding the fact that Allstate only recently learned of the Websites and Cruz's public campaign of misinformation against Allstate therein, a cursory search of Cruz's social

9

media accounts confirms that Cruz launched the Websites more than a month ago, while the Case was still pending and when Cruz was in Court voluntarily dismissing his claims with prejudice. (Exhibit F, Preservation of Cruz' LinkedIn profile).  In posts on his LinkedIn profile, Cruz makes no effort to conceal the true intent behind the Websites, stating:

> PIP-Personal Identity Protection was created to protect the Identity of anyone who gave Allstate Insurance Company their personal information. Name, Social Security Number, Date of Birth, Drivers License.  Anyone who gave their personal information to any of Allstate subsidiarity [sic] companies: Go to: https://lnkd.in/eHqCbUtP Learn the truth.

(Exhibit G, Preservation of Cruz's LinkedIn Post).

Similarly, the Facebook page for "PIP – Personal Identity Protection" contains animated videos in which Allstate is directly implicated in the same baseless and inflammatory claims that were dismissed by this Court in its Summary Judgment Order. (Exhibit H, Preservation of Personal Identity Protection Facebook Page).  Notably, in a video published on the PIP Facebook page on February 13, 2024 – again, while this Case was still pending – Cruz, via PIP, alleges that Allstate sold identities to human traffickers resulting in the rape and pregnancy of a child.  This horrifying and abjectly false video was captioned "[w]atch how ALLSTATE plays an important role with your identify theft." (Exhibit I, Preservation of 2/13/24 Facebook Video).  It is apparent that Cruz's social media efforts to promote the Websites are nothing more than thinly veiled attempts to spread misinformation about and vilify Allstate in direct contravention to this Court's rulings in this Case.

Allstate attempted to contact Cruz about this violation via phone and email on March 28, 2024. (Exhibit A, ¶ 5).  To date, Cruz has not responded.  This Motion follows.

## **LAW AND ARGUMENT**

### I.     Legal Standards

Courts routinely enter blanket protective orders that protect the disclosure of confidential information. *Gillard v. Boulder Valley Sch. Distr. Re.-2*, 196 F.R.D. 382, 386 (D. Colo. 2000). Protective orders "allow the parties to make full disclosure without fear of public access to sensitive information and without the expense and delay of protracted disputes over every item of sensitive information…" *United Nuclear Corp. v. Cranford Ins. Co.*, 605 F.2d 1424, 1427 (10th Cir.). Accordingly, such orders serve "the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention." *Gillard*, 196 F.R.D. at 386.

"A district court has broad discretion in using its contempt power to require adherence to court orders." *United States v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982); accord *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204 (10th Cir. 1992). Civil contempt sanctions are remedial in nature and are imposed "to compel future compliance with a court order*." Ad-X Int'l v. Kolbjornsen*, 2008 WL 5101304, at *4 (D. Colo. Nov. 26, 2008). To establish civil contempt, the movant need only show, by clear and convincing evidence, three basic elements: (1) a valid court order existed; (2) the contemnor had knowledge of the order; and (3) the contemnor disobeyed the order. *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008). Once this showing is made, the burden then shifts to the contemnor to show that either he complied with the order or that he "could not comply" with the order. *Id.*

### II.     Re-Opening of this Case is Warranted.

In light of Cruz's contemptuous behavior, Allstate has been left with no choice but to pursue the instant Motion to reopen this Case and seek to enjoin Cruz's misconduct. While this Case was terminated based on the stipulation of dismissal between the parties, such a stipulation operates as a final adjudication on the merits. *See Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) (holding that a voluntary dismissal with prejudice operates as a final adjudication on the merits and is thus a final judgment.). "An unconditional dismissal by stipulation of the parties terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)." *Jones v. Brookdale Emp. Servs., LLC*, 2023 WL 3648664, at *2 (D. Colo. May 25, 2023) (internal citations omitted).

Fed. R. Civ. P. 60(b) provides that a court may relieve a party from a final judgment for, *inter alia*, fraud, misrepresentation, or misconduct by an opposing party, or any other reason that justifies relief. In evaluating requests for relief from judgment pursuant to Rule 60(b), the Tenth Circuit has held that this relief is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Such exceptional circumstances must be so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).

While the factual circumstances underpinning such requests for relief are varied, the Tenth Circuit has found such extraordinary circumstances to exist when, after entry of judgment, "events not contemplated by the moving party render enforcement of the judgment inequitable." *See Cashner*, 98 F.3d at 579. Such extraordinary circumstances exist here, where Allstate could not possibly have contemplated the events at issue – the publication of the harassing and defamatory

12

allegations by Cruz and Cruz publicly disclosing information that Allstate designated "confidential" under the Protective Order– such that enforcing the judgment in the Case would be inequitable.

Indeed, at the time the parties entered into the stipulation (and thus the judgment), Allstate was entirely unaware of Cruz's defiance of this Court's prior orders and his clear intent to wage an unfounded (and untrue) battle with Allstate in the court of public opinion.  Cruz's actions fall squarely under Rule 60(b)(3) dealing with misrepresentation and/or misconduct by an opposing party.  When Cruz realized he was at the end of the legal road in pursuing his baseless counterclaims against Allstate, he turned his efforts toward publicly vilifying Allstate without any regard for this Court's rulings or orders.  Such misconduct, particularly while the Case was still pending and without any disclosure to the Court or Allstate, warrants the extraordinary relief sought here by Allstate.  Put another way, Cruz's conduct clearly "offends justice" and, in light of Cruz's egregious behavior, Allstate requests this Court reopen this Case and grant such other and further relief as requested herein.[3]

### III.   Court Enforcement of the Protective Order is Warranted.

This Court entered a valid and enforceable Protective Order. (Dkt. 55).  Cruz knew about the Protective Order by virtue of his participation in this litigation and his receipt of confidential information.  Further, Cruz filed three stipulated Motions for Protective Order prior to this Court

---

[3] In addition, Allstate will be filing claims against Cruz for, among other things, defamation, commercial disparagement, violation of the Lanham Act, unfair competition and unfair trade practices (collectively, Allstate's "Defamation claims.")   Allstate's Defamation Claims are new claims that were not part of Allstate's original claims in this matter and were not covered by the dismissal order.  If permitted by the Court, Allstate will file the Defamation claims through an Amended Complaint under this Court Number or will file a new action against Cruz.

entering the operative Protective Order. (*See* Dkts. 43, 48, 51). Cruz therefore clearly understands the importance of the Protective Order. (Dkt. 55).

Cruz's publication of seven confidential deposition transcripts on the Websites is a clear violation of the Protective Order. Each transcript is clearly marked Confidential. During the course of litigation, Allstate reviewed each deposition transcript and made a good faith determination that each contained confidential information such that each transcript was entitled to protection under the Protective Order. (Dkt. 55, ¶ 3). Accordingly, Allstate designated each deposition transcript Confidential pursuant to the parties' Protective Order. (Dkt. 55). Importantly, Cruz never challenged Allstate's designation.

Because the transcripts are so designated, Cruz cannot share them with the public unless he receives Allstate's consent. (Dkt. 55, ¶ 6). Cruz did not ask for Allstate's consent or otherwise inform Allstate about his decision to publicly post confidential information. Consequently, Cruz's public disclosure of the transcripts violates the Protective Order.

Cruz's intentional publication of confidential information is his latest step in a broad scheme to harass Allstate. Allstate is harmed by the disclosure of its confidential information and the otherwise false and defamatory statements included on Cruz's website, Facebook account, LinkedIn account and Instagram account. Because monetary damages cannot remedy this type of harm, it is critical that the Court enforce the Protective Order and order Cruz to remove confidential information from each platform.

Without such relief, Allstate will continue to suffer reputational harm unless and until Cruz is enjoined from further violations of this Court's Orders. To that end, Allstate seeks an order enjoining Cruz from the continued publication of confidential information and baseless assertions

against Allstate that were found to be meritless by this Court. *See Sciara v. Campbell,* 2021 WL 8321864, at *4 (D. Nev. Mar. 12, 2021) ("[A]n injunction enforcing the Protective Order's terms regarding unauthorized disclosure of confidential material is sufficient at this time to partially remedy the harm"); *Eli Lilly & Co. v. Gottstein*, 671 F.3d 186, 196 (2d Cir. 2010) (characterizing an injunction as a "perfectly appropriate device to foreclose further dissemination of confidential documents produced under the protective order").

Cruz's disclosure of confidential information also harmed Allstate by causing Allstate to incur attorney's fees in bringing this Motion and enforcing its rights under the Protective Order. Accordingly, Allstate requests that this Court order Cruz to pay Allstate's attorneys fees to compensate Allstate for this harm and deter Cruz from future violations. *Allied Materials Corp. v. Superior Prod. Co.*, 620 F.2d 224, 227 (10th Cir. 1980) ("In ordering the award of attorneys' fees… in this civil contempt case, the court is merely seeking to insure that its original order is followed") (citing *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977)); *Mgmt. Registry Inc. v. A.W. Companies, Inc.*, 2019 WL 5388488, at *8 (D. Minn. Oct. 22, 2019) (awarding attorney's fees where party exhibited a pattern of intentional violations).

### IV.   Court Enforcement of the Summary Judgment and March 5th Order is Warranted.

Although Cruz made numerous attempts to convince this Court to accept his false and inflammatory narrative about Allstate, the Court was unpersuaded. In the Summary Judgment Order, the Court adopted Judge Hagerty's recommendations with respect to Cruz's counterclaims, including the baseless assertion related to Allstate's purported "illegal activities." Therein, this Court found Cruz's allegations against Allstate to be "meritless" and that Cruz "provided no evidence" in support of same. (Dkt. 236, p. 19).

As Cruz set forth not a scintilla of evidence from which the Court could find any genuine issues of material fact as to his counterclaims, these claims – including Cruz's allegations that Allstate shares personal customer information – were dismissed entirely in the Summary Judgment Order. Consequently, Cruz is aware of the falsity of his statements and must be enjoined from continuing to spread the harmful lies about Allstate that he was wholly unable to substantiate in this Case.

Just as important, Cruz *agreed* to dismiss his claims against Allstate, including the unfounded allegation that Allstate shares personal confidential customer information, when he dismissed his claims with prejudice on March 5th. Accordingly, Cruz is in violation of this Court's March 5th Order by continuing to spread the very same lies and false statements about Allstate that were found to be meritless by this Court. Such an egregious disregard for this Court's March 5th Order cannot stand and Cruz must be enjoined from his continued publication of false claims against Allstate.

## CONCLUSION

WHEREFORE, Plaintiff Allstate Insurance Company respectfully requests that this Court issue an order requiring Defendant John Cruz to show why he should not be held in contempt of court for violating this Court's Protective Order, enjoining Cruz from publishing false and confidential information, and requiring Cruz to pay Allstate's costs incurred in bringing this Motion, and for any other relief that the Court deems just and equitable.

**Dated:** March 29, 2024

/s/ J. Scott Humphrey
J. Scott Humphrey
Katie M. Burnett
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

16

71 South Wacker Drive
Suite 1600
Chicago, IL 60606-4637
Telephone:  312-212-4940
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Counsel for Allstate Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that on March 29, 2024, he caused a true and correct copy of the foregoing Plaintiff Allstate Insurance Company's Motion to Reopen and For Order to Show Cause and Enjoin to be served via email upon the following:

John Cruz<br>
408 Widgeon Drive<br>
Longmont, CO 80503

/s/ J. Scott Humphrey
J. Scott Humphrey