IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03139-NYW-MEH

ALLSTATE INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

v.

JOHN CRUZ,

    Defendant/Counter-Plaintiff.

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

    This matter is before the Court on Allstate's Motion to Reopen and for Order to Show Cause and Enjoin (the "Motion"), [Doc. 274, filed March 29, 2024], filed by Plaintiff Allstate Insurance Company ("Plaintiff" or "Allstate"). Defendant John Cruz ("Defendant" or "Mr. Cruz") opposes the Motion.[1] Although the time for reply has not yet passed, the Court adjudicates the Motion now for purposes of efficiently administrating both this case ("*Cruz I*") and Allstate's other active case against Mr. Cruz ("*Cruz II*"), which is captioned *Allstate Insurance Company v. John Cruz et al.*, No. 24-cv-00933-NYW-MEH (D. Colo.).[2] *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."); *see also* Fed. R. Civ. P. 1.

    ***Background.*** Mr. Cruz worked as an Allstate exclusive agent in Colorado between 2011 and 2020. *See* [Doc. 236 at 2]. Alleging that Mr. Cruz breached his exclusive agency agreement and appropriated Allstate customers' information to sustain

---

[1] The Court **CONSTRUES** "Defendants Motion Denie Plaintiffs Motion for Order to Show Cause to and Enjoin," [Doc. 281], filed several days after the response deadline, as Mr. Cruz's response to the Motion. Accordingly, "Defendants Motion to Extenion to Respond Plaintiffs Motion for Order to Show Cause and Enjoin," [Doc. 276], which seeks an extension of time to respond to the Motion, is **GRANTED nunc pro tunc** and the response brief is accepted as timely filed.

[2] The Court may take judicial notice of its own files and records, facts which are a matter of public record, and filings in related cases. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("[A court may] take judicial notice of its own files and records, as well as facts which are a matter of public record."); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

a competing insurance agency, Allstate filed this civil action against Mr. Cruz in late 2020. [Doc. 1]. Allstate brought claims for breach of contract, violation of the federal Defend Trade Secrets Act, and violation of the Colorado Uniform Trade Secrets Act. [*Id.* at 15–21]. Mr. Cruz filed counterclaims for breach of contract based on nonpayment of commissions, unjust enrichment based on nonpayment of commissions, breach of contract based on nonpayment for agency termination, breach of the implied covenant of good faith and fair dealing, defamation, and discrimination. [Doc. 40 at 15–22].[3]

On September 20, 2023, this Court granted summary judgment in Allstate's favor on all of Mr. Cruz's counterclaims. [Doc. 236 at 8]. The Court also granted partial summary judgment on Allstate's breach claim as to liability for some of Mr. Cruz's conduct. *See* [*id.* at 8–9]. The Court reserved for trial the balance of Mr. Cruz's liability for Allstate's breach claim, damages on the breach claim, and the trade-secrets claims. *See* [*id.* at 9]. This Court then set the case for trial. [Doc. 238]. However, on March 5, 2024, appearing before the Honorable Michael E. Hegarty, the Parties agreed to the dismissal of this case. [Doc. 272]. This Court entered a Minute Order to the effect that "all claims and defenses that were or could have been brought in" *Cruz I* were dismissed with prejudice under Rule 41(a)(2). [Doc. 269]; *see also* Fed. R. Civ. P. 41(a)(2).

On March 29, 2024, Plaintiff filed the instant Motion. [Doc. 274]. In it, Plaintiff seeks to reopen this case to initiate contempt proceedings against Mr. Cruz in connection with his alleged violation of the Stipulated Protective Order ("Protective Order") entered by Judge Hegarty, [Doc. 55], and the dismissal order; Allstate also seeks to enjoin Mr. Cruz "from making further baseless and disparaging statements about Allstate and publicly disseminating Allstate's confidential information." [Doc. 274 at 1]. Factually, Allstate's filing is premised on Mr. Cruz posting confidential deposition transcripts from *Cruz I* on websites that link Allstate to criminal activity in the context of selling customer personal information. *See* [*id.* at 8–10].

On April 5, 2024, Allstate filed *Cruz II*. *Cf.* [*id.* at 13 n.3 (flagging that Allstate would be filing additional claims against Mr. Cruz)]. In *Cruz II*, Allstate alleges that Mr. Cruz has launched a "smear campaign" across websites, social media platforms, and television advertising, in which Mr. Cruz allegedly falsely claims that Allstate sells customer information to further criminal activity. Allstate brings one claim for defamation and one claim under the Colorado Consumer Protection Act. Allstate seeks damages and injunctive relief, including a temporary restraining order. This Court held a hearing on the

---

[3] Although Mr. Cruz was previously represented by counsel, he now proceeds pro se. The Court therefore affords his filings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That said, it is not this Court's function "to assume the role of advocate for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Defendant's pro se status does not exempt him from complying with the procedural and substantive rules that govern all claims. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

request for a temporary restraining order on April 23, 2024, at which it took the issue under advisement.

*Discussion.* The Motion requests that the Court reopen *Cruz I* for four purposes: (1) to issue an order to show cause why Mr. Cruz should not be held in contempt for violating the Protective Order; (2) to issue an order to show cause why Mr. Cruz should not be held in contempt for violating "the Court's dismissal order"; (3) to enjoin Mr. Cruz "from making further baseless and disparaging statements about Allstate" sharing customer information; and (4) to enjoin Mr. Cruz from "publicly disseminating Allstate's confidential information." [*Id.* at 1].

Allstate's Motion largely focuses on the asserted Protective Order violations. To that end, Allstate contends that "Cruz's publication of seven confidential deposition transcripts [online] is a clear violation of the Protective Order." [*Id.* at 14]; *see also* [*id.* ("Because the transcripts are so designated, Cruz cannot share them with the public unless he receives Allstate's consent.")]. In his opposition, Mr. Cruz alludes to the fact that many of the documents at issue are publicly available on CM/ECF in the *Cruz I* docket. *See* [Doc. 281 at 1]. In this regard, however, the Court notes that the Protective Order states: "In the event Confidential Information is used in any court filing or proceeding in this action, it shall not lose its Confidential status as between the parties through such use." [Doc. 55 at ¶ 10].

The Supreme Court has held that "a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). It appears that Plaintiff's Motion identifies an issue pertaining to the enforcement of the Protective Order issued by Judge Hegarty in this case. Accordingly, the Court need not reopen the case, as Plaintiff requests, to consider this issue. *See id.* at 396 ("A court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated.").

The Court will permit further proceedings in this action to the extent that Allstate seeks to hold Mr. Cruz in contempt for violation of the Protective Order. *See, e.g.*, *Brave L. Firm, LLC v. Truck Accident Lawyers Grp., Inc.*, No. 6:17-cv-01156-EFM, 2024 WL 307622, at *2–3 (D. Kan. Jan. 26, 2024) (adjudicating contempt issue based on violation of protective orders), *appeal docketed*, No. 24-3028 (10th Cir. Feb. 22, 2024); *Hampton v. Crescent Cleaners, Inc.*, No. 2:08-cv-02696-SHM-CGC, 2013 WL 12186164, at *3 (W.D. Tenn. Feb. 20, 2013) (reopening case to permit limited discovery regarding potential violation of protective order). Mr. Cruz is **ORDERED TO SHOW CAUSE**, on or before **May 15, 2024**, why he should not be held in contempt for violation of the Protective Order. The Motion is therefore **GRANTED in part**. For the following reasons, however, the Court grants the Motion only as to that issue.

First, Allstate's request that the Court hold Mr. Cruz in contempt for violating the *Cruz I* dismissal order attempts to apply this Court's prior rulings about certain causes of action alleged in this litigation to separate statements—admittedly with factual overlap— made by Mr. Cruz outside the context of this litigation. Respectfully, Allstate's concerns with Mr. Cruz's statements appear to present a separate controversy that is legally

unconnected to the status of the Parties' claims in this action, and Allstate provides no authority supporting the Court's evaluation of those issues in this action. The Court thus finds that the contemplated contempt proceeding falls outside this action's scope, is unwarranted by the March 2024 prejudicial dismissal, and is effectively superseded by *Cruz II*, in which Plaintiff seeks to enjoin Mr. Cruz's disparaging statements.[4] The same is true of Allstate's attempt to enjoin Mr. Cruz from making further disparaging statements. These issues are simply best adjudicated in *Cruz II*. Finally, to the extent that Allstate seeks to enjoin Mr. Cruz from "publicly disseminating Allstate's confidential information," [Doc. 274 at 1], Allstate's confidential information has either been produced to Mr. Cruz under the aegis of the Protective Order in this litigation, meaning its protection is bound up in the limited contempt proceeding already authorized, or it is possessed by Mr. Cruz in a way that does not implicate this Court's authority. Either way, the Court need not reopen the case for these additional purposes. If Mr. Cruz is held in contempt, then Allstate may seek the entry of appropriate and targeted relief at that time. Accordingly, the Motion is **DENIED in part** to the extent it seeks to reopen the case for any of these additional purposes.[5]

In summary, this Court will adjudicate the contempt proceeding arising out of Mr. Cruz's asserted violation of the Protective Order. Mr. Cruz is thus ordered to show cause why he should not be held in contempt. However, for purposes of efficiency, the disparagement of Allstate discussed in the Motion shall be addressed in the context of the claims Allstate has brought in *Cruz II*.

Accordingly, **IT IS ORDERED** that:

(1) Allstate's Motion to Reopen and for Order to Show Cause and Enjoin [Doc. 274] is **GRANTED in part** and **DENIED in part**;

(2) The Court will permit further proceedings in this action that are limited to determining whether Defendant John Cruz should be held in contempt for violating the Stipulated Protective Order [Doc. 55] through disclosing Allstate Insurance Company's designated confidential information;

(3) On or before **May 15, 2024**, Defendant John Cruz **SHALL SHOW CAUSE** in writing, if any there be, why he should not be held in contempt for violation of the Stipulated Protective Order [Doc. 55] in connection with disclosing Allstate Insurance Company's designated confidential information;

(4) The Court **WITHDRAWS** its directive [Doc. 279] that the Parties contact Judge Hegarty to set a Status Conference to discuss further proceedings;

---

[4] The Court notes that Allstate recognized the overlap between the Motion in *Cruz I* and the relief sought in *Cruz II* at the April 23, 2024, hearing in *Cruz II*.

[5] To the extent the Motion makes a request for attorney's fees, *see* [Doc. 274 at 15], such request does not comply with this District's Local Rules, *see, e.g.*, D.C.COLO.LCivR 54.3.

4

   (5) Defendants Motion to Extenion to Respond Plaintiffs Motion for Order to Show Cause and Enjoin [Doc. 276] is **GRANTED nunc pro tunc**; and

   (6) The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

John Cruz
4888 Preserve Place
Firestone, CO 80504

DATED:  April 24, 2024